IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

| | |
|---|---|
| A.H., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION FILE |
| ) | NO. 4:24-CV-00224-WMR |
| CARSON LOOP ESM, LLC d/b/a ) | |
| BUDGETEL, and SRINIVAS ) | |
| BOLLEPALLI, ) | |
| ) | |
| Defendants. ) | |

### PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AND BRIEF IN SUPPORT THEREOF AND REQUEST FOR TRIAL DATE TO DETERMINE PLAINTIFF'S DAMAGES

COMES NOW Plaintiff, and pursuant to Federal Rule of Civil Procedure 55(b)(2), respectfully requests that this Court enter default judgment against Defendants Carson Loop ESM, LLC d/b/a Budgetel and Srinivas Bollepalli and requests that this Court set this case for a jury trial for the purposes of determining Plaintiff's damages, showing this Court as follows:

### FACTUAL BACKGROUND

Plaintiff filed this personal injury, and sex and labor trafficking case on September 19, 2024. Doc. 1. Neither Defendant answered or otherwise made an appearance, so on December 5, 2024 – fifty-eight days after the defendants were

served – Plaintiff filed a Request for Entry of Default. Doc. 7. The Clerk entered default against both Defendants on December 6, 2024. *See*, Docket.

In Plaintiff's Complaint, Plaintiff appropriately pled, and it is not in dispute, that from June of 2020 through June 29, 2021, Plaintiff was the victim of sex and labor trafficking at Defendants' hotel, where she was victimized by Defendants' onsite manager Shreesh Tiwari, who was convicted and sentenced in 2023 for her labor and sex trafficking. Id., ¶¶ 2, 17, 26. Plaintiff further alleged that she suffered substantial physical, emotional, and psychological harm and other damages as a direct and proximate result of Defendants' acts and omissions. Doc. 1, ¶ 93.

Plaintiff brought her lawsuit against two Defendants—Carson Loop ESM, LLC d/b/a Budgetel, and Srinivas Bollepalli—because they owned, operated, maintained, controlled, and managed the subject Budgetel on a day-to-day basis. Id., ¶ 40. These are the same defendants who negligently hired, trained, retained, and supervised Shreesh Tiwari during the time that he trafficked Plaintiff at the subject Budgetel. Id., ¶ 45.

### A. Plaintiff's Trafficking at the Budgetel.

In her Complaint, Plaintiff appropriately and properly pled that she lived and worked at the Budgetel as a housekeeper from June of 2020 through June 29, 2021,

where she was an invitee. Id., ¶ 17. Defendants' manager Tiwari knew or should have known that prior to living at the Budgetel, Plaintiff struggled with homelessness and drug addiction, and was living and working at the Budgetel in an effort to turn her life around and regain custody of her minor child. Id., ¶ 19. Defendants' manager represented to Plaintiff while she was living and working at the Budgetel that he would help her regain custody of her minor child. Id.

Defendants paid Plaintiff $150 per week to work at the Budgetel and charged her $150 per week rent for her room. Id., ¶ 17. Later, her salary was increased to $200 per week and her rent was simultaneously increased to $200 per week. Id. Because Defendants paid Plaintiff as much money as they charged her to live at the Budgetel, they kept Plaintiff in a state of servitude. Id., ¶ 32.

Rather than assisting her in regaining custody of her minor child as he represented, while Plaintiff lived and worked at the Budgetel, Defendants' manager Tiwari worked Plaintiff seven days a week, sometimes for as many as 11 hours per day, made sexual advances towards her, forced her to engage in sex acts with him, forbid her from talking to other employees, isolated her from her friends and family, threatened to evict Plaintiff, threatened to remove her dog from her custody, and threatened to call the police and the department of child and family services in order to separate Plaintiff from her children. Id., ¶ 33. He isolated

Plaintiff from her friends and family, repeatedly telling Plaintiff that no one cared about her and that he was all she had left. Id., ¶ 34. Plaintiff worked at the Budgetel as a housekeeper as a result of the force, serious harm, and threats of force, serious harm, and abuse of the law by Defendants' manager Shreesh Tiwari. Id., ¶ 32.

Once he successfully isolated Plaintiff from others, Defendants' manager Tiwari routinely forced Plaintiff to perform oral sex and other sexual acts on him, and threatened to fire and evict her, threatened to call animal control to remove her dog from her custody, and threatened to call the police and the department of child and family services and report her struggles with drug use if Plaintiff did not comply with his demands for sex. Id., ¶ 21, 33. Defendants' manager Tiwari also routinely stole items from Plaintiff's room, including her car title and other belongings, as a means to threaten and coerce Plaintiff into remaining at the hotel and continuing to perform sex acts on him on demand. Id., ¶ 22.

Plaintiff's trafficker, who was also Defendants' manager, operated openly and brazenly at the Budgetel. Id., ¶ 23. Defendants' manager forced at least 8 other women to perform sexual acts on him and upon others at the Budgetel. Id. This included violent oral sex that caused vomiting, and choking and paddling his victims during sex. Id. Tiwari threatened his victims with eviction and

4

homelessness if they did not succumb to his demands. Id. Tiwari maintained a room near the office of the hotel with implements for hitting and beating women while he had sex with them. Id., ¶ 2.

Plaintiff interacted with other hotel staff and Defendant Bollepalli at the Budgetel, who knew or should have known Plaintiff was a victim of sex and labor trafficking occurring at the Budgetel at the hands of Defendants' onsite manager Shreesh Tiwari, yet they did nothing. Id., ¶ 24. Other hotel staff were also involved in the trafficking, including a maintenance man who supplied Tiwari's victims with drugs. Id., ¶ 25. The acts of Shreesh Tiwari and the other employees of Defendants were done in the course and scope of their employment and Defendants' business. Id., ¶ 60.

On or about June 29, 2021, Homeland Security arrested Shreesh Tiwari for sex and labor trafficking at the Budgetel. Id., ¶ 26. On June 1, 2023, Tiwari pled guilty to the trafficking at the Budgetel as alleged in Plaintiff's Complaint. Id.

### B. Defendants' Knowledge that Trafficking and Other Crimes were Rampant at the Budgetel.

In her Complaint, Plaintiff appropriately pled that prior to her trafficking at the Budgetel, in 2018 alone, there were more than 190 police incidents at the Budgetel. Id., ¶ 3. By October of 2019, there had already been 177 police incidents at the Budgetel in that calendar year. Id., ¶ 3. Then, in October of 2019,

the Budgetel was shut down by government officials due to rampant crime, prostitution, sex trafficking, and health concerns. Id., ¶ 41. Residents with outstanding warrants at the time of the government shut down included one wanted for child pornography. Id., ¶ 3.

The Budgetel also has a reputation for crime and prostitution among the Bartow County government. Id., ¶ 4. In 2019, when the hotel was shut down, Bartow County Commissioner Steve Taylor stated, "We've had dozens of arrests from drugs and prostitution out there, and the living conditions for those children are horrible. That's the reason for this action to take place now." Id., ¶ 4. Taylor went on to say that no matter where the displaced children ended up, it would be an improvement over the Budgetel. Id., ¶ 4. The Budgetel also has a reputation with the Bartow-Cartersville police forces as "one of the most crime-ridden areas in the county." Id., ¶ 3.

Despite their actual and constructive knowledge of these issues at the Budgetel, and their actual and constructive knowledge of the government's closure of the hotel and the reasons for it, Defendants did nothing to address the crime, prostitution, and trafficking that was rampant at the Budgetel. Id., ¶ 41. Incredibly, *after* the hotel was shut down and its rampant crime problem was publicly debated in the media, the hotel installed a sadistic manager to live on the

property who terrorized, threatened, and abused residents, including through the trafficking of Plaintiff. Id., ¶ 5.

Plaintiff appropriately and properly pled that, despite Defendants' knowledge of these issues, they failed to implement any measures to protect their invitees, including Plaintiff, from becoming victims of sex and labor trafficking and sexual assault at the Budgetel, and continued their venture to profit from the operation of the Budgetel and the sex and labor trafficking and sexual assault incorporated into the Budgetel's daily operations. Id., ¶ 46. Further, Plaintiff appropriately pled that Defendants knew or should have known that the amounts paid to housekeepers at the hotel was coercive, and that these coerced, forced, and abused employees made the hotel much more profitable than it would have been had the hotel not relied upon labor trafficking to operate. Id., ¶ 38. The labor trafficking at Defendant's hotel profited all Defendants through increased revenue. Id. As properly alleged in Plaintiff's Complaint, Plaintiff A.H. suffered substantial physical, emotional, and psychological harm and other damages as a direct and proximate result of Defendants' acts and omissions. Id., ¶¶ 30, 39, 93.

Because Plaintiff has alleged specific, clear, and detailed facts stating and supporting her causes of action against Defendants, because default has been entered against Defendants, and for the reasons stated below, Plaintiff respectfully

requests that, pursuant to Federal Rule of Civil Procedure 55(b)(2), this Court enter default judgment against Defendants and pursuant to Plaintiff's demand for jury trial in her Complaint, schedule this case for a jury trial for the purposes of determining Plaintiff's damages.  Doc. 1.

## ARGUMENT AND CITATION TO AUTHORITY

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Thereafter, in cases not involving a sum certain or a sum that can be made certain by computation, "the party must apply to the court for a default judgment." Fed. R. Civ. P. 55(b)(2).

Following default, the factual allegations of the plaintiff's complaint are deemed to be admitted. *U.S. v. Ruetz*, 334 Fed. Appx. 294, 295 (11th Cir. 2009) (citing *Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)).  After default is entered, all well-plead factual allegations in the complaint other than those pertaining to damages must be accepted as true.  *In re Int'l Telemedia Assocs., Inc.*, 245 B.R. 713, 723 (Bankr. N.D. Ga. 2000)(citing *Nishimatsu Const. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975); *Buchanan v. Bowman*, 820 F.2d 359, 361 (11th Cir. 1987); and 10A Charles Alan

Wright, Arthur R. Miller, & Mary Kay Kane, Federal Practice and Procedure § 2688 (3d ed. 1998)). *See also* Fed. R. Civ. P. 8(b)(6) ("An allegation—other than one relating to the amount of damages—is admitted if a responsive pleading is required and the allegation is not denied").

"When considering a motion for default judgment, a court must investigate the legal sufficiency of the allegations and ensure that the complaint states a plausible claim for relief." *Hill for Credit Nation Cap., LLC v. Duscio*, 292 F. Supp. 3d 1370, 1375 (N.D. Ga. 2018). "If 'the plaintiff has alleged sufficient facts to state a plausible claim for relief,' a motion for default judgment is warranted." *Id.* at 1375–76 (citing *Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1246 (11th Cir. 2015)).

Here, Plaintiff's Complaint states detailed, fact-specific, and substantive causes of action against the Defendants for negligence, including but not limited to for their failure to use ordinary care to keep the premises safe pursuant to O.C.G.A. § 51-3-1, for creating and maintaining a nuisance pursuant to O.C.G.A. § 41-1-1, for their false imprisonment of Plaintiff pursuant to O.C.G.A. § 51-7-20, and for negligent and intentional infliction of emotional distress as to Plaintiff, Plaintiff's status as an invitee and the nonexistent supervision that allowed a sex trafficker free reign over vulnerable guests at the hotel, more than satisfies the elements of

9

each of those claims. Likewise, Plaintiff has properly pled a detailed and factual cause of action for Plaintiff's sex trafficking pursuant to 18 U.S.C. § 1595, and for Plaintiff's labor trafficking pursuant to 18 U.S.C. § 1595.[1] Finally, Plaintiff's claim for attorneys' fees and punitive damages are also appropriate, as is the default judgment as to both Defendants.

As Plaintiff's damages are unliquidated, Plaintiff hereby reiterates her demand for jury trial as set forth in her Complaint, with the only issue remaining for the jury's consideration being the extent of Plaintiff's damages. *See*, Fed. R. Civ. P. 38 ("The right of trial by jury as declared by the Seventh Amendment to the Constitution—or as provided by a federal statute—is preserved to the parties inviolate."). Because Plaintiff properly demanded a jury trial in her Complaint,

---

[1] Plaintiff's attorneys reviewed 134 civil sex trafficking opinions under § 1595—believed to be *all* of the relevant opinions in the country—and found no case holding that employee involvement in a plaintiff's trafficking did not satisfy the elements of a § 1595(a) claim. *See, e.g., A.G. v. Northbrook Indus., Inc.*, No. 1:20-CV-05231-JPB, 2022 WL 1644921 (N.D. Ga. May 24, 2022); *G.W. v. Northbrook Indus., Inc.*, No. 1:20-CV-05232-JPB, 2024 WL 3166083 (N.D. Ga. June 14, 2024); *Doe #1 v. Red Roof Inns, Inc.*, 21 F.4th 714 (11th Cir. 2021); *I.R. v. I Shri Khodiyar, LLC*, No. 1:22-CV-00844-SEG, 2024 WL 1928755 (N.D. Ga. Mar. 18, 2024); *Does 1-4 v. Red Roof Inns, Inc.*, 688 F. Supp. 3d 1247 (N.D. Ga. 2023); *Doe (R.A.) v. Best W. Int'l*, No. 2:23-CV-3459, 2024 WL 3850958 (S.D. Ohio Aug. 16, 2024); *Doe (S.A.S.) v. ESA P Portfolio LLC*, No. 3:23-CV-06038-TMC, 2024 WL 3276417 (W.D. Wash. July 2, 2024); *A.M. v. Wyndham Hotels & Resorts, Inc.*, No. 2:22-CV-3797, 2024 WL 1347301 (S.D. Ohio Mar. 29, 2024); *S. Y. v. Best W. Int'l, Inc.*, No. 2:20-CV-616-JES-MRM, 2021 WL 2315073 (M.D. Fla. June 7, 2021).

and that demand has not been withdrawn by consent of all parties, Plaintiff is entitled to a jury trial on all remaining issues, pursuant to the Seventh Amendment to the U.S. Constitution.  *See also*, *Brown v. Ramada Birmingham Airport*, No. 2:17-CV-01671-RDP, 2018 WL 1609632, at *3 (N.D. Ala. Apr. 3, 2018).

## **CONCLUSION**

Based on the foregoing, Plaintiff respectfully requests that this Court enter default judgment against the Defendants and set this case for jury trial for the purposes of determining Plaintiff's damages.  A proposed Order is attached hereto.

This 9th day of December, 2024.

                                              Respectfully submitted,

                                              **LAW & MORAN**

                                              /s/ Denise D. Hoying
                                              Peter A. Law
                                              Georgia Bar No. 439655
                                              pete@lawmoran.com
                                              E. Michael Moran
                                              Georgia Bar No. 521602
                                              mike@lawmoran.com
                                              Denise D. Hoying
                                              Georgia Bar No. 236494
                                              denise@lawmoran.com
                                              Attorneys for Plaintiff

**LAW & MORAN**
563 Spring Street, NW
Atlanta, Georgia 30308
Phone: (404) 814-3700
Facsimile: (404) 842-7710

**ANDERSEN, TATE & CARR, P.C.**

/s/ Patrick J. McDonough
Patrick J. McDonough
Georgia Bar No. 489855
pmcdonough@atclawfirm.com
Jonathan S. Tonge
Georgia Bar No. 303999
jtonge@atclawfirm.com
Attorneys for Plaintiff

**ANDERSEN, TATE & CARR, P.C.**
One Sugarloaf Centre
1960 Satellite Boulevard, Suite 4000
Duluth, Georgia 30097
Phone: (770) 822-0900
Facsimile: (770) 822-9680

## **CERTIFICATE OF COMPLIANCE**

This is to certify that the foregoing ***Plaintiff's Motion for Default Judgment and Brief in Support Thereof and Request for Trial Date*** has been prepared with one of the following font and point selections approved by the Court in LR 5.1., NDGA.  Specifically, the above-mentioned pleading was prepared using Times New Roman font of 14 point size.

        Respectfully submitted,

        **LAW & MORAN**

        /s/ Denise D. Hoying
        Peter A. Law
        Georgia Bar No. 439655
        pete@lawmoran.com
        E. Michael Moran
        Georgia Bar No. 521602
        mike@lawmoran.com
        Denise D. Hoying
        Georgia Bar No. 236494
        denise@lawmoran.com
        Attorneys for Plaintiff

**LAW & MORAN**
563 Spring Street, NW
Atlanta, Georgia 30308
Phone: (404) 814-3700
Facsimile: (404) 842-7710

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

| | |
|---|---|
| A.H., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION FILE |
| ) | NO. 4:24-CV-00224-WMR |
| CARSON LOOP ESM, LLC d/b/a ) | |
| BUDGETEL, and SRINIVAS ) | |
| BOLLEPALLI, ) | |
| ) | |
| Defendants. ) | |

## **ORDER**

IT IS HEREBY ORDERED AND ADJUDGED that Plaintiff's Motion for Default Judgment is GRANTED.

IT IS FURTHER ORDERED that this case will be called for jury trial on Plaintiff's damages at the following date and time: _____.

SO ORDERED, this _____ day of _____, 2024.

_____
WILLIAM M. RAY, II
UNITED STATES DISTRICT JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

| | |
|---|---|
| A.H., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION FILE |
| ) | NO. 4:24-CV-00224-WMR |
| CARSON LOOP ESM, LLC d/b/a ) | |
| BUDGETEL, and SRINIVAS ) | |
| BOLLEPALLI, ) | |
| ) | |
| Defendants. ) | |

## CERTIFICATE OF SERVICE

This is to certify that I have this day served a true and correct copy of the foregoing ***Plaintiff's Motion for Default Judgment and Brief in Support Thereof, and Request for Trial Date*** by US Mail to the following registered agent of record:

Srinivas Bollepalli
1888 Wilkenson Crossing
Marietta, Georgia 30066

This 9th day of December, 2024.

**LAW & MORAN**

/s/ Denise D. Hoying
Denise D. Hoying
Georgia Bar No. 236494

**LAW & MORAN**
563 Spring Street, NW
Atlanta, Georgia 30308
(404) 814-3700