## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ROME DIVISION

| | |
|---|---|
| A.H., | |
| Plaintiff, | |
| v. | CIVIL ACTION FILE |
| CARSON LOOP ESM, LLC d/b/a BUDGETEL, and SRINIVAS BOLLEPALLI, | NO. 4:24-cv-00224-WMR |
| Defendants. | |

### DEFENDANTS' RESPONSE TO PLAINTIFF'S REQUEST FOR CLERK'S ENTRY OF DEFAULT

COME NOW, **CARSON LOOP ESM, LLC d/b/a BUDGETEL** and **SRINIVAS BOLLEPALLI** ("Defendants"), and hereby submit their Response to Plaintiff's Request for Clerk's Entry of Default. Defendants respectfully show that the reasons Plaintiff's Motion should be denied are the same as those given in Defendants' Motion to Set Aside Default filed contemporaneously herewith, to whit:

### INTRODUCTION AND BACKGROUND

The Complaint in this matter was filed on September 19, 2024—less than three months ago. (Doc. 1). Defendant Bollepalli—who is also the owner of the Co-Defendant Carson Loop/ Budgetel—was served with process on October 8, 2024. (Doc. 6). Within approximately a week, Bollepalli submitted the summons and

complaint to Carson Loop/ Budgetel's insurance agent for further proceeding. (Affidavit of Sri Bollepalli, ¶ 3). The agent assured Bollepalli that the claim would be processed and to await further communications. (Id., ¶ 4).

However, after several weeks, the agent informed Bollepalli that the documents had been sent in error to the wrong recipient, and would have to be sent again. (Id., ¶ 5). Despite Mr. Bollepalli's inquiries, he was not advised further. (Id., ¶ 6).

In the meantime, Plaintiff filed a motion for entry of default on December 5, 2024—over a month after the deadline for an Answer had come and gone. (Doc. 7). The Clerk entered default against both Defendants the following day. (See Docket).

Bollepalli learned of the default for the first time on December 5, 2024. (Bollepalli Aff., ¶ 7). Since then, he has cooperated with insurance and litigation counsel to promptly correct the default and submit an Answer. (Id.), ¶¶ 8-9).

Under oath, the Defendants mount a meritorious defense to Plaintiff's claims by way of lack of actual or constructive notice of the acts alleged in the Complaint to have taken place at the hands of a third party, Shreesh Tiwari. (Id., ¶¶ 10-11).

Defendants now respectfully request that Plaintiff's Motion be denied, that default be lifted and that this matter proceed on its merits.

## ARGUMENT AND CITATION OF AUTHORITY

This Court has recently laid out the standard for opening default thus:

Federal Rule of Civil Procedure 55(c) provides that a court "may set aside an entry of default for good cause." The good cause standard is " 'mutable' " and " 'var[ies] from situation to situation.' " <u>Compania Interamericana Export-Import, S.A. v. Compania Dominicana de Aviacion</u>, 88 F.3d 948, 951 (11th Cir. 1996) (quoting <u>Coon v. Grenier</u>, 867 F.2d 73, 76 (1st Cir. 1989)). Although the standard is " 'a liberal one,' " it is " 'not so elastic as to be devoid of substance.' " <u>Id.</u> (quoting <u>Coon</u>, 867 F.2d at 76). To determine whether good cause exists, courts consider "whether the default was culpable or willful, whether setting it aside would prejudice the adversary, and whether the defaulting party presents a meritorious defense." <u>Id.</u> Courts may look to other factors, too, such as "whether the public interest was implicated, whether there was significant financial loss to the defaulting party, and whether the defaulting party acted promptly to correct the default." <u>Id.</u> "Whatever factors are employed, the imperative is that they be regarded simply as a means of identifying circumstances which warrant the finding of 'good cause' to set aside a default." <u>Id.</u> (quoting <u>Dierschke v. O'Cheskey</u>, 975 F.2d 181, 184 (5th Cir. 1992)). In sum, "a district court may set aside an entry of default only if the defaulting party can provide a good reason for the district court to do so." <u>Afr. Methodist Episcopal Church, Inc. v. Ward</u>, 185 F.3d 1201, 1202 (11th Cir. 1999).

<u>McCullough v. Sixt Rent a Car, LLC</u>, No. 1:24-CV-01331-JPB, 2024 WL 4647932, at *1 (N.D. Ga. Oct. 30, 2024)

In this case, Defendants' default was clearly neither culpable nor willful. Mr. Bollepalli, himself a Defendant and the owner of Co-Defendant Carson Loop, received notice of the suit on October 8, 2024 and forwarded the summons and complaint to his insurer within a matter of days. (Bollepalli Aff. ¶¶ 2-3). In the time between that point and his learning of the default, Bollepalli—who has no legal training and no knowledge of applicable legal deadlines—relied upon his insurance agent, who first represented that the matter would be forwarded on for processing, only then several weeks later to inform Bollepalli that they had been forwarded to the wrong place and would have to be sent again. (<u>Id.</u>, ¶¶ 3-7). On learning of the default, Mr. Bollepalli immediately cooperated with his insurance and litigation counsel to file in short order a Motion to Set Aside and his proposed Answer. (<u>Id.</u>,

¶¶ 8-9). In short, Mr. Bollepalli did not intentionally ignore the Court's deadlines and has acted promptly to correct the default.

Additionally, there would be no prejudice to Plaintiff in opening default in this matter and proceeding on the merits. With service being effected on October 8, 2024, the Answer would originally have been due on October 29, 2024—that is, 21 days later. See Fed. R. Civ. P. 12(a)(1)(A)(i). This Motion is filed only some six (6) weeks later, in a matter where Plaintiff has served no discovery requests nor requested any depositions, and where no scheduling order has been entered. (See generally Docket). The only obligation Plaintiff will incur is that she will have to litigate her case rather than secure a default judgment. The prejudice inquiry is concerned prejudice resulting from injuries or delay, "not from having to continue to litigate the case." Sherrard v. Macy's Sys. & Tech, Inc., 724 F.App'x 736, 738 (11th Cir. 2018) (citation and quotation omitted). Therefore, Plaintiff would not be prejudiced by denial of her Motion for Default Judgment.

The Defendants also present a meritorious defense—namely that the evidence will show that Bollepalli had no actual or constructive knowledge of the alleged criminal acts of Shreesh Tiwari as described in the Complaint, since Bollepalli had no such personal knowledge and no reports of the alleged behavior were made to him prior to Tiwari's arrest. (See Bollepalli Aff. ¶¶ 10-11). The question of whether the Defendants had actual or constructive knowledge is a central element of this case and a necessary proof which Plaintiff must make in order to prevail (which knowledge, again, Bollepalli attests did not exist). See generally, e.g., J.C. v. Shri

4

Khodiyar, LLC, 624 F.Supp.3d 1307 (N.D. Ga. 2022). This case should proceed to establish those merits.

Finally, default poses a significant financial loss to the Defendants. Plaintiff requests a jury trial on her unliquidated damages, with the facts as pled in the Complaint to be established as true by default. (See Doc. 8, p. 12). In cases where accusations of trafficking are pled, recent data shows jury verdicts in the tens of millions of dollars and more.[1] Such a catastrophic award should not be made without determining the merits of this case and giving the Defendants the opportunity show they are not liable.

## CONCLUSION

For the foregoing reasons, Defendants pray that Plaintiff's Motion for Default Judgment be DENIED.

Respectfully submitted this 11th day of December, 2024.

**HALL BOOTH SMITH, P.C.**

/s/ Jacob Stalvey O'Neal
PHILLIP E. FRIDUSS
Georgia Bar No. 277220
JACOB STALVEY O'NEAL
Georgia Bar No. 877316

*Counsel for Defendants*

---

[1] chrome-extension://efaidnbmnnnibpcajpcglclefindmkaj/https://htlegalcenter.org/wp-content/uploads/Civil-Litigation-2021-Data-Update.pdf, p. 6.

191 Peachtree Street, N.E.
Suite 2900
Atlanta, GA 30303-1775
Tel:  404-954-5000
Fax:  404-954-5020
Email:  pfriduss@hallboothsmith.com
Email:  joneal@hallboothsmith.com

# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ROME DIVISION

A.H.,

     Plaintiff,

v.

CARSON LOOP ESM, LLC D/B/A
BUDGETEL, and SRINIVAS
BOLLEPALLI,

     Defendants.

CIVIL ACTION FILE
NO. 4:24-cv-00224-WMR

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served the following counsel of record in this case with a true and correct copy of the foregoing **Defendants' Response to Plaintiff's Request for Clerk's Entry of Default** upon all parties to this matter by depositing a true copy of same in the U.S. Mail, proper postage prepaid, addressed to counsel of record as follows and/or filing said document with the CM/ECF system which will automatically send electronic notification to the following:

Peter A. Law, Esq.
E. Michael Moran, Esq.
Denise D. Hoying, Esq.
Law & Moran
563 Spring Street, N.W.
Atlanta, GA 30308
*pete@lawmoran.com*
*mike@lawmoran.com*
*denise@lawmoran.com*

Patrick J. McDonough, Esq.
Jonathan S. Tonge, Esq.
Andersen, Tate & Carr, P.C.
One Sugarloaf Centre
1960 Satellite Boulevard
Suite 400
Duluth, GA 30097
*pmcdonough@atclawfirm.com*
*jtonge@atclawfirm.com*

Respectfully submitted this 11th day of December, 2024.

**HALL BOOTH SMITH, P.C.**

*/s/ Jacob Stalvey O'Neal*
PHILLIP E. FRIDUSS
Georgia Bar No. 277220
JACOB STALVEY O'NEAL
Georgia Bar No. 877316

*Counsel for Defendants*

191 Peachtree Street, N.E.
Suite 2900
Atlanta, GA 30303-1775
Tel:  404-954-5000
Fax:  404-954-5020
Email:  pfriduss@hallboothsmith.com
Email:  joneal@hallboothsmith.com

2