## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ROME DIVISION

| | |
|---|---|
| A.H., | |
|     Plaintiff, | |
| v. | CIVIL ACTION FILE |
| CARSON LOOP ESM, LLC d/b/a BUDGETEL, and SRINIVAS BOLLEPALLI, | NO. 4:24-cv-00224-WMR |
|     Defendants. | |

## DEFENDANTS' ANSWER TO PLAINTIFF'S
## COMPLAINT FOR DAMAGES

COME NOW, **CARSON LOOP ESM, LLC d/b/a BUDGETEL** and **SRINIVAS BOLLEPALLI** ("Defendants"), and hereby submit their Answer to Plaintiff's Complaint for Damages ("Complaint"), showing this Honorable Court as follows:

### FIRST DEFENSE

The Complaint and each and every numbered and unnumbered paragraph therein fails to state a claim upon which relief may be granted.

### SECOND DEFENSE

Some or all of Plaintiff's claims may be barred by the applicable statute of limitations.

## THIRD DEFENSE

Some or all of Plaintiff's alleged injuries are due to the acts or omissions of persons other than the Defendants.

## FOURTH DEFENSE

Some or all of Plaintiff's alleged injuries are due to the acts or omissions of a fellow servant.

## FIFTH DEFENSE

Some or all of Plaintiff's alleged injuries may be barred by laches.

## SIXTH DEFENSE

Defendants had no actual or constructive knowledge of the circumstances or events described in the Complaint prior to their occurrence.

## SEVENTH DEFENSE

Defendants' response to the specifically enumerated allegations of Plaintiff's Complaint are as follows:

1.

Defendants deny the first sentence of Paragraph 1. Defendants admit only that they consent to this case proceeding with initials. In response to the remaining allegations in Paragraph 1, Defendants state that the Complaint speaks for itself and deny all imputations of liability contained therein.

2.

In response to the allegations in Paragraph 3, Defendants deny that Shreesh Tiwari held the title of "manager." Defendants are without sufficient firsthand information to admit or deny the remaining allegations in Paragraph 2 and deny all imputations of liability contained therein.

3.

In response to the allegations in Paragraph 3, Defendants admit only that the hotel was shut down by the Georgia Department of Public Health in 2019. Defendants are without sufficient firsthand information to admit or deny the remaining allegations in Paragraph 3 and deny all imputations of liability contained therein.

4.

Defendants are without sufficient firsthand information to admit or deny the allegations in Paragraph 4 and deny all imputations of liability contained therein.

5.

The allegations in Paragraph 5 are denied.

## PARTIES, JURISDICTION, AND VENUE

6.

In response to "A.H…. Georgia," Defendants are without sufficient firsthand information to admit or deny these allegations. In response to the remaining

allegations in Paragraph 6, Defendants state that the Complaint speaks for itself, and Defendants deny all imputations of liability contained in this Paragraph.

7.

In response to the allegations in Paragraph 7, Defendants deny the allegations that they "controlled the operation of, and/or were inextricably connected to the renting of rooms at the Budgetel" and state by way of further response that operations of the hotel were entrusted to Shreesh Tiwari. The remaining allegations in Paragraph 7 are admitted.

8.

The allegations in Paragraph 8 are admitted.

9.

The allegations in Paragraph 9 are admitted.

10.

The allegations in Paragraph 10 are admitted.

11.

The allegations in paragraph 11 are admitted.

12.

In response to the allegations in Paragraph 12, Defendants state that the Complaint speaks for itself and deny all imputations of liability contained therein.

4

13.

Defendants admit that venue is proper but deny all imputations of liability contained in this Paragraph.

## SEX TRAFFICKING ALLEGATIONS

14.

In response to the allegations in Paragraph 14, Defendants deny that Shreesh Tiwari held the title of "manager". Defendants state that the remaining allegations in Paragraph 14 constitute legal conclusions which the Defendant can neither admit nor deny, and Defendants deny all imputations of liability contained therein.

15.

The allegations in Paragraph 15 are denied.

16.

Defendants deny the first sentence of Paragraph 16. Defendants are without sufficient firsthand information to admit or deny the remaining allegations in Paragraph 16 and deny all imputations of liability contained therein.

17.

Defendants are without sufficient firsthand information to admit or deny the allegations in Paragraph 17 and deny all imputations of liability contained therein.

18.

Defendants are without sufficient firsthand information to admit or deny the allegations in Paragraph 18 and deny all imputations of liability contained therein.

19.

Defendants are without sufficient firsthand information to admit or deny the allegations in Paragraph 19 and deny all imputations of liability contained therein.

20.

Defendants are without sufficient firsthand information to admit or deny the allegations in Paragraph 20 and deny all imputations of liability contained therein.

21.

Defendants are without sufficient firsthand information to admit or deny the allegations in Paragraph 21 and deny all imputations of liability contained therein.

22.

Defendants are without sufficient firsthand information to admit or deny the allegations in Paragraph 22 and deny all imputations of liability contained therein.

23.

Defendants deny the first sentence of Paragraph 23. Defendants are without sufficient firsthand information to admit or deny the remaining allegations in Paragraph 23 and deny all imputations of liability contained therein.

24.

Defendants are without sufficient firsthand information to admit or deny the allegations in Paragraph 24 and deny all imputations of liability contained therein.

25.

The allegations in Paragraph 25 are denied.

26.

Defendants deny the first sentence of Paragraph 26. Defendants admit upon information and belief only that Shreesh Tiwari was arrested. Defendants are without sufficient firsthand information to admit or deny the remaining allegations in Paragraph 26 and deny all imputations of liability contained therein.

27.

In response to the allegations in Paragraph 27, Defendants state that the same constitute a legal conclusion which Defendants can neither admit nor deny, and Defendants deny all imputations of liability contained therein.

28.

The allegations in Paragraph 28 are denied.

29.

The allegations in Paragraph 29 are denied.

30.

The allegations in Paragraph 30 are denied.

## <u>LABOR TRAFFICKING ALLEGATIONS</u>

31.

In response to the allegations in Paragraph 31, Defendants deny that Plaintiff was a victim of labor trafficking at the hands of Defendants' manager. The remaining allegations in Paragraph 31 constitute a legal conclusion Defendants can neither admit nor deny, and Defendants deny all imputations of liability contained therein.

32.

In response to the allegations in Paragraph 32, Defendants state that they are without sufficient firsthand information to admit or deny the allegations that Plaintiff worked at the Budgetel as a housekeeper and the allegations "Defendants paid Plaintiff… Budgetel(.)" The remaining allegations in Paragraph 32 and all imputations of liability contained therein are denied.

33.

In response to the allegations in Paragraph 33, Defendants deny that Tiwari held the title of "manager." Defendants are without sufficient firsthand information to admit or deny the allegations in Paragraph 33 and deny all imputations of liability contained therein.

34.

n response to the allegations in Paragraph 34, Defendants deny that Tiwari held the title of "manager." Defendants are without sufficient firsthand information

to admit or deny the allegations in Paragraph 34 and deny all imputations of liability contained therein.

### 35.

The first sentence of Paragraph 35 is denied. Defendants admit only that Shreesh Tiwari was arrested. Defendants are without sufficient firsthand information to admit or deny the remaining allegations in Paragraph 35 and deny all imputations of liability contained therein.

### 36.

In response to the allegations in Paragraph 36, Defendants state that the same constitute a legal conclusion which Defendants can neither admit nor deny, and deny all imputations of liability contained therein.

### 37.

The allegations in Paragraph 37 are denied.

### 38.

The allegations in Paragraph 38 are denied.

### 39.

The allegations in Paragraph 39 are denied.

## **DEFENDANTS' ROLES**

### 40.

The allegations in Paragraph 40 are admitted.

41.

In response to the allegations in Paragraph 41, Defendants admit only that Budgetel was shut down by government officials in October 2019. The remaining allegations and all imputations of liability contained in Paragraph 41 are denied.

42.

The allegations in paragraph 42 are denied.

43.

In response to the allegations in Paragraph 43, Defendants state that the Complaint speaks for itself and deny all imputations of liability contained therein.

## COUNT I
## NEGLIGENCE ALLEGATIONS

44.

Defendants reassert and reincorporate by this reference their responses to Paragraphs 1 through 43 of Plaintiff's Complaint as if fully set forth herein.

45.

The allegations in Paragraph 45 are denied.

46.

The allegations in Paragraph 46 are denied.

47.

The allegations in Paragraph 47 are denied.

48.

In response to the allegations in Paragraph 48, Defendants deny that they breached any duty and that they failed to act as similarly situated business would in like circumstances. The remaining allegations in Paragraph 48 constitute legal conclusions Defendants can neither admit nor deny, and Defendants deny all imputations of liability contained therein.

49.

The allegations in Paragraph 49 are denied.

50.

The allegations in Paragraph 50 are denied.

51.

The allegations in Paragraph 51 are denied.

52.

The allegations in Paragraph 52 are denied.

53.

The allegations in Paragraph 53 are denied.

54.

The allegations in Paragraph 54 are denied.

55.

The allegations in Paragraph 55 are denied.

56.

The allegations in Paragraph 56 are denied.

57.

The allegations in Paragraph 57 are denied.

58.

The allegations in Paragraph 58 are denied.

59.

The allegations in Paragraph 59 are denied.

60.

The allegations in Paragraph 60 are denied.

61.

The allegations in Paragraph 61 are denied.

62.

The allegations in Paragraph 62 are denied.

63.

The allegations in Paragraph 63 are denied.

64.

The allegations in Paragraph 64 are denied.

65.

The allegations in Paragraph 65 are denied.

66.

The allegations in Paragraph 66 are denied.

67.

The allegations in Paragraph 67 are denied.

68.

The allegations in Paragraph 68 are denied.

## **COUNT II**
## **STATUTORY LIABILITY: SEX TRAFFICKING**
## **18 U.S.C. § 1595**

69.

Defendants reassert and reincorporate by this reference their responses to Paragraphs 1 through 68 of Plaintiff's Complaint as if fully set forth herein.

70.

The allegations in Paragraph 70 are denied.

71.

The allegations in Paragraph 71 are denied.

72.

The allegations in Paragraph 72 are denied.

73.

In response to the allegations in Paragraph 73, Defendants state that the same constitute legal conclusions which the Defendants can neither admit nor deny, and Defendants deny all imputations of liability contained therein.

74.

The allegations in Paragraph 74 are denied.

75.

The allegations in Paragraph 75 are denied.

76.

The allegations in Paragraph 76 are denied.

77.

The allegations in Paragraph 77 are denied.

78.

The allegations in Paragraph 78 are denied.

79.

The allegations in Paragraph 79 are denied.

## COUNT III
## STATUTORY LIABILITY: LABOR TRAFFICKING
## 18 U.S.C. § 1595

80.

Defendants reassert and reincorporate by this reference their responses to Paragraphs 1 through 79 of Plaintiff's Complaint as if fully set forth herein.

81.

The allegations in Paragraph 81 are denied.

82.

The allegations in Paragraph 82 are denied.

83.

The allegations in Paragraph 83 are denied.

84.

The allegations in Paragraph 84 are denied.

85.

In response to the allegations in Paragraph 85, Defendants state that the same constitute legal conclusions which the Defendants can neither admit nor deny, and Defendants deny all imputations of liability contained therein.

86.

The allegations in Paragraph 86 are denied.

87.

The allegations in Paragraph 87 are denied.

88.

The allegations in Paragraph 88 are denied.

89.

The allegations in Paragraph 89 are denied.

90.

The allegations in Paragraph 90 are denied.

91.

The allegations in Paragraph 91 are denied.

## **DAMAGES**

92.

Defendants reassert and reincorporate by this reference their responses to Paragraphs 1 through 91 of Plaintiff's Complaint as if fully set forth herein.

93.

The allegations in Paragraph 93 are denied.

94.

The allegations in Paragraph 94 are denied.

95.

The allegations in Paragraph 95 are denied.

96.

Any and all allegations contained in Plaintiff's Complaint not specifically responded to herein are hereby denied.

WHEREFORE, having fully answered and responded to Plaintiff's Complaint, the Defendants pray that:

(a)    Plaintiff's Complaint and all claims against the Defendants be dismissed:

(b)    Judgement be entered in favor of the Defendants;

(c)    The Defendants be awarded reasonable attorney's fees and costs;

(d)    All costs be taxed against Plaintiff;

(e)    Declaratory judgment be entered as to the matters requested herein; and

(f)    Any further relief that is just and appropriate be granted to the Defendants.

Respectfully submitted this 11th day of December, 2024.

**HALL BOOTH SMITH, P.C.**

*/s/ Jacob Stalvey O'Neal*
PHILLIP E. FRIDUSS
Georgia Bar No. 277220
JACOB STALVEY O'NEAL
Georgia Bar No. 877316

*Counsel for Defendants*

191 Peachtree Street, N.E.
Suite 2900
Atlanta, GA 30303-1775
Tel:  404-954-5000
Fax:  404-954-5020
Email:  pfriduss@hallboothsmith.com
Email:  joneal@hallboothsmith.com

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

A.H.,

    Plaintiff,

v.

CARSON LOOP ESM, LLC D/B/A
BUDGETEL, and SRINIVAS
BOLLEPALLI,

    Defendants.

CIVIL ACTION FILE
NO. 4:24-cv-00224-WMR

## VERIFICATION

    Personally appeared before me, the undersigned officer duly authorized to administer oaths, **Srinivas Bollepalli**, who states under oath, that he has read the foregoing Answer and that the facts contained therein are within his best personal knowledge and are to the best of his knowledge at time of execution true and correct.

_____
Srinivas Bollepalli

Sworn to and subscribed before me
under penalty of perjury this _11th_
day of _December_ , 2024.

_____
                Notary Public

My Commission Expires: _November 13, 2026_

## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ROME DIVISION

A.H.,

     Plaintiff,

v.

CARSON LOOP ESM, LLC D/B/A
BUDGETEL, and SRINIVAS
BOLLEPALLI,

     Defendants.

CIVIL ACTION FILE
NO. 4:24-cv-00224-WMR

### CERTIFICATE OF SERVICE

I hereby certify that I have this day served the following counsel of record in this case with a true and correct copy of the foregoing **Defendants' Answer to Plaintiff's Complaint for Damages** upon all parties to this matter by depositing a true copy of same in the U.S. Mail, proper postage prepaid, addressed to counsel of record as follows and/or filing said document with the CM/ECF system which will automatically send electronic notification to the following:

Peter A. Law, Esq.
E. Michael Moran, Esq.
Denise D. Hoying, Esq.
Law & Moran
563 Spring Street, N.W.
Atlanta, GA 30308
*pete@lawmoran.com*
*mike@lawmoran.com*
*denise@lawmoran.com*

Patrick J. McDonough, Esq.
Jonathan S. Tonge, Esq.
Andersen, Tate & Carr, P.C.
One Sugarloaf Centre
1960 Satellite Boulevard
Suite 400
Duluth, GA 30097
*pmcdonough@atclawfirm.com*
*jtonge@atclawfirm.com*

Respectfully submitted this 11th day of December, 2024.

**HALL BOOTH SMITH, P.C.**

*/s/ Jacob Stalvey O'Neal*
PHILLIP E. FRIDUSS
Georgia Bar No. 277220
JACOB STALVEY O'NEAL
Georgia Bar No. 877316

*Counsel for Defendants*

191 Peachtree Street, N.E.
Suite 2900
Atlanta, GA 30303-1775
Tel:  404-954-5000
Fax:  404-954-5020
Email:  pfriduss@hallboothsmith.com
Email:  joneal@hallboothsmith.com