IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

| | |
|---|---|
| A.H., ) | |
|     Plaintiff, ) | |
| v. ) | CIVIL ACTION FILE |
| ) | NO. 4:24-CV-00224-WMR |
| CARSON LOOP ESM, LLC d/b/a ) | |
| BUDGETEL, and SRINIVAS ) | |
| BOLLEPALLI, ) | |
|     Defendants. ) | |

## DECLARATION OF DENISE D. HOYING

1.

My name is Denise D. Hoying. I am over eighteen years old. I am competent to testify about the matters contained in this declaration.

2.

I am counsel of record on behalf of Plaintiff A.H. in this action.

3.

On October 15, 2024, Defendant Srinivas Bollepalli called me and left a message at my office.

4.

Thereafter, I spoke with Bollepalli on the telephone when he called me back on October 25, 2024.

5.

In our telephone conversation on October 25, 2024, I told Bollepalli immediately that I represented the Plaintiff, and that I could not give him legal advice. He responded that he knew and understood my role. Bollepalli then told me that he had been served with the lawsuit papers in this case and asked me what to do. He told me that he knew he only had 21 days to respond.

6.

In response, I asked Bollepalli if he forwarded the lawsuit papers to his insurance carrier and Bollepalli said that he did. I did not provide him with any legal advice. In the same call, Bollepalli told me that the manager named in the lawsuit was not his employee but was instead an independent contractor. As pled in the Complaint, the manager named in the lawsuit pled guilty to trafficking plaintiff.

7.

Bollepalli then forwarded me a string of emails between him, his agent, and his insurance carrier, which are attached hereto as Exhibit B.

8.

Bollepalli copied both his agent and his insurance carrier on the email that he sent to me on October 25, 2024. (Ex. B).

9.

I did not hear from Bollepalli or anyone on his behalf until December 5, 2024, even though Bollepalli, his agent, and his insurance carrier had my name, telephone number, email address, and copies of the lawsuit by no later than October 25, 2024, as reflected in the attached emails.

10.

On December 5, 2024, less than 90 minutes after the Request for Entry of Default was docketed, and without ever speaking to Bollepalli or entering an appearance in this case, Bollepalli's current counsel Jacob O'Neal called me and asked if I would consent to opening the default.

11.

In response, I asked Mr. O'Neal how he became aware of the Request for Entry of Default so soon after its filing, since there was no counsel of record for any defendant and he would not have received electronic notice of the request for entry of default.  Mr. O'Neal responded that he checked the court's docket.

12.

I then asked Mr. O'Neal why the lawsuit was not timely answered. Mr. O'Neal said that he did not know, and said that he had not spoken to Bollepalli.

13.

Bollepalli thereafter called me again on December 9, 2024 when he received the service copy of Plaintiff's Request for Entry of Default via U.S. Mail, and told me that, at that point, he had not spoken to any lawyer in this matter.

14.

This declaration is made pursuant to Title 28 of the United States Code, Section 1746, and it is executed within the United States.

I declare under penalty of perjury that the foregoing is true and correct.

_____
DENISE D. HOYING

Executed On: 12/23/24