IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

| | |
|---|---|
| A.H.,<br><br>    Plaintiff,<br><br>v.<br><br>CARSON LOOP ESM, LLC d/b/a BUDGETEL, and SRINIVAS BOLLEPALLI,<br><br>    Defendants. | CIVIL ACTION FILE NO:<br><br>4:24-cv-00224-WMR |

## ORDER

This matter comes before the Court on a Motion to Set Aside Default [Doc. 10] filed by Defendants Carson Loop ESM, LLC d/b/a Budgetel ("Carson Loop") and Srinivas Bollepalli ("Mr. Bollepalli"). Additionally, Plaintiff A.H.'s Motion for Default Judgment [Doc. 8] is pending before the Court. The Court received further briefing from the parties and held a hearing on this matter on January 7, 2025. For the reasons set forth herein, Defendants' Motion to Set Aside Default [Doc. 10] is **GRANTED**, and Plaintiff's Motion for Default Judgment [Doc. 8] is **DENIED**.

## I.  FACTUAL BACKGROUND

Plaintiff A.H. filed this suit on September 19, 2024. [Doc. 1]. The Complaint alleges Shreesh Tiwari forced women into having sex with himself and others while Tiwari managed the Budgetel in Cartersville, Georgia, for the Defendants. [*Id.* ¶ 2]. Tiwari plead guilty to federal labor and sex trafficking charges in 2023. [*Id.*]. Plaintiff A.H. worked at the Budgetel and is an alleged victim of Tiwari's practices. [*Id.* ¶¶ 17–21, 32]. The Complaint alleges the Defendants Mr. Bollepalli and Carson Loop, as owners of the Budgetel, had actual and constructive knowledge of Tiwari's conduct. *See, e.g.*, [*Id.* ¶ 37]. Accordingly, the Complaint asserts three causes of action against the Defendants, including (1) negligence; (2) sex trafficking (18 U.S.C. § 1595(a)); and (3) labor trafficking (18 U.S.C. § 1595(a)). [*Id.* at pp. 15, 24, 27]. Plaintiff A.H. seeks a variety of damages, including punitive damages. [*Id.* ¶¶ 92–95].

Defendants were served process on October 8, 2024, by personal service on Mr. Bollepalli. [Doc. 6-1]; [Doc. 6-2]. Two days later, Mr. Bollepalli turned those documents over to his insurance agent, Kent Bates. [Doc. 10-2 ¶ 3] (Affidavit of Srivinas Bollepalli); [Doc. 18-3 ¶ 2] (Affidavit of Kent Bates). On October 16, 2024, Bates reported the claims to Ategrity Insurance ("Ategrity") via email and mailed documents that were too numerous to attach to the email. [*Id.* ¶ 4]. Five days later, on October 21, Bates told Mr. Bollepalli that Ategrity had assigned a claim number

and claims examiner to his claim. [*Id.* ¶ 5]. On October 28, however, Ategrity informed Bates that the Ategrity policy was not the correct policy for the Defendants' claim. [*Id.* ¶ 6]. During this time, Mr. Bollepalli was not aware the suit documents had been provided to the incorrect insurance company. [Doc. 10-2 ¶ 5]. The following day—the day Defendants' answer was due—Bates reported the suit to Western World Insurance Company ("Western World"). [Doc. 18-3 ¶ 7]. As of November 12, Western World did not have the suit documents, which had been mailed to Ategrity, so Bates asked Ategrity to send a copy of the Complaint to Western World. [*Id.* ¶ 11]. Western World would subsequently retain Defendants' current counsel in this suit. [Doc. 18-4 ¶ 3].

While Ategrity was assessing the Defendants' insurance claim, on October 25, Mr. Bollepalli called and spoke with Plaintiff's counsel, Denise Hoying. [Doc. 16-1 ¶ 4]. Ms. Hoying began the call by stating she could not provide Mr. Bollepalli legal advice. [*Id.* ¶ 5]. Mr. Bollepalli nonetheless told Ms. Hoying that he had been served with her client's suit and asked her how he should proceed. [*Id.* ¶ 6]. Mr. Bollepalli further stated he knew he only had twenty-one days to respond to the Complaint. [*Id.*]. Ms. Hoying asked Mr. Bollepalli if he had forwarded the lawsuit papers to his insurance carrier, and Mr. Bollepalli confirmed he had done so. [*Id.*]. Mr. Bollepalli told Ms. Hoying that Tiwari—the underlying perpetrator of the alleged sex and labor trafficking—was an independent contractor rather than an

3

employee of the Defendants. [*Id.*]. Mr. Bollepalli then included Ms. Hoying in an email chain between Mr. Bollepalli, his insurance agent, and Ategrity. [Doc. 16-2].

Western World retained Defendants' current counsel on December 4, 2024. [Doc. 18-4 ¶ 3]. On December 5, defense counsel reviewed the docket of this suit and noticed Plaintiff's Motion for Entry of Default. [*Id.* ¶ 5]. Defense counsel spoke with Ms. Hoying that same day and asked Ms. Hoying if she would withdraw the Motion for Entry of Default. [*Id.* ¶ 6]. Ms. Hoying declined. [*Id.*]. At this point, defense counsel had not spoken with Mr. Bollepalli to form an attorney-client relationship with the Defendants. [*Id.*]. The clerk of court entered default as to both Defendants on December 6, and Plaintiffs filed their Motion for Default Judgment on December 9. [Doc. 8]. On December 10, defense counsel established an attorney-client relationship with the Defendants, and filed an Answer and the Motion to Set Aside Default the next day. [Doc. 18-4 ¶ 7].

II.   **LEGAL STANDARD**

"The court may set aside an entry of default for good cause . . . ." Fed. R. Civ. P. 55(c). In the words of the Eleventh Circuit: "'Good cause' is a mutable standard, varying from situation to situation. It is also a liberal one—but not so elastic as to be devoid of substance." *Compania Interamericana Exp.-Imp., S.A. v. Compania Dominicana de Aviacion*, 88 F.3d 948, 951 (11th Cir. 1996) (quotations omitted) (quoting *Coon v. Grenier*, 867 F.2d 73, 76 (1st Cir. 1989)). Various factors can guide

4

the court's analysis, but none are mandatory or determinative. *Id.* Prior courts have considered (1) whether the default was culpable or willful; (2) whether setting aside default would prejudice the adversary; (3) whether the defaulting party presents a meritorious defense; (4) whether the public interest is implicated; (4) whether there is significant financial loss to the defaulting party; and (5) whether the defaulting party acted promptly to correct the default. *Id.* Defaults are disfavored because "there is a strong policy of determining cases on their merits." *In re Worldwide Web Sys., Inc.*, 328 F.3d 1291, 1295 (11th Cir. 2003). Ultimately, the decision to set aside default is committed to the court's sound discretion. *Id.* (reviewing denial of motion to set aside default under abuse of discretion standard).

### III. ANALYSIS

The Court finds good cause exists to set aside the clerk's entry of default and allow Defendants to litigate this case. First, despite Plaintiff's argument to the contrary, the Court finds Defendants did not willfully delay answering the Complaint. Within two days of being served process, Mr. Bollepalli turned the suit over to his insurance agent, who Mr. Bollepalli could have reasonably believed was handling the matter. Of the roughly two-month delay in answering the Complaint, nearly four weeks were caused by Mr. Bollepalli's insurance agent forwarding the documents to the wrong insurance company, something the Court hesitates to hold against the Defendants. *See Barwick v. Dillard*, No. 2:22-CV-173-RWS, 2022 WL

5

22328956 (N.D. Ga. Dec. 9, 2022) (declining to attribute fault to defaulting defendant where insurance agent failed to notify the insurance company of the claim and need for representation).[1] Much of the remaining delay seems attributable to the time necessary for Western World's review of the insurance claim and defense counsel's need to contact Mr. Bollepalli to establish an attorney-client relationship. Even if Mr. Bolapelli's conduct was misguided, since he relied on his insurance agent and did not independently ensure an answer was filed, the Court declines to find Mr. Bolapelli's default was willful.

Second, the Court finds that setting aside default does not meaningfully prejudice Plaintiff in this case. Besides alleging Defendants' insurance company "likely chose delay as part of a litigation strategy," Plaintiff does not highlight any particular prejudice that she will suffer should the Court set aside the default. [Doc. 16 at 12–13][2]. To counsel against setting aside default, prejudice would need to flow from the delay, "not from having to continue to litigate the case." *Sherrard v. Macy's Sys. & Tech. Inc.*, 724 F. App'x 736, 738 (11th Cir. 2018). The Defendants filed their Motion to Set Aside and a proposed answer just a month and a half after the original deadline to file an answer had passed. The Court struggles to see how such

---

[1] The Court attributes roughly four weeks of delay to the insurance agent's mistake because Mr. Bollepalli transmitted suit documents to Bates on October 10. Western World, the correct insurer, did not receive necessary suit documents until November 12, largely due to Bates sending the suit documents to the wrong insurance company.

[2] Also, it doesn't make sense that any insurer, as a part of its strategy, would willingly allow a case for which it may have financial liability to go into default.

6

a relatively short delay could prejudice Plaintiff, meaning this factor supports setting aside default.

Third, the Defendants raise a possibly meritorious defense, which only strengthens the preference to determine cases on the merits. Other circuits have suggested that the merit of a proposed defense is measured "not by whether there is a likelihood that it will carry the day, but whether the evidence submitted, if proven at trial, would constitute a complete defense." *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 98 (2d Cir. 1993). Here, Defendants assert they plan to defend themselves by arguing they had no actual or constructive knowledge of Shreesh Tiwari's criminal acts. [Doc. 10-1 at 4]. Because Defendants are alleged beneficiaries of trafficking under 18 U.S.C. § 1595(a), Plaintiffs must prove the Defendants:

> (1) knowingly benefited, (2) from taking part in a common undertaking or enterprise involving risk and potential profit, (3) that undertaking or enterprise violated the TVPRA as to the plaintiff, and (4) the defendant had constructive or actual knowledge that the undertaking or enterprise violated the TVPRA as to the plaintiff.

*Doe #1 v. Red Roof Inns, Inc.*, 21 F.4th 714, 726 (11th Cir. 2021). Thus, because multiple elements focus on a defendant's knowledge, Defendants' lack of knowledge of Tiwari's trafficking activities would provide a complete defense to Plaintiff's statutory claims. Defendants lack of knowledge would also seriously undermine Plaintiff's negligence claim, which hinges on the foreseeability that

7

Plaintiff would suffer harm. Accordingly, Defendants' pleaded defense supports setting aside default.

Ultimately, the Court finds Defendants have demonstrated good cause to set aside the clerk's entry of default.

## IV.   CONCLUSION

Accordingly, Defendants' Motion to Set Aside Default [Doc.10] is **GRANTED**. Plaintiff's Motion for Default Judgment is **DENIED**.

**IT IS SO ORDERED**, this 4th day of February, 2025.

_____
WILLIAM M. RAY, II
UNITED STATES DISTRICT JUDGE