IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

| | |
|---|---|
| A.H.,<br><br>    Plaintiff,<br><br>v.<br><br>CARSON LOOP ESM, LLC d/b/a BUDGETEL, and SRINIVAS BOLLEPALLI,<br><br>    Defendants. | CIVIL ACTION FILE<br>NO. 4:24-cv-00224-WMR |

### DEFENDANTS' INITIAL DISCLOSURES

**(1)** **If the defendant is improperly identified, state defendant's correct identification and state whether defendant will accept service of an amended summons and complaint reflecting the information furnished in this disclosure response.**

<u>RESPONSE</u>: Defendants do not contend that they are improperly identified but deny all imputations of liability against them.

**(2)** **Provide the names of any parties whom defendant contends are necessary parties to this action, but who have not been named by plaintiff. If defendant contends that there is a question of misjoinder of parties, provide the reasons for defendant's contention.**

**RESPONSE:** Upon information and belief, Defendants name Shreesh Tiwari and Budgetel, its owners, subsidiaries, alter egos, officers, agents, and employees as necessary parties not named by Plaintiff at this time. Defendants Budgetel and Bollepalli do not contend there is any misjoinder.

**(3) Provide a detailed factual basis for the defense or defenses and any counterclaims or crossclaims asserted by defendant in the responsive pleading.**

**RESPONSE:** Defendants lacked actual or constructive notice of Tiwari's alleged actions until law enforcement became involved, whereupon Defendants' business relationship(s) with Tiwari were severed. No one reported Tiwari's alleged actions to Defendants prior to law enforcement appearing at the premises. Defendants did not observe any criminal activity as described in the Complaint taking place on the premises. Defendants have no knowledge of any benefit, financial or otherwise, accruing to Defendants from Tiwari's alleged actions. Defendants did not participate in any common undertaking with Tiwari or anyone else in sex trafficking of the Plaintiff or any other injury incurred by the Plaintiff.

**(4) Describe in detail all statutes, codes, regulations, legal principles, standards and customs or usages, and illustrative case law which defendant contends are applicable to this action.**

**RESPONSE:** This list is non-exhaustive and merely illustrative, and may be supplemented as appropriate.

- 18 U.S.C. § 1595(a) *et seq.* and interpretive case law

- O.C.G.A. §§ 13-6-11, 9-11-68(e) and 9-15-14, and 18 U.S.C. § 1595(a) and interpretive case law.

- Ga. Const. Art. I § I Pars. I, XIII, and XVII and interpretive case law

- O.C.G.A. §§ 51-7-20, 16-5-47, 41-1-1, 51-3-1 and interpretive case law

- Federal and Georgia case law and statutes concerning sex trafficking, negligence, sexual assault, battery, false imprisonment, and emotional distress.

- Case law and statutes concerning the parameters of claims of punitive damages and attorney's fees

- Any and all authorities mentioned in any and all other Parties' initial disclosures or identified in discovery briefing, or argument in this litigation

**(5)** **Provide the name and, if known, the address and telephone number of each individual likely to have discoverable information that you may use to support your claims or defenses, unless solely for impeachment, identifying the subjects of the information. (Attach witness list to Initial Disclosures as Attachment A.)**

**RESPONSE:** See Attachment A.

**(6)** **Provide the name of any person who may be used at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence. For all experts described in Fed. R. Civ. P. 26(a)(2)(B), provide a separate written report satisfying the provisions of that rule. (Attach expert witness list and written reports to Initial Disclosures as Attachment B.)**

<u>**RESPONSE**</u>**:**  See attachment B.

**(7)** **Provide a copy of, or description by category and location of, all documents, data compilations or other electronically stored information, and tangible things in your possession, custody, or control that you may use to support your claims or defenses unless solely for impeachment, identifying the subjects of the information. (Attach document list and descriptions to Initial Disclosures as Attachment C.)**

<u>**RESPONSE**</u>**:**  See Attachment C.

**(8)** **In the space provided below, provide a computation of any category of damages claimed by you. In addition, include a copy of, or describe by category and location of, the documents or other evidentiary material, not privileged or protected from disclosure on which such computation is based, including materials bearing on the nature and extent of injuries suffered, making such documents or evidentiary material available for**

inspection and copying under Fed. R .Civ. P. 34. (Attach any copies and descriptions to Initial Disclosures as Attachment D).

**RESPONSE:** See attachment D.

(9) If defendant contends that some other person or legal entity is, in whole or in part, liable to the plaintiff or defendant in this matter, state the full name, address, and telephone number of such person or entity and describe in detail the basis of such liability.

**RESPONSE:** Defendants do not contend anyone is liable to the Plaintiff or any other party in this matter; but state upon information and belief that, to the extent established in discovery, Shreesh Tiwari and/or Budgetel, its owners, subsidiaries, alter egos, officers, agents, and employees, etc. may be liable to Plaintiff or the Defendants.

(10) Attach for inspection and copying as under Fed. R. Vic. P. 34 any insurance agreement under which any person carryon on an insurance business may be liable to satisfy part or all of a judgment which may be entered in this action or to indemnify or reimburse for payments to satisfy the judgment. (Attach copy of insurance agreement to Initial Disclosures as Attachment E.)

**RESPONSE:** See attachment E.

Respectfully submitted this 5th day of February, 2025.

                                                      **HALL BOOTH SMITH, P.C.**

                                                     */s/ Jacob Stalvey O'Neal*
                                                     JACOB STALVEY O'NEAL
                                                     Georgia Bar No. 877316
                                                     *Attorney for Defendant Srinivas Bollepalli and Carson Loop*

191 Peachtree Street, N.E.
Suite 2900
Atlanta, GA 30303
Tel: 404-954-5000
Fax: 404-954-5020
Email: joneal@hallboothsmith.com

## CERTIFICATE OF SERVICE

I hereby certify that I have this date served a copy of the within and foregoing *Defendants' Initial Disclosures* upon all parties to this matter by depositing a true copy of the same in the U.S. Mail, proper postage prepaid, addressed to counsel of records as follows and/or filing said document with the CM/ECF system which will automatically send electronic notification to the following:

Respectfully submitted this 5th day of February, 2025.

          **HALL BOOTH SMITH, P.C.**

          */s/ Jacob Stalvey O'Neal*
          JACOB STALVEY O'NEAL
          Georgia Bar No. 877316
          *Attorney for Defendants Srinivas Bollepalli and Budgetel*

191 Peachtree Street, N.E.
Suite 2900
Atlanta, GA 30303
Tel: 404-954-5000
Fax: 404-954-5020
Email: joneal@hallboothsmith.com

# ATTACHMENT A

Defendants identify the following individuals who upon their best recollection, information, and belief may have knowledge concerning the allegations in Plaintiff's Complaint. This list is non-exhaustive and based upon Defendants' knowledge at the time of filing of these Disclosures, and may be supplemented as appropriate.

1) Plaintiff A.H.—knowledge of her allegations and any supporting evidence. May be contacted through counsel for Plaintiff.

2) Shreesh Tiwari—present location and contact information unknown, believed to be in custody in the United States prison system.

3) The named Defendants in this civil action may have knowledge of their individual roles or lack thereof in the circumstances described in the Complaint and may be contacted through their counsel of record.

4) Any and all individuals and/or entities identified during discovery who may have knowledge of the factual bases of Plaintiff's allegations, the Defendants' defenses, and/or Plaintiff's damages if any.

5) Any and all individuals involved in the records of the Budgetel pertaining to the allegations in the Complaint.

6) Any and all individuals and/or entities identified by any and all other Parties in their initial disclosures.

7) This list may be supplemented as appropriate as more information is revealed in discovery.

## ATTACHMENT B

Defendants have not yet made a decision as to whether they will present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence. Defendants will supplement these disclosures should an expert be retained for trial purposes.

# ATTACHMENT C

1. All records in possession of Budgetel and any other federal or State agency regarding Plaintiff.

2. All records in possession of Budgetel and any other federal or State agency concerning Shreesh Tiwari.

3. All documents identified and/or exchanged at any time during discovery or throughout this civil action.

4. All documents identified by any and all of the Parties in their Initial Disclosures.

5. These responses are ongoing and these disclosures may be supplemented as appropriate should additional information come to light.

## ATTACHMENT D

Defendants do not claim any damages at present but assert that liability and damages, if any are assessed, must be assessed against Shreesh Tiwari and/or Budgetel, its owners, subsidiaries, alter egos, officers, agents, and employees, rather than Defendants; and Defendants assert that they are entitled to contribution and apportionment from same.

## ATTACHMENT E

Defendantshave produced a copy of the declarations page of the applicable Western World insurance policy, premiums redacted, for inspection and copying at a mutually agreed upon time.