IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

A.H.,

      Plaintiff,

    *v.*

CARSON LOOP, ESM, LLC, et al.,

      Defendants,

THE DEPARTMENT OF JUSTICE,

      SUBPOENAED NON-PARTY.

Civil Action No.
4:24-CV-00224-WMR

## AGREED PROTECTIVE ORDER

### A. Background

On or about March 6, 2025, Plaintiff A.H. submitted a subpoena to the United States Department of Justice for certain documents of the custodians of records of the United States Attorney's Office for the Northern District of Georgia (hereinafter referred to as the "DOJ custodian"). In pertinent part, the subpoena seeks DOJ records in the possession of the DOJ custodian concerning their client who was a victim of human trafficking in *United States v. Tiwari*, Criminal Action Nos. 4:21-CR-0045-MLB-WEJ, and 4:23-cr-0011-MLB-WEJ (hereinafter referred to as "DOJ records").

The release of DOJ records is governed by 28 C.F.R. § 16.21 *et seq*., commonly referred to as *Touhy* regulations, named after the Supreme Court decision in *United States ex rel. Touhy v. Ragen*, 340 U.S. 462 (1951). These regulations prohibit the release of DOJ records absent authorization from the U.S. Attorney. The Acting U.S. Attorney has authorized the release of certain DOJ records conditioned on entry of an Agreed Protective Order. This Agreed Protective Order is intended to meet a condition of the Acting U.S. Attorney's authorization; to address considerations of privilege and other concerns as to the handling, use, and dissemination of sensitive DOJ records produced in response to the subpoenas; to ensure that release is proper and consistent with the official duties of the DOJ custodian; and to ensure that disclosure is compatible with the purposes for the records' collection.

This Agreed Protective Order also conforms to principles outlined in the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"), and the Privacy Act which prohibit agencies from disclosing "any record which is contained in a system of records" unless a statutory exception is met. 5 U.S.C. § 522a(b), § 522a(b)(11).

**B. <u>Parties to Agreement</u>**

The following individuals and entities are made parties to this Agreed Protective Order and are governed by all its terms: the parties of record, Plaintiff

2

A.H., Defendant Carson Loop ESM, LLC (d/b/a) Budgetel, and Defendant Srinivas Bollepalli in his individual capacity (collectively referred to as the "Parties"). Other individuals covered by the terms of this Agreed Protective Order include: (a) attorneys of record to the Parties; (b) any persons regularly in the employ of, or persons contracted to perform services for attorneys of record for the Parties to the extent reasonably necessary for the prosecution and defense of this action/persons regularly in the employ of counsel for the Parties to the extent reasonably necessary to render professional services in this case/partners, associates, secretaries, paralegal assistants, and employees of such counsel to the extent reasonably necessary to render professional services in this case; (c) persons retained by the Parties or their counsel to assist in discovery, preparation for any hearing, or to serve as expert witnesses, provided that such disclosure is reasonably and in good faith calculated to aid in litigating this case; (d) counsel for the Department of Justice including the U.S. Attorney's Office; and (e) employees of federal agencies as deemed necessary by counsel for DOJ, collectively referred to as the "Parties to the Agreed Protective Order."

C. **Terms of Agreement**

The Parties to the Agreed Protective Order agree to the following terms, which they ask the Court to order:

3

IT IS HEREBY ORDERED THAT the DOJ custodian releases to the Parties to the Agreed Protective Order DOJ records responsive to the subpoena and authorized by the Acting U.S. Attorney without obtaining prior written consent of individuals to whom the DOJ records pertain, subject to the following conditions:

1.  For purposes of the Agreed Protective Order, the term "record" shall have the same meaning set forth in the Privacy Act, 5 U.S.C. § 552a(a)(4). DOJ records are defined to include any duplicates, copies or reproductions made therefrom, as well as notes and summaries made of the contents of the DOJ records.

2.  The DOJ custodian shall not be required to redact all law enforcement-privileged information or personally identifying information (PII) contained in the DOJ records prior to producing them to the Parties to the Agreed Protective Order.

3.  The Parties to the Agreed Protective Order shall use the DOJ records solely for purposes of litigation of this case only, Civil Action No. 4:24-cv-224-WMR.

4.  The Parties to the Agreed Protective Order shall not share, publicize, disclose, make copies or reproductions of any DOJ records, or any information derived from the DOJ records, or allow the DOJ records to be otherwise disseminated, except as specifically provided herein.

a.  While in their possession, the Parties to the Agreed Protective Order shall maintain the DOJ records in a separately marked sealed envelope or container with the markings DOJ PROPERTY--SUBJECT TO PROTECTIVE ORDER AND SEALING ORDER Civil Action No. 4:24-cv-224-WMR.

b.  The Parties to the Agreed Protective Order may make copies of electronic versions of the DOJ records but at all times must treat such copies in accordance with the terms of the Agreed Protective Order.

c.  The Parties to the Agreed Protective Order may share DOJ records with the Court and the Court's personnel.

d.  As part of discovery, the Parties to this Agreed Protective Order may allow a witness who is being questioned on the record, as in a deposition or a non-public hearing, to examine a DOJ record and to be questioned about information in the DOJ record. If a witness is questioned on the record about a DOJ record, the questioner should state on the record that the particular question and answer and/or exhibit pertains to confidential DOJ records governed by this Agreed Protective Order.  Should a Party seek to use that portion of the deposition in a public format (i.e., part of a public hearing, trial, or filed in a public filing), the Party should consult the U.S. Attorney's Office as required in subsection (f) and provide the U.S. Attorney's Office

5

the opportunity to propose redactions or seek other protection of the DOJ record from the Court.

e. Any referenced DOJ record in a deposition shall be maintained as an exhibit in a sealed envelope or container and shall be marked DOJ PROPERTY--SUBJECT TO PROTECTIVE ORDER AND SEALING ORDER. All individuals shown DOJ records shall be informed of and shall comply with the terms of the Agreed Protective Order and shall not otherwise disclose any information from the DOJ records, or make notes or copies therefrom.

f.  The Parties to the Agreed Protective Order may discuss the content of a DOJ record with each other in the context of negotiations so long as the DOJ record is not lodged on the public docket or information from the DOJ record is not included in a published transcript.

g. With respect to any public use or dissemination in a public forum, including in open court (orally or through documents),  entry on the public docket, or admission in a publicly transcribed hearing, the U.S. Attorney's Office will be given an opportunity of no less than ten business days to review the DOJ record and make redactions to it.  If no agreement can be reached as to redactions to, or the use of a DOJ record, between the

6

requesting Party and the U.S. Attorney's Office, the parties to the Agreed Protective Order will bring the matter to this Court for resolution.

5.   Within 30 days after receipt of the final transcript of a deposition of any party or witness in this case, the Parties, their attorneys of record, or the U.S. Attorney's Office may designate "Subject to Protective Order" any portion of the transcript that the Parties or the DOJ views as disclosing Confidential Information.   If a transcript (or excerpt of a transcript) containing any such material is filed with the Court, it shall be filed under seal and marked as "Confidential" or "Subject to Protective Order."   Unless otherwise agreed, all deposition transcripts shall be treated as subject to this Agreed Protective Order until the expiration of the 30-day period.

6.   Should any party or their attorneys of record wish to disclose records or information subject to this Agreed Protective Order to any persons other than those indicated in Section B. above, the Party's attorney of record must obtain the consent of the U.S. Attorney's Office, or if there is no agreement, on motion, seek modification of this Order from the Court with notice to the U.S. Attorney's Office.

7.  This Agreed Protective Order is not a waiver of compliance with the local rules of this Court regarding personal identifying information (PII).  Attorneys of

record shall take all necessary precautions as required under the local rules of this Court regarding PII. This Agreed Protective Order is also not a waiver from compliance with any other aspect of the Federal Rules of Civil Procedure or the Local Rules.

8.   Nothing in this Agreed Protective Order shall limit the Parties' right to access, use, or disclose their own Confidential Information, and the requirements of this Agreed Protective Order shall not apply to the other party's own Confidential Information.  However, no record in the possession of the U.S. Attorney's Office is viewed as the Parties' own record once it is in the possession of the U.S. Attorney's Office.  Nothing in this Order shall be construed to restrict in any way the use of any federal records by any federal agency or federal employee in the ordinary course of business consistent with applicable statutes and regulations.

9.  Nothing in this Agreed Protective Order shall require production of records that are *not* authorized by the U.S. Attorney under the *Touhy* regulations (even with the entry of this Protective Order).  The U.S. Attorney reserves the right to withhold release of records if warranted under the *Touhy* regulations.  The U.S. Attorney's Office reserves the right to redact records otherwise produced under the terms of this Agreed Protective Order for other government privileges that

attach to sensitive records, including law enforcement privilege. The U.S. Attorney's Office also reserves the right to propose other methods of protection for the DOJ records in addition to this Agreed Protective Order, including redactions of records dependent on the privileges at issue and the authorization of the U.S Attorney or Acting U.S. Attorney.

10. If any person seeks access to the DOJ records inconsistent with the terms of this Order, the parties to the Agreed Protective Order will immediately notify the U.S. Attorney's Office. Neither the United States nor any of its agencies, officers, employees, or attorneys, shall bear any responsibility or liability for any unauthorized disclosure of any documents obtained by the Parties or of any information contained in such documents.

11. This Agreed Protective Order is without prejudice to the rights of any party to make any objection to discovery permitted by the Federal Rules of Civil Procedure or Evidence, or by any statute or other authority, save the FOIA or the Privacy Act. This Order shall not bind the actions of the DOJ custodian in any way as to the DOJ records.

12. This Agreed Protective Order does not constitute any ruling on the question of whether any particular document or category of information is properly discoverable, outside the protections of the *Touhy* regulations, and does

not constitute any ruling on any potential objection to the discoverability, relevance, or admissibility of any record, including any objection based on an assertion of privilege, other than objections based on the Privacy Act and other privileges associated with government records.

13. This Agreed Protective Order is without prejudice to the rights of any party to make any objection to discovery permitted by the Federal Rules of Criminal Procedure or Evidence, Federal Rules of Civil Procedure or Evidence, or by any statute or other authority, save the FOIA, *Touhy* considerations, or the Privacy Act. This Order shall not bind the actions of the United States Attorney's Office in any way as to the use or handling of its own records.

14. This Agreed Protective Order in no way limits the rights of the Parties to the Agreed Protective Order to seek U.S. Attorney's Office approval to modify this Agreed Protective Order during the pendency of the case. Upon the return of the DOJ records to the U.S. Attorney's Office, any future request as to the DOJ records will be considered a new request governed by the *Touhy* regulations.

15. It is understood that the DOJ records are the property of the DOJ custodian. Upon the conclusion of this lawsuit, and any appeal therefrom, the attorneys of record shall return all DOJ records to the United States Attorney's Office, Attention: Civil Division Chief at 600 U.S. Courthouse, 75 Ted Turner

Drive, S.W., Atlanta, GA 30303.  This shall be done within a reasonable time not to

exceed twenty days after the parties have exhausted all appellate rights.

    SO ORDERED this ___ day of _____, 2025.


                                   _____

                                   THE HONORABLE WILLIAM M. RAY, II
                                   United States District Judge

AGREED TO BY THE PARTIES AND SUBPOENAED NON-PARTY:


                                   *Attorney for the U.S. Attorney's Office*
                                   *Subpoenaed Non-Party*

                                   RICHARD S. MOULTRIE
                                   *Acting United States Attorney*

                                   *S/Melaine A. Williams*

                                 _____
                                 MELAINE A. WILLIAMS
                                 *Assistant U.S. Attorney*
                                 Georgia Bar No. 057307
                                 **U.S. ATTORNEY'S OFFICE**
                                 75 Ted Turner Drive, S.W.
                                 Atlanta, GA 30303
                                 T: 404-581-6000
                                 E: Melaine.williams@usdoj.gov

*Attorneys for Plaintiff A.H.*
*/s/ Denise D. Hoying*

_____

PETER LAW
Georgia Bar No. 439655
pete@lawmoran.com
E. MICHAEL MORAN
Georgia Bar No. 521602
mike@lawmoran.com
DENISE D. HOYING
Georgia Bar No. 236494
deise@lawmoran.com

**LAW & MORAN**
563 Spring Street, N.W.
Atlanta, GA 30308
T: 404-814-3700

*Attorneys for Defendants*
*/s/ Jacob Stalvey O'Neal*

_____

JACOB STALVEY O'NEAL
Georgia Bar No. 877316
joneal@hallboothsmith.com
LAURA ANN DEMAMRTINI
Georgia Bar No. 1442295
Laura.eschleman@qpwblaw.com
PHILLIP EDWARD FRIDUSS
Georgia Bar No. 277220
pfriduss@hallboothsmith.com

**HALL BOOTH SMITH, P.C.**
191 Peachtree Street, NE, Suite 2900
Atlanta, GA 30303-1775
T: 404-954-5000

PATRICK J. MCDONOUGH
Georgia Bar No. 489855
pmcdonough@atclawfirm.com
JONATHAN TONGE
Georgia Bar No. 303999
jtonge@atclawfirm.com
JENNIFER WEBSTER
Georgia Bar No. 760381
jwebster@atclawfirm.com

**ANDERSON, TATE & CARR, PC**
1960 Satellite Blvd, Suite 4000
Duluth, GA 30097
T: 770-822-0900

## **CERTIFICATE OF COMPLIANCE**

This is to certify that the foregoing ***Agreed Protective Order*** has been

prepared with one of the following font and point selections approved by

the Court in L.R. 5.1.

Respectfully submitted,

**LAW & MORAN**

*/s/ Denise D. Hoying*
Denise D. Hoying
Georgia Bar No. 236494
*Attorney for Plaintiff*

**LAW & MORAN**
563 Spring Street, NW
Atlanta, Georgia 30308
Phone: (404) 814-3700
Facsimile: (404) 842-7710
Pete@lawmoran.com
Mike@lawmoran.com
Denise@lawmoran.com

14

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

| | |
|---|---|
| A.H., | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )   CIVIL ACTION FILE |
| | )   NO. 4:24-CV-00224-WMR |
| CARSON LOOP ESM, LLC d/b/a | ) |
| BUDGETEL, and SRINIVAS | ) |
| BOLLEPALLI, | ) |
| | ) |
|     Defendants. | ) |

## **CERTIFICATE OF SERVICE**

This is to certify that I have this day served a true and correct copy of

the foregoing *Agreed Protective Order* with the Clerk of Court using the

CM/ECF system which will automatically send email notification of such

filing to:

Phillip Friduss
Jacob O'Neal
Hall Booth Smith, P.C.
191 Peachtree Street, N.E.
Suite 2900
Atlanta, GA 30303

15

This 5th day of May, 2025.

                               **LAW & MORAN**

                               */s/ Denise D. Hoying*
                               Denise D. Hoying
                               Georgia Bar No. 236494
                               Attorney for Plaintiff

**LAW & MORAN**
563 Spring Street, NW
Atlanta, Georgia 30308
Phone: (404) 814-3700
Facsimile: (404) 842-7710
Denise@lawmoran.com

16