FILED IN OPEN COURT
U.S.D.C. - Atlanta

JUN 0 1 2023

KEVIN P. WEIMER, Clerk
By: J. Kelley Deputy Clerk

# GUILTY PLEA and PLEA AGREEMENT

United States Attorney
Northern District of Georgia

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ROME DIVISION
## CRIMINAL NO. 4:23-CR-011

The United States Attorney for the Northern District of Georgia ("the Government") and Defendant Shreesh Tiwari enter into this plea agreement as set forth below in Part IV pursuant to Rules 11(c)(1)(A) & (B) of the Federal Rules of Criminal Procedure. Shreesh Tiwari, Defendant, having received a copy of the above-numbered Information and having been arraigned, hereby pleads GUILTY to the Information.

## I. ADMISSION OF GUILT

1. The Defendant admits that he is pleading guilty because he is in fact guilty of the crime(s) charged in the Information.

## II. ACKNOWLEDGMENT & WAIVER OF RIGHTS

2. The Defendant understands that by pleading guilty, he is giving up the right to plead not guilty and the right to be tried by a jury. At a trial, the Defendant would have the right to an attorney, and if the Defendant could not afford an attorney, the Court would appoint one to represent the Defendant at trial and at every stage of the proceedings. During the trial, the Defendant would be presumed innocent and the Government would have the burden of proving him guilty beyond a reasonable doubt. The Defendant would have the right to confront and cross-examine the witnesses against him. If the Defendant wished,

he could testify on his own behalf and present evidence in his defense, and he could subpoena witnesses to testify on his behalf. If, however, the Defendant did not wish to testify, that fact could not be used against him, and the Government could not compel him to incriminate himself. If the Defendant were found guilty after a trial, he would have the right to appeal the conviction.

3. The Defendant understands that by pleading guilty, he is giving up all of these rights and there will not be a trial of any kind.

4. By pleading guilty, the Defendant also gives up any and all rights to pursue any affirmative defenses, Fourth Amendment or Fifth Amendment claims, and other pretrial motions that have been filed or could have been filed.

5. The Defendant also understands that he ordinarily would have the right to appeal his sentence and, under some circumstances, to attack the conviction and sentence in post-conviction proceedings. By entering this Plea Agreement, the Defendant may be waiving some or all of those rights to appeal and to collaterally attack his conviction and sentence, as specified below.

6. Finally, the Defendant understands that, to plead guilty, he may have to answer, under oath, questions posed to him by the Court concerning the rights that he is giving up and the facts of this case, and the Defendant's answers, if untruthful, may later be used against him in a prosecution for perjury or false statements.

### III.   ACKNOWLEDGMENT OF PENALTIES

7. The Defendant understands that, based on his plea of guilty, he will be subject to the following maximum and mandatory minimum penalties:

2

**As to the sole charge in the Information (18 U.S.C. § 1590)**

    a. Maximum term of imprisonment: 20 years.

    b. Mandatory minimum term of imprisonment: None.

    c. Term of supervised release: 0 year(s) to 3 years.

    d. Maximum fine: $250,000.00, due and payable immediately.

    e. Full restitution, due and payable immediately, to all victims of the offense(s) and relevant conduct.

    f. Mandatory special assessment: $100.00, due and payable immediately.

    g. Forfeiture of any and all proceeds from the commission of the offense, any and all property used or intended to be used to facilitate the offense, and any property involved in the offense.

8. The Defendant understands that, before imposing sentence in this case, the Court will be required to consider, among other factors, the provisions of the United States Sentencing Guidelines and that, under certain circumstances, the Court has the discretion to depart from those Guidelines. The Defendant further understands that the Court may impose a sentence up to and including the statutory maximum as set forth in the above paragraph and that no one can predict his exact sentence at this time.

9. REMOVAL FROM THE UNITED STATES: The Defendant recognizes that pleading guilty may have consequences with respect to his immigration status if he is not a citizen of the United States. Under federal law, a broad range of

3

crimes are removable offenses, including the offense to which the Defendant is pleading guilty. Indeed, because the Defendant is pleading guilty to this offense, removal is presumptively mandatory. Removal and other immigration consequences are the subject of a separate proceeding, however, and the Defendant understands that no one, including his attorney or the District Court, can predict to a certainty the effect of his conviction on his immigration status. The Defendant nevertheless affirms that he wants to plead guilty regardless of any immigration consequences that his plea may entail, even if the consequence is his automatic removal from the United States.

## IV.   PLEA AGREEMENT

10. The Defendant, his counsel, and the Government, subject to approval by the Court, have agreed upon a negotiated plea in this case, the terms of which are as follows:

### Dismissal of Counts

11. The Government agrees that, upon the entry of the Judgment and Commitment Order, Case No. 4:21-CR-045 shall be dismissed pursuant to Standing Order No. 07-04 of this Court and Rule 48(a) of the Federal Rules of Criminal Procedure.  The Defendant understands that the Probation Office and the Court may still consider the conduct underlying the dismissed indictment in determining relevant conduct under the Sentencing Guidelines and a reasonable sentence under Title 18, United States Code, Section 3553(a).

## No Additional Charges

12. The United States Attorney for the Northern District of Georgia agrees not to bring further criminal charges against the Defendant related to the charges to which he is pleading guilty. The Defendant understands that this provision does not bar prosecution by any other federal, state, or local jurisdiction.

## Factual Basis

13.    The parties agree that if this case went to trial, the Government would prove by admissible evidence and beyond reasonable doubt the following facts:

   a.  Beginning in 2020, the Defendant managed the Budgetel Motel, located at 35 Carson Loop NW, Cartersville, Georgia 30121 (hereinafter referred to as "the Budgetel").

   b.  In June 2020, the Defendant hired Victim One to work at the Budgetel as a maid.  The Defendant agreed to pay Victim One $150 per week but told her that he would also charge her $150 per week for a room at the motel.  Eventually, the Defendant increased Victim One's salary to $200 per week, but he simultaneously increased the cost of her room to $200 per week.

   c.   The Defendant required Victim One to work seven days a week, from 9 am to at least 5 pm each day.  Sometimes, the Defendant required Victim One to work as late as 10 pm.

   d.  The Defendant was aware that, prior to arriving at the Budgetel, Victim One had been experiencing homelessness, and that Victim One struggled with an addiction to heroin.

5

e. The Defendant was aware that Victim One had lost custody of her young son, and the Defendant promised Victim One that he would help her regain custody of her son by providing her with paystubs, an apartment, and an attorney.

f. The Defendant discouraged Victim One from associating with her friends and family, telling her that they did not care about her, and that he was all that she had left.

g. When Victim One had been working at the Budgetel for some time, the Defendant begin to forbid her from talking to other employees or hotel guests. If the Defendant overheard Victim One speaking to guests, he would yell at her. On at least one occasion, the Defendant found Victim One socializing with a male employee in his room at the motel, and as a result the Defendant threatened to evict Victim One.

h. From the beginning of Victim One's time working at the Budgetel, the Defendant made romantic and sexual overtures to Victim One. The Defendant made sexual comments to Victim One and stood close to her if they were working the same space. The Defendant invited Victim One to "come see him" in his room in the evening, or to sleep over with him, but Victim One declined. The Defendant told Victim One that they could lie in bed next to each other and not touch, but Victim One still refused.

6

i. If the Defendant became angry with Victim One, he would threaten to evict her from her room at the Budgetel, even though he knew that she would be homeless as a result. The Defendant also threatened Victim One that he would report her drug use to DCFS so that they would not return her son, to her probation officer, or to Cartersville's drug task force, so that they would arrest her. Once, Victim One left the Budgetel for less than 24 hours and went to stay at a friend's house. During this time, the Defendant repeatedly called and texted Victim One, but she did not answer him. When Victim One returned to the Budgetel, the Defendant had punished her by bagging up all of her belongings and throwing them out of her room.

j. The Defendant began to regularly "evict" Victim One from her room whenever he became angry with her. Sometimes, when the Defendant kicked Victim One out of the Budgetel, she had just paid rent to him, so she had no money to get another morel room and would just stay in her car. Eventually, the Defendant would call Victim One and tell her to return. He would tell her that she had to come to the office first, though, to get a new key. Some nights, the Defendant would change Victim One's key and lock her out all night long without warning.

k. When the Defendant first hired Victim One and offered her a room at the Budgetel, he permitted her to bring her dog to live with her.

7

After Victim One had been at the Budgetel for several months, the Defendant suddenly began to tell her that she could not have the dog in her room and threatened to call animal control. One day, when the Defendant made this threat, Victim One responded by putting the dog in her car. The Defendant then threatened to have her car towed off the property.

l. Victim One had to perform oral sex on the Defendant to stay at the motel. If she did not, The Defendant would remove her from the property, and she would be homeless.

m. In sum, the Defendant knowingly recruited, harbored, transported, provided, or obtained Victim One for the purpose of obtaining labor or services by using force, fraud, and coercion to compel Victim One to perform sex acts upon the Defendant in exchange for a thing of value, to wit, her room at the Budgetel.

<u>**Sentencing Guidelines Recommendations**</u>

14. Based upon the evidence currently known to the Government, the Government agrees to make the following recommendations and/or to enter into the following stipulations.

**Base/Adjusted Offense Level**

15. The Government agrees to recommend and the Defendant agrees that:

a. The applicable offense guideline is Section 2H4.1(a)(1).

b. The Defendant receive the 2-level upward adjustment pursuant to Section 2H4.1(b)(3)(B).

8

**Victim-Related Adjustments**

16. The Government agrees to recommend and the Defendant agrees that:

a. The Defendant receive the 2-level upward adjustment pursuant to Section 3A1.1(b)(1).

**Acceptance of Responsibility**

17. The Government will recommend that the Defendant receive an offense level adjustment for acceptance of responsibility, pursuant to Section 3E1.1, to the maximum extent authorized by the guideline. However, the Government will not be required to recommend acceptance of responsibility if, after entering this Plea Agreement, the Defendant engages in conduct inconsistent with accepting responsibility. Thus, by way of example only, should the Defendant falsely deny or falsely attempt to minimize the Defendant's involvement in relevant offense conduct, give conflicting statements about the Defendant's involvement, fail to pay the special assessment, fail to meet any of the obligations set forth in the Financial Cooperation Provisions set forth below, or participate in additional criminal conduct, including unlawful personal use of a controlled substance, the Government will not be required to recommend acceptance of responsibility.

**Right to Answer Questions, Correct Misstatements, and Make Recommendations**

18. The parties reserve the right to inform the Court and the Probation Office of all facts and circumstances regarding the Defendant and this case, and to respond to any questions from the Court and the Probation Office and to correct any misstatements of fact or law. Except as expressly stated elsewhere in this

Plea Agreement, the parties also reserve the right to make recommendations regarding the application of the Sentencing Guidelines. The parties understand, acknowledge, and agree that there are no agreements between the parties with respect to any Sentencing Guidelines issues other than those specifically listed.

### Right to Modify Recommendations

19. With regard to the Government's recommendation as to any specific application of the Sentencing Guidelines as set forth elsewhere in this Plea Agreement, the Defendant understands and agrees that, should the Government obtain or receive additional evidence concerning the facts underlying any such recommendation, the Government will bring that evidence to the attention of the Court and the Probation Office. In addition, if the additional evidence is sufficient to support a finding of a different application of the Guidelines, the Government will not be bound to make the recommendation set forth elsewhere in this Plea Agreement, and the failure to do so will not constitute a violation of this Plea Agreement.

### Sentencing Recommendations

**Specific Sentence Recommendation**

20. Unless the Defendant engages in conduct inconsistent with accepting responsibility, as described more fully in paragraph 17, the Government agrees to recommend that the Defendant be sentenced to 46 months of imprisonment.

21. The Defendant agrees to recommend that he be sentenced to 46 months of imprisonment.

10

**Fine--No Recommendation as to Amount**

22. The Government agrees to make no specific recommendation as to the amount of the fine to be imposed on the Defendant within the applicable guideline range.

**Restitution**

23. The Defendant agrees to pay $42,648 as restitution, plus applicable interest, to the Clerk of Court for distribution to the following victims of the offense(s) to which he is pleading guilty and all relevant conduct, including, but not limited to, any counts dismissed as a result of this Plea Agreement:

| | |
|---|---|
| A.H. | $15,080 |
| M.H. | $1,200 |
| C.R. | $4,640 |
| D.L. | $15,480 |
| T.W. | $1,384 |
| S.F. | $1,384 |
| B.K. | $3,480 |

**Forfeiture**

24. The Defendant acknowledges that each asset listed below is subject to forfeiture pursuant to 18 U.S.C. § 1594(d) and (e) and agrees that he shall immediately forfeit to the United States any property, real or personal, that was involved in, used, or intended to be used to commit or to facilitate the commission of said violation, any property traceable to such property, and any property, real or personal, constituting or derived from, any proceeds that obtained, directly or indirectly, as a result of such violation, or any property traceable to such property, including, but not limited to, the following:

11

    a. One DVR/DVS security camera system seized on or about June 29, 2021, from 35 Carson Loop, Cartersville, GA at 3:00pm;

    b. One Dell desktop computer with serial number G1W9KS1;

    c. One Dell desktop computer with serial number 8RJ8C91;

    d. One Acer laptop with serial number NHQ4TAA0018420DF7A3400;

    e. One HP Chromebook with serial number 8CG90444QS;

    f. One Dell laptop with serial number 80TCBH1;

    g. One Samsung cell phone seized on or about June 29, 2021, from 35 Carson Loop, Cartersville, GA at 3:00pm;

    h. One Samsung cell phone IMEI 356274102547255;

    i. One blue Evo laptop with serial number EVC156-1BL20J04311;

    j. One Samsung Galaxy S8 cell phone R28J84K8AAn;

    k. One Verizon ZTE cell phone seized on or about June 29, 2021 from 35 Carson Loop, Cartersville, GA at 3:00pm ;

    l. One Plus cell phone seized on or about June 29, 2021, from 35 Carson Loop, Cartersville, GA at 3:00pm;

    m. One Samsung cell phone 355198110370429; and

    n. One T-Mobile cell phone 015727001944744.

25. The Defendant waives and abandons all right, title, and interest in all of the property listed above (referred to hereafter, collectively, as the Subject Property) and agrees to the administrative or judicial forfeiture of the Subject Property. In addition, the Defendant waives and abandons his interest in any other property that may have been seized in connection with this case. The

Defendant agrees to the administrative or judicial forfeiture or the abandonment of any seized property.

26. The Defendant states that he is the sole and rightful owner of the Subject Property, that to the best of his knowledge no other person or entity has any interest in the Subject Property, and that he has not transferred, conveyed, or encumbered his interest in the Subject Property. The Defendant agrees to take all steps requested by the United States to facilitate transfer of title of the Subject Property, including providing and endorsing title certificates, or causing others to do the same where third parties hold nominal title on the Defendant's behalf, to a person designated by the United States. The Defendant agrees to take all steps necessary to ensure that the Subject Property is not hidden, sold, wasted, destroyed, or otherwise made unavailable for forfeiture. The Defendant agrees not to file any claim, answer, or petition for remission or restitution in any administrative or judicial proceeding pertaining to the Subject Property, and if such a document has already been filed, the Defendant hereby withdraws that filing, including the verified claim he filed to the Subject Property in the related civil forfeiture action, *United States v. Assorted electronics and computers*, Civil Action No. 4:21-CV-235-JPB, which is presently pending in the United States District Court for the Northern District of Georgia.

27. The Defendant agrees to hold the United States and its agents and employees harmless from any claims made in connection with the seizure, forfeiture, or disposal of property connected to this case. The Defendant acknowledges that the United States will dispose of any seized property, and

that such disposal may include, but is not limited to, the sale, release, or destruction of any seized property, including the Subject Property. The Defendant agrees to waive any and all constitutional, statutory, and equitable challenges in any manner (including direct appeal, a Section 2255 petition, habeas corpus, or any other means) to the seizure, forfeiture, and disposal of any property seized in this case, including the Subject Property, on any grounds.

28. The Defendant consents to the Court's entry of a preliminary order of forfeiture against the Subject Property, which will be final as to him, a part of his sentence, and incorporated into the judgment against him.

### Financial Cooperation Provisions

**Special Assessment**

29. The Defendant agrees that he will pay a special assessment in the amount of $100 by money order or certified check made payable to the Clerk of Court, U.S. District Court, 600 East First Street, Rome, Georgia 30161, by the day of sentencing. The Defendant agrees to provide proof of such payment to the undersigned Assistant United States Attorney upon payment thereof.

**Fine/Restitution - Terms of Payment**

30. The Defendant agrees to pay any fine and/or restitution, plus applicable interest, imposed by the Court to the Clerk of Court for eventual disbursement to the appropriate account and/or victim(s). The Defendant also agrees that the full fine and/or restitution amount shall be considered due and payable immediately. If the Defendant cannot pay the full amount immediately and is placed in custody or under the supervision of the Probation Office at any time,

14

he agrees that the custodial agency and the Probation Office will have the authority to establish payment schedules to ensure payment of the fine and/or restitution. The Defendant understands that this payment schedule represents a minimum obligation and that, should the Defendant's financial situation establish that he is able to pay more toward the fine and/or restitution, the Government is entitled to pursue other sources of recovery of the fine and/or restitution. The Defendant further agrees to cooperate fully in efforts to collect the fine and/or restitution obligation by any legal means the Government deems appropriate. Finally, the Defendant and his counsel agree that the Government may contact the Defendant regarding the collection of any fine and/or restitution without notifying and outside the presence of his counsel.

**Financial Disclosure**

31. The Defendant agrees that the Defendant will not sell, hide, waste, encumber, destroy, or otherwise devalue any such asset worth more than $1,000 before sentencing, without the prior approval of the Government. The Defendant understands and agrees that the Defendant's failure to comply with this provision of the Plea Agreement should result in the Defendant receiving no credit for acceptance of responsibility.

32. The Defendant agrees to cooperate fully in the investigation of the amount of forfeiture, restitution, and fine; the identification of funds and assets in which he has any legal or equitable interest to be applied toward forfeiture, restitution, and/or fine; and the prompt payment of restitution or a fine.

33. The Defendant's cooperation obligations include: (A) fully and truthfully completing the Department of Justice's Financial Statement of Debtor form, and any addenda to said form deemed necessary by the Government, within ten days of the change of plea hearing; (B) submitting to a financial deposition or interview (should the Government deem it necessary) prior to sentencing regarding the subject matter of said form; (C) providing any documentation within his possession or control requested by the Government regarding his financial condition and that of his household; (D) fully and truthfully answering all questions regarding his past and present financial condition and that of his household in such interview(s); and (E) providing a waiver of his privacy protections to permit the Government to access his credit report and tax information held by the Internal Revenue Service.

34. So long as the Defendant is completely truthful, the Government agrees that anything related by the Defendant during his financial interview or deposition or in the financial forms described above cannot and will not be used against him in the Government's criminal prosecution. However, the Government may use the Defendant's statements to identify and to execute upon assets to be applied to the fine and/or restitution in this case. Further, the Government is completely free to pursue any and all investigative leads derived in any way from the interview(s)/deposition(s)/financial forms, which could result in the acquisition of evidence admissible against the Defendant in subsequent proceedings. If the Defendant subsequently takes a position in any legal proceeding that is inconsistent with the

16

interview(s)/deposition(s)/financial forms–whether in pleadings, oral argument, witness testimony, documentary evidence, questioning of witnesses, or any other manner–the Government may use the Defendant's interview(s)/deposition(s)/financial forms, and all evidence obtained directly or indirectly therefrom, in any responsive pleading and argument and for cross-examination, impeachment, or rebuttal evidence. Further, the Government may also use the Defendant's interview(s)/deposition(s)/financial forms to respond to arguments made or issues raised sua sponte by the Magistrate or District Court.

## Recommendations/Stipulations Non-binding

35. The Defendant understands and agrees that the recommendations of the Government incorporated within this Plea Agreement, as well as any stipulations of fact or guideline computations incorporated within this Plea Agreement or otherwise discussed between the parties, are not binding on the Court and that the Court's failure to accept one or more of the recommendations, stipulations, and/or guideline computations will not constitute grounds to withdraw his guilty plea or to claim a breach of this Plea Agreement.

## Limited Waiver of Appeal

36. LIMITED WAIVER OF APPEAL: To the maximum extent permitted by federal law, the Defendant voluntarily and expressly waives the right to appeal his conviction and sentence and the right to collaterally attack his conviction and sentence in any post-conviction proceeding (including, but not limited to, motions filed pursuant to 28 U.S.C. § 2255) on any ground, except that the

Defendant may file a direct appeal of an upward departure or upward variance above the sentencing guideline range as calculated by the District Court. Claims that the Defendant's counsel rendered constitutionally ineffective assistance are excepted from this waiver. The Defendant understands that this Plea Agreement does not limit the Government's right to appeal, but if the Government initiates a direct appeal of the sentence imposed, the Defendant may file a cross-appeal of that same sentence.

## Miscellaneous Waivers

**FOIA/Privacy Act Waiver**

37. The Defendant hereby waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including, without limitation, any records that may be sought under the Freedom of Information Act, Title 5, United States Code, Section 552, or the Privacy Act of 1974, Title 5, United States Code, Section 552a.

18

## No Other Agreements

38. There are no other agreements, promises, representations, or understandings between the Defendant and the Government.

In Open Court this _____ day of _____, _____.

_____          _____
SIGNATURE (Defendant's Attorney)   SIGNATURE (Defendant)
Kalpin Shah                        Shreesh Tiwari


_____
SIGNATURE (Assistant U.S. Attorney)
Annalise K. Peters

_____
SIGNATURE (Approving Official)
L. Skye Davis

I have read the Information against me and have discussed it with my attorney. I understand the charges and the elements of each charge that the Government would have to prove to convict me at a trial. I have read the foregoing Plea Agreement and have carefully reviewed every part of it with my attorney. I understand the terms and conditions contained in the Plea Agreement, and I voluntarily agree to them. I also have discussed with my attorney the rights I may have to appeal or challenge my conviction and sentence, and I understand that the appeal waiver contained in the Plea Agreement will prevent me, with the narrow exceptions stated, from appealing my conviction and sentence or challenging my conviction and sentence in any post-conviction proceeding. No one has threatened or forced me to plead guilty, and no promises or inducements have been made to me other than those discussed in the Plea Agreement. The discussions between my attorney and the Government toward reaching a negotiated plea in this case took place with my permission. I am fully satisfied with the representation provided to me by my attorney in this case.

_____        $6/1) 2023$
_____
SIGNATURE (Defendant)                   DATE
Shreesh Tiwari

20

I am Shreesh Tiwari's lawyer. I have carefully reviewed the charges and the Plea Agreement with my client. To my knowledge, my client is making an informed and voluntary decision to plead guilty and to enter into the Plea Agreement.

_____          ~~May~~ June 1, 2023
SIGNATURE (Defendant's Attorney)          DATE
Kalpin Shah


Kalpin Shah
101 Marietta St. NW
Suite 3325
Atlanta, GA 30303


858166 ___State Bar of Georgia Number


Filed in Open Court

This 1 day of June , 2023


By _____

U. S. DEPARTMENT OF JUSTICE
Statement of Special Assessment Account

This statement reflects your special assessment only. There may be other penalties imposed at sentencing.

| ACCOUNT INFORMATION | |
|---|---|
| CRIMINAL ACTION NO.: | 4:23-CR-011 |
| DEFENDANT'S NAME: | SHREESH TIWARI |
| PAY THIS AMOUNT: | $100 |

Instructions:

1.  Payment must be made by **certified check** or **money order** payable to:
    Clerk of Court, U.S. District Court
    **\*personal checks will not be accepted\***
2.  Payment must be made to the clerk's office by the day of sentencing.
3.  Payment should be sent or hand delivered to:
    Clerk, U.S. District Court
    600 East First Street
    Rome, Georgia 30161
    (Do Not Send Cash)
4.  Include the defendant's name on **certified check** or **money order.**
5.  Enclose this coupon to insure proper and prompt application of payment.
6.  Provide proof of payment to the above-signed AUSA within 30 days of the guilty plea.