### IN THE UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF GEORGIA
### ROME DIVISION

| | |
|---|---|
| A.H.,<br><br>     Plaintiff,<br><br>v.<br><br>CARSON LOOP ESM, LLC d/b/a BUDGETEL, and SRINIVAS BOLLEPALLI,<br><br>     Defendants. | CIVIL ACTION FILE<br>NO. 4:24-cv-00224-WMR |

### DEFENDANTS' RESPONSE TO PLAINTIFF'S STATEMENT OF ADDITIONAL MATERIAL FACTS

COME NOW, **DEFENDANTS CARSON LOOP ESM, LLC d/b/a BUDGETEL** and **SRINIVAS BOLLEPALLI** ("Defendants"), by their undersigned counsel, states as follows pursuant to N.D. Ga. LR 56.1(B)(3):

1.

Defendants employed Shreesh Tiwari to manage its Budgetel, acting at Defendants' direction to facilitate Defendants' profiting from the rental of rooms at the Budgetel. (Ex. A, Bollepalli Dep., 24:6-14; 39:8-10; 81:2-13; 146:10-23; Ex. B, Defendants' Responses to Requests for Admission, ¶¶ 23, 24).

**<u>Response</u>**: Defendants object in that this proffered evidence does not support the respondent's fact, is otherwise not material to the issues regarding

the Defendants, and does not comply with LR 56.1(B)(1) because it is stated as an issue or legal conclusion.

## 2.

Tiwari pled guilty to federal labor trafficking that included, among other violations, that Tiwari "knowingly recruited, harbored, transported, provided, or obtained [Plaintiff] for the purpose of obtaining labor or services by using force, fraud, and coercion to compel [Plaintiff] to perform sex acts upon [Tiwari] in exchange for a thing of value, to wit, her room at the Budgetel." (Ex. C, Guilty Plea at 8). In other words, the labor trafficking included sex trafficking.

**Response**: Defendants object in that this proffered evidence does not support the respondent's fact, is otherwise not material to the issues regarding the Defendants, and does not comply with LR 56.1(B)(1) because it is stated as an issue or legal conclusion.

## 3.

The Department of Homeland Security's investigation revealed that at least five to seven women were trafficked by Tiwari at the Budgetel, including Plaintiff. (Ex. D, Rives Dep., 29:16-30:10; Ex. C at 11; Ex. E, Affidavit).

**Response**: Defendants object in that this proffered evidence does not support the respondent's fact, is otherwise not material to the issues regarding the

Defendants, and does not comply with LR 56.1(B)(1) because it is stated as an issue or legal conclusion.

### 4.

Defendants Carson Loop ESM, LLC and Srinivas Bollepalli owned, operated, maintained, and controlled the Budgetel. (Ex. A, Bollepalli Dep., 13:114; 21:12-14; 136:1).

**Response**: Defendants object in that this proffered evidence regarding Srinivas Bollepalli does not support the respondent's fact, is otherwise not material to the issues regarding the Defendants, and does not comply with LR 56.1(B)(1) because it is stated as an issue or legal conclusion. The Court may properly consider this fact on summary judgment as to Carson Loop ESM, LLC.

### 5.

Defendants admit that they benefitted financially and received financial compensation from the renting of rooms at the subject Budgetel. (Ex. B, Defendants' Responses to Requests for Admission, ¶¶ 23, 24).

**Response**:    The Court may properly consider this fact on summary judgment.

6.

In January of 2020, Defendants hired Shreesh Tiwari to be Budgetel's onsite manager after he responded to a Facebook ad. (Ex. A, Bollepalli Dep., 24:6-14; 39:8-10).

**<u>Response</u>**: Defendants object in that this proffered evidence does not support the respondent's fact, is otherwise not material to the issues regarding the Defendants, and does not comply with LR 56.1(B)(1) because it is stated as an issue or legal conclusion. The Court may otherwise properly consider the fact that Carson Loop ESM, LLC contracted with Tiwari to perform work at the Budgetel.

7.

They called one reference but did no other background check and provided Tiwari with no training apart from an eight-page presentation. (Ex. A, Bollepalli Dep., 82:8-24, 83:3-23).

**<u>Response</u>**: Defendants object in that this proffered evidence does not support the respondent's fact and is otherwise not material to the issues regarding the Defendants.

8.

Defendants provided all the supplies for the motel and for Tiwari to do his job. (Ex. A, Bollepalli Dep., 40:15-41:7).

**<u>Response</u>**:  Defendants  object  in  that  this  proffered  evidence  does  not support the respondent's fact, is otherwise not material to the issues regarding the Defendants.

9.

Tiwari managed the motel around the clock and he was not allowed to work anywhere else. (Ex. A, Bollepalli Dep., 79:10-24).

**<u>Response</u>**:  Defendants  object  in  that  this  proffered  evidence  does  not support the respondent's fact and is otherwise not material to the issues regarding the Defendants.

10.

He had no decision-making authority and no authority to set rules or policies and  procedures  for  the  motel – rather,  he  acted  at  Defendants'  direction.  (Ex. A, Bollepalli Dep., 81:2-13; 146:10-23).

**<u>Response</u>**:  Defendants  object  in  that  this  proffered  evidence  does  not support the respondent's fact and is otherwise not material to the issues regarding the Defendants.

11.

In addition to his other duties, Tiwari was empowered by Defendants to evict people from the motel. (Ex. A, Bollepalli Dep., 89:9-12).

**Response**:  The Court may properly consider this evidence on summary judgment.

12.

Everything at the motel was under Bollepalli's control and he was at the motel every other day. (Ex. D, Rives Dep., 21:7-14, Ex. A, Bollepalli Dep., 38:8¬18; 39:5-7; 136:1).

**Response**:  Defendants object in that this proffered evidence does not support the respondent's fact and is otherwise not material to the issues regarding the Defendants.

13.

Tiwari was Bollepalli's mouthpiece; he communicated Bollepalli's instructions and wishes to the other motel employees, including Plaintiff. (Ex. F, A.H. Dep., 71:13-24; 208:21-24).

**Response**:  Defendants object in that this proffered evidence does not support the respondent's fact, is otherwise not material to the issues regarding the Defendants, and does not comply with LR 56.1(B)(1) because it is stated as an issue or legal conclusion.

14.

Everyone working at the Budgetel was employed by Carson Loop ESM, LLC, including all housekeepers, front desk and maintenance employees, and Tiwari, the manager. (Ex. A, Bollepalli Dep., 54:5-11).

**Response**: Defendants object in that this proffered evidence does not support the respondent's fact as to Tiwari, is otherwise not material to the issues and does not comply with LR 56.1(B)(1) because it is stated as an issue or legal conclusion as to Tiwari. The Court may properly consider the remainder of this evidence on summary judgment.

15.

Prior to Tiwari's arrest for sex and labor trafficking in 2021, Bollepalli did not know anything about human trafficking and he provided no training to any of his employees, including Tiwari, on how to identify and prevent trafficking. (Ex. A, Bollepalli Dep., 85:8-86:4).

**Response**: Defendants object in that this proffered evidence does not support the respondent's fact as to "Bollepalli [] provided no training (…) identify and prevent trafficking" and is otherwise not material to the issues regarding the Defendants. The Court may properly consider that, prior to Tiwari's arrest, Bollepalli did not know anything about human trafficking.

7

16.

Defendants and Tiwari hired Plaintiff to work at the motel as a housekeeper in June of 2020. (Ex. C).

**<u>Response</u>**:  The Court may properly consider this fact as to Defendant Carson Loop ESM, LLC only on summary judgment. With regard to Srinivas Bollepalli and Tiwari, Defendants object in that this proffered evidence does not support the respondent's fact, is otherwise not material to the issues regarding the Defendants, and does not comply with LR 56.1(B)(1) because it is stated as an issue or legal conclusion.

17.

In order to work there, she was required to live at the Budgetel. (Ex. F, A.H. Dep., 87:13-25).

**<u>Response</u>**:  Defendants object in that this proffered evidence does not support the respondent's fact, is otherwise not material to the issues regarding the Defendants, and does not comply with LR 56.1(B)(1) because it is stated as an issue or legal conclusion.

18.

When she was hired, Plaintiff was paid $150/week for her work, and Defendants simultaneously charged her $150/week to rent her room at the Budgetel. (Ex. C).

**Response**: Defendants object in that this proffered evidence does not support the respondent's fact and otherwise does not comply with LR 56.1(B)(1).

19.

Bollepalli set all the salaries and room rates, including Plaintiff's. (Ex. A, Bollepalli Dep., 38:24-39:2; 55:15-20).

**Response**:  The Court may properly consider this fact on summary judgment.

20.

Plaintiff was forced to work at the Budgetel seven days per week from 9:00 a.m. until at least 5:00 p.m., but she was frequently forced to continue working until 10:00 or 11:00 p.m. (Ex. C).

**Response**: Defendants object in that this proffered evidence does not support the respondent's fact, is otherwise not material to the issues regarding the Defendants, and does not comply with LR 56.1(B)(1).

21.

Her work included housekeeping and construction labor. (Ex. F, A.H. Dep., 39:10-25).

**<u>Response</u>**:   The Court may properly consider this fact on summary judgment.

22.

She complained directly to Bollepalli that she wasn't being paid enough, and in response, he and Tiwari raised Plaintiff's salary to $200/week and simultaneously raised her room rent to $200/week. (Ex. F, A.H. Dep., 37:15-38:2).

**<u>Response</u>**:  Defendants object in that this proffered evidence does not support the respondent's fact and is otherwise not material to the issues regarding the Defendants.

23.

Several other employees also complained directly to Bollepalli about the working conditions at the motel and Tiwari's treatment of them. (Ex. F, A.H. Dep., 72:6-73:3).

**<u>Response</u>**:  Defendants object in that this proffered evidence does not support the respondent's fact, is otherwise not material to the issues regarding the Defendants, and does not comply with LR 56.1(B)(1).

24.

Tiwari and Bollepalli routinely yelled and screamed at Plaintiff, Tiwari physically pushed Plaintiff over, and they threatened to fire and evict her, rendering her homeless, if she did not do the work that they instructed her to do. (Ex. F, A.H. Dep., 24:6-17; 40:23-41:6, 121:6-15).

**Response**: Defendants object in that this proffered evidence does not support the respondent's fact and is otherwise not material to the issues regarding the Defendants.

25.

Defendants' manager also threatened that if Plaintiff left the motel, he would report her drug use to the police and DFCS, she would go to jail and never get her child back. (Ex. F, A.H. Dep., 67:16-68:21; 94:21-95:17).

**Response**: Defendants object in that this proffered evidence does not support the respondent's fact, is otherwise not material to the issues regarding the Defendants, and does not comply with LR 56.1(B)(1) because it is stated as an issue or legal conclusion.

26.

Defendants' manager discouraged Plaintiff from associating with her friends and family and told her that they didn't care about her, and that he was all that she had left. (Ex. C).

**Response**: Defendants object in that this proffered evidence does not support the respondent's fact, is otherwise not material to the issues regarding the Defendants, and does not comply with LR 56.1(B)(1).

27.

He forbid her from talking to others, and yelled and threatened to evict her if she socialized with others. (Ex. C).

**Response**: Defendants object in that this proffered evidence does not support the respondent's fact, is otherwise not material to the issues regarding the Defendants, and does not comply with LR 56.1(B)(1).

28.

Plaintiff lived and worked at the motel for approximately 26 weeks in 2021, earning $200/week for a total of $5,200, all of which was then deducted as room rent and kept by Defendants. (Ex. A, Bollepalli Dep., 145:13-146:4; Ex. G, W2).

**Response**: Defendants object in that this proffered evidence does not support the respondent's fact.

29.

Bollepalli paid all of his employees by payroll checks that he signed, but because Defendants knowingly kept her in a state of servitude, Bollepalli never wrote a single payroll check to Plaintiff. (Ex. A, Bollepalli Dep., 67:2-15; Ex. F, A.H. Dep., 206:12-25; Ex. H, all payroll checks produced, none written to Plaintiff).

**Response**: Defendants object in that this proffered evidence does not support the respondent's fact, is otherwise not material to the issues regarding the Defendants, and does not comply with LR 56.1(B)(1) because it is stated as an issue or legal conclusion.

30.

Tiwari occasionally sent Plaintiff money through CashApp. (Ex. F, A.H. Dep., 37:10-38:2).

**Response**:   Defendants object in that this proffered fact is not material to the issues regarding the Defendants.

31.

A few months after her labor trafficking at the motel began, Tiwari began making sexual advances toward Plaintiff. (Ex. F, A.H. Dep., 203:8-204:3).

**Response**:  Defendants object in that this proffered evidence does not support the respondent's fact and does not comply with LR 56.1(B)(1) because it is stated as an issue or legal conclusion.

32.

He used his position as manager to threaten Plaintiff with eviction, rendering her homeless, if she did not perform oral sex on him, coercing Plaintiff to comply for his demands for sex. (Ex. F, A.H. Dep., 23:7-22).

**Response**:  Defendants object in that this proffered evidence does not support the respondent's fact and is otherwise not material to the issues regarding the Defendants.

33.

During these multiple forced sexual encounters, Tiwari would slam Plaintiff's head down, strike her, and grab her arm with enough force to leave bruises. (Ex. F, A.H. Dep., 29:24-30:1, 66:25-67:20).

**Response**:  Defendants object in that this proffered evidence does not support the respondent's fact.

34.

Tiwari also used his position as manager to enter Plaintiff's room without her permission to steal documents, including her ID, car title, insurance documents, and social security card, which he refused to return and kept in the motel safe so that she

could not leave, forcing her to continue working and providing him with oral sex. (Ex. F, A.H. Dep., 26:17-24; 90:16-91:20; 95:24-96:7).

**Response**: Defendants object in that this proffered evidence does not support the respondent's fact, is otherwise not material to the issues regarding the Defendants, and does not comply with LR 56.1(B)(1) because it is stated as an issue or legal conclusion.

35.

Tiwari kept a gun in the office and regularly walked the property with a baseball bat, threatening people. (Ex. F, A.H. Dep., 69:1-9; 70:24-71:2).

**Response**: Defendants object in that this proffered evidence does not support the respondent's fact, is otherwise not material to the issues regarding the Defendants, and does not comply with LR 56.1(B)(1).

36.

As noted, Defendant Bollepalli was at the motel every other day. (Ex. D, Rives Dep., 21:7-14).

**Response**: Defendants object in that this proffered evidence does not support the respondent's fact and is otherwise not material to the issues regarding the Defendants.

37.

Tiwari kept a gun and all the documents that he stole from Plaintiff's room in the motel safe that Bollepalli had access to. (Ex. A, Bollepalli Dep., 104:21-23, 113:4-25; Ex. F, A.H. Dep., 26:17-24; 90:16-91:20; 95:24-96:7).

**Response**: Defendants object in that this proffered evidence does not support the respondent's fact, is otherwise not material to the issues regarding the Defendants, and does not comply with LR 56.1(B)(1) because it is stated as an issue or legal conclusion.

38.

Tiwari also used Defendants' computers – that Bollepalli had full access to – to document his trafficking. (Ex. A, Bollepalli Dep., 119:21-120:10).

**Response**: Defendants object in that this proffered evidence does not support the respondent's fact, is otherwise not material to the issues regarding the Defendants, and does not comply with LR 56.1(B)(1) because it is stated as an issue or legal conclusion.

39.

Defendants' computers contained photographs and videos of victims performing oral sex on Tiwari, screen shots of sexually suggestive texts messages between Tiwari and a victim, photographs of several trafficking victims, and payroll

files, among other evidence that was readily available to Defendants. (Ex. I, DHS Report ROI DG15HR21DG0002-053).

**Response**: Defendants object in that this proffered evidence does not support the respondent's fact, is otherwise not material to the issues regarding the Defendants, and does not comply with LR 56.1(B)(1) because it is stated as an issue or legal conclusion.

40.

DHS's investigation revealed that at least five to seven women were trafficked by Tiwari at the Budgetel. (Ex. D, Rives Dep., 29:16-30:10; Ex. C at 11; Ex. E, Affidavit).

**Response**: Defendants object in that this proffered evidence does not support the respondent's fact, is otherwise not material to the issues regarding the Defendants, and does not comply with LR 56.1(B)(1) because it is stated as an issue or legal conclusion.

41.

Beginning in 2016, Bollepalli visited the police station each year and asked for all police reports for the Budgetel. (Ex. A, Bollepalli Dep., 30:8-31:22).

**<u>Response</u>**:  Defendants  object  in  that  this  proffered  evidence  does  not support the respondent's fact and is otherwise not material to the issues regarding the Defendants.

## 42.

The police gave him each year's reports and he read them. (Ex. A, Bollepalli Dep., 30:8-31:22).

**<u>Response</u>**:  Defendants  object  in  that  this  proffered  evidence  does  not support the respondent's fact and is otherwise not material to the issues regarding the Defendants.

## 43.

These reports reflected numerous calls for service for a variety of crimes, including but not limited to theft, narcotics, domestic violence, prostitution, and sexual harassment. (Ex. D, Rives Dep., 15:9-21; Ex. X, Families Face Uncertain Future Following Mass Motel Eviction, The Daily Tribune News (Oct. 16, 2019).

**<u>Response</u>**:  Defendants  object  in  that  this  proffered  evidence  does  not support the respondent's fact, is otherwise not material to the issues regarding the Defendants, and does not comply with LR 56.1(B)(1) because it is stated as an issue or legal conclusion.

44.

DHS conducted numerous narcotics investigations at the Budgetel and it is located in a high crime area. (Ex. D, Rives Dep., 19:17-22, 88:13-18; 137:12-18).

**Response**: Defendants object in that this proffered evidence does not support the respondent's fact, is otherwise not material to the issues regarding the Defendants, and does not comply with LR 56.1(B)(1) because it is stated as an issue or legal conclusion.

45.

Bollepalli also read the Google reviews of the Budgetel every month. (Ex. A, Bollepalli Dep., 121:17-21).

**Response**: Defendants object in that this proffered evidence does not support the respondent's fact and is otherwise not material to the issues regarding the Defendants.

46.

There, prior to Plaintiff's trafficking, Bollepalli learned, among other things, that the motel was reportedly "not clean, and drug infested", "disgusting... [a]lmost everyone is a drug addict", "[t]he people here are bad people and a big problem with drugs", "drug addicts and prostitutes", "[i]t looked like a cross between a crack house

and a no-tell motel", "too much drug activity & just didn't feel safe sitting there", "[m]en coming and going in the room next to ours, all night", "knife mark's in the wall", "people fighting in the parking lot", "[t]his is the scariest place I've ever stayed!", and "if you need DRUG'S Budgetel is the place to go oh hell forgot the most important things WHORE'S -Homewreakin Female's and Male's all over the place." (Ex. L, Google Reviews).

**Response**: Defendants object in that this proffered evidence does not support the respondent's fact, is otherwise not material to the issues regarding the Defendants, and does not comply with LR 56.1(B)(1) because it is stated as an issue or legal conclusion.

### 47.

That isn't all that Defendants knew about. In 2019, almost 200 people were evicted from the motel after it was shut down by the Georgia Department of Public Health. The motel has a reputation with the local police forces as "one of the most crime-ridden areas in the county." (Ex. K).

**Response**: Defendants object in that this proffered evidence does not support the respondent's fact, is otherwise not material to the issues regarding the Defendants, and does not comply with LR 56.1(B)(1) because it is stated as an issue or legal conclusion.

48.

In 2018 alone, there were more than 190 police incidents there, and by the time it was shut down in October 2019, there had already been 177 police incidents. (Ex. K).

**Response**: Defendants object in that this proffered evidence does not support the respondent's fact, is otherwise not material to the issues regarding the Defendants, and does not comply with LR 56.1(B)(1) because it is stated as an issue or legal conclusion.

49.

Residents with outstanding warrants included one wanted for child pornography. (Ex. K).

**Response**: Defendants object in that this proffered evidence does not support the respondent's fact, is otherwise not material to the issues regarding the Defendants, and does not comply with LR 56.1(B)(1) because it is stated as an issue or legal conclusion.

50.

In 2019, when the motel was shut down, Bartow County Commissioner Steve Taylor stated, "We've had dozens of arrests from drugs and prostitution out there,

and the living conditions for those children are horrible. That's the reason for this action to take place now." (Ex. K).

**Response**: Defendants object in that this proffered evidence does not support the respondent's fact, is otherwise not material to the issues regarding the Defendants, and does not comply with LR 56.1(B)(1) because it is stated as an issue or legal conclusion.

51.

Taylor went on to say that no matter where the displaced children ended up, it would be an improvement over the Budgetel. (Ex. K).

**Response**: Defendants object in that this proffered evidence does not support the respondent's fact, is otherwise not material to the issues regarding the Defendants, and does not comply with LR 56.1(B)(1) because it is stated as an issue or legal conclusion.

52.

Bollepalli instituted a 10:00 p.m. curfew at the motel due to its known drug activity. (Ex. D, Rives Dep., 21:7-14).

**Response**: Defendants object in that this proffered evidence does not support the respondent's fact, is otherwise not material to the issues regarding the

Defendants, and does not comply with LR 56.1(B)(1) because it is stated as an issue or legal conclusion.

53.

Despite the known and extensive crime at the Budgetel, Defendants never hired security. (Ex. A, Bollepalli Dep., 62:18-24).

**Response**: Defendants object in that this proffered evidence does not support the respondent's fact, is otherwise not material to the issues regarding the Defendants, and does not comply with LR 56.1(B)(1) because it is stated as an issue or legal conclusion.

54.

Other than surveillance cameras and locking the lobby overnight, Defendants did nothing to keep their invitees safe. (Ex. A, Bollepalli Dep., 62:18¬63:11).

**Response**: Defendants object in that this proffered evidence does not support the respondent's fact, is otherwise not material to the issues regarding the Defendants, and does not comply with LR 56.1(B)(1) because it is stated as an issue or legal conclusion.

55.

Beginning in 2013, all motels were required to post a human trafficking notice "in a conspicuous place near the public entrance of the business or establishment or in another conspicuous location in clear view of the public and employees." O.C.G.A. § 16-5-47(b).

**Response**:   Defendants object in that this proffered evidence is not material to the issues regarding the Defendants, and does not comply with LR 56.1(B)(1) because it is stated as an issue or legal conclusion.

56.

Bollepalli does not know if a human trafficking notice was ever posted at the Budgetel. (Ex. A, Bollepalli Dep., 74:1-25).

**Response**:   Defendants object in that this proffered evidence does not support the respondent's fact, is otherwise not material to the issues regarding the Defendants, and does not comply with LR 56.1(B)(1) because it is stated as an issue or legal conclusion.

57.

If a human trafficking notice was posted, it was posted on a bulletin board where only the site manager, Bollepalli, and front desk employees were allowed to go. (Ex. A, Bollepalli Dep., 106:15-107:2).

**Response**:

58.

If a human trafficking notice was ever posted at all, the notice was not posted where housekeeping staff, including Plaintiff, could see it. (Ex. A, Bollepalli Dep., 106:19-21).

**Response**: Defendants object in that this proffered evidence does not support the respondent's fact, is otherwise not material to the issues regarding the Defendants, and does not comply with LR 56.1(B)(1) because it is stated as an issue or legal conclusion.

Respectfully submitted this 13th day of March, 2026.

**HALL BOOTH SMITH, P.C.**

*/s/ Jacob Stalvey O'Neal*
JOHN E. HALL, JR.
Georgia Bar No. 319090
PHILLIP E. FRIDUSS
Georgia Bar No. 277220
JACOB STALVEY O'NEAL
Georgia Bar No. 877316
DANA WOODALL
Georgia Bar No. 478735

*Counsel for Defendants*

191 Peachtree Street, N.E.
Suite 2900
Atlanta, GA 30303-1775
Tel:  404-954-5000
Fax: 404-954-5020
Email:  jhall@hallboothsmith.com
Email:  pfriduss@hallboothsmith.com
Email:  joneal@hallboothsmith.com
Email: dwoodall@hallboothsmith.com

## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ROME DIVISION

A.H.,

      Plaintiff,

v.

CARSON LOOP ESM, LLC D/B/A
BUDGETEL, and SRINIVAS
BOLLEPALLI,

      Defendants.

CIVIL ACTION FILE
NO. 4:24-cv-00224-WMR

---

### CERTIFICATE OF SERVICE

I hereby certify that I have this day served the following counsel of record in this case with a true and correct copy of the foregoing **Defendants' Response to Plaintiff's Statement of Additional  Material Facts** upon all parties to this matter by depositing a true copy of same in the U.S. Mail, proper postage prepaid, addressed to counsel of record as follows and/or filing said document with the CM/ECF system which will automatically send electronic notification to the following:

Peter A. Law, Esq.
E. Michael Moran, Esq.
Denise D. Hoying, Esq.
Law & Moran
563 Spring Street, N.W.
Atlanta, GA 30308
*pete@lawmoran.com*
*mike@lawmoran.com*
*denise@lawmoran.com*

Patrick J. McDonough, Esq.
Jonathan S. Tonge, Esq.
Andersen, Tate & Carr, P.C.
One Sugarloaf Centre
1960 Satellite Boulevard
Suite 400
Duluth, GA 30097
*pmcdonough@atclawfirm.com*
*jtonge@atclawfirm.com*

Respectfully submitted this 13th day of March, 2026.

**HALL BOOTH SMITH, P.C.**

*/s/ Jacob Stalvey O'Neal*
JOHN E. HALL, JR.
Georgia Bar No. 319090
PHILLIP E. FRIDUSS
Georgia Bar No. 277220
JACOB STALVEY O'NEAL
Georgia Bar No. 877316
DANA WOODALL
Georgia Bar No. 478735

*Counsel for Defendants*

191 Peachtree Street, N.E.
Suite 2900
Atlanta, GA 30303-1775
Tel:  404-954-5000
Fax: 404-954-5020
Email:  jhall@hallboothsmith.com
Email:  pfriduss@hallboothsmith.com
Email:  joneal@hallboothsmith.com
Email: dwoodall@hallboothsmith.com