IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

| | | |
|---|---|---|
| A.H., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION FILE |
| | ) | NO. 4:24-CV-00224-WMR |
| CARSON LOOP ESM, LLC d/b/a BUDGETEL, and SRINIVAS BOLLEPALLI, | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF'S MOTION IN LIMINE TO EXCLUDE EVIDENCE OF OR REFERENCE TO PLAINTIFF'S AND NONPARTY WITNESSES' UNRELATED CRIMINAL HISTORY, CONVICTIONS, AND POLICE REPORTS**

## INTRODUCTION

This case should not become a trial of Plaintiff's or her witnesses' unrelated encounters with the criminal justice system. The records at issue span arrests and charges that never resulted in convictions, stale convictions, offenses that do not involve dishonesty or false statements, and arrests concerning events having nothing to do with Defendants or their hotel. The Federal Rules of Evidence sharply limit the use of such evidence. Fed. R. Evid. 404, 608, 609.

Rule 609 permits impeachment by conviction only within defined limits. Arrests and charges are not convictions. *Michelson v. United States*, 335 U.S. 469,

482 (1948); *see also United States v. Vigliatura*, 878 F.2d 1346, 1351 (11th Cir. 1989); *United States v. Hames*, No. 5:18-cv-1055, 2024 WL 290294, at *6–7 (N.D. Ala. Jan. 25, 2024). Lesser convictions are admissible only when the offense involves dishonesty or false statements, and stale convictions face Rule 609(b)'s heightened standard and "strong presumption" against admission. Fed. R. Evid. 609(a)(2), (b); *United States v. Sellers*, 906 F.2d 597, 603 (11th Cir. 1990); *United States v. Moore*, 76 F.4th 1355, 1367 (11th Cir. 2023). And even a qualifying felony conviction remains subject to Rule 403 in a civil case. Fed. R. Evid. 609(a)(1)(A); *Jackson v. Catanzariti*, 159 F.4th 874, 884 (11th Cir. 2025).

The Rules likewise do not permit unrelated conduct to become a backdoor attack on a witness's character. Fed. R. Evid. 404(b)(1), 403; *see Carrizosa v. Chiquita Brands Int'l, Inc.*, 47 F.4th 1278, 1325 (11th Cir. 2022). That concern carries particular force here. Much of the evidence has nothing to do with Defendants, their property, or what occurred there, yet carries an obvious risk that the jury will judge Plaintiff and her witnesses for collateral events rather than decide this case on its merits. Once that evidence reaches the jury, the prejudice is difficult to undo. As the former Fifth Circuit colorfully observed, "[y]ou can throw a skunk into the jury box and instruct the jurors not to smell it, but it doesn't do any good." *O'Rear v. Fruehauf Corp.*, 554 F.2d 1304, 1309 (5th Cir. 1977).

Plaintiff asks the Court to exclude the unrelated criminal-history and police-report evidence identified below. Alternatively, if the Court permits impeachment with any qualifying conviction, Plaintiff asks that the inquiry be limited to the date and offense of conviction, without reference to its underlying facts or circumstances. Plaintiff further requests that any proposed criminal-history evidence be raised outside the jury's presence before it is mentioned or otherwise presented at trial.

## ARGUMENT

### I. Plaintiff's 2017 theft by taking matters, Plaintiff's 2018 forgery in the fourth-degree matter, Plaintiff's 2018 driving while license suspended or revoked and 2018 possession of drug-related object matters, and Plaintiff's 2021 driving with no insurance matter, and any associated incident reports and surveillance footage, are inadmissible.

Plaintiff's 2017 theft by taking matters, Plaintiff's 2018 forgery in the fourth-degree matter, Plaintiff's 2018 driving while license suspended or revoked and 2018 possession of drug-related object matters, and Plaintiff's 2021 driving with no insurance matter (collectively, the "Matters") are not admissible under Rule 609 because none of the Matters resulted in a conviction.

All five of these Matters are categorically inadmissible under the Federal Rules of Evidence. Fed. R. Evid. 609's text is unambiguous: it governs attacking a witness's character for truthfulness by evidence of a criminal conviction—not

unrelated arrests, charges, indictments, or matters that were resolved without an adjudication of guilt. These principles have been applied in this circuit. *Vigliatura* articulated the general rule that the mere existence of an arrest is not admissible to impeach credibility. 878 F.2d at 1351. Further, the Georgia Supreme Court has made clear that, "without an adjudication of guilt, there is no conviction," and a rule permitting impeachment by prior conviction therefore does not apply. *Manner v. Georgia*, 808 S.E.2d 681, 691 (Ga. 2017).

Even if these Matters had resulted in a conviction, four of the five would not qualify for admission under Federal Rule of Evidence 609(a)(2). The Eleventh Circuit has specifically held that theft does not involve the type of dishonesty contemplated by the Rule. *Sellers*, 906 F.2d at 603 ("It is established in this Circuit . . . that crimes such as theft, robbery, or shoplifting do not involve 'dishonesty or false statement' within the meaning of Rule 609(a)(2)."). Because theft is not probative of A.H.'s character for truthfulness, the underlying incident is not a permissible subject of impeachment. Plus, Federal Rule of Evidence 608(b) prohibits Defendants from proving the incident through extrinsic evidence such as surveillance video or incident reports.

Further, traffic offenses and possession of a drug-related object do not constitute crimes of "dishonesty or false statement" within the meaning of Rule

609(a)(2). A court within the Eleventh Circuit addressed the precise situation of driving without a license. The court stated that "[t]hese are simply misdemeanor offenses unrelated to the present situation and do not involve instances of dishonesty or false statements." *United States v. Pilati*, 2007 WL 9684457, at *7 (N.D. Ala. Oct. 24, 2007). Similarly, there is no dishonesty or false statement involved in driving with no insurance.

Lastly, there is no deception involved in possession of a drug-related object. The Eleventh Circuit has noted that prior instances of drug use are not relevant to truthfulness in *United States v. Sellers*, 906 F.2d 597, 602 (11th Cir. 1990). If actually using drugs is not relevant to truthfulness, it stands to reason that possession of a drug-related object is similarly irrelevant, if not more so.

These Matters should be excluded under Federal Rule of Evidence 403. Litigating the collateral incidents from Plaintiff's past would require the parties to address the circumstances of the Matters, surveillance footage, and the resulting charges—all to establish conduct that has no bearing on her credibility or the issues the jury must decide. Any marginal probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, and undue delay. Fed. R. Evid. 403.

For these reasons, the Court should exclude the Matters and any associated surveillance footage and incident reports in their entirety.

## II. Witnesses' criminal histories are largely inadmissible under Rule 609.

Federal Rule of Evidence 609 permits impeachment with qualifying convictions, not criminal history generally. Whether a particular record is admissible therefore depends first on whether it reflects a conviction and, if so, the nature and age of that conviction. Fed. R. Evid. 609. Those requirements dispose of nearly all the records at issue.

### A. Arrests, charges, and unresolved matters are not convictions.

Rule 609 does not permit impeachment with a mere arrest, charge, or other disposition that never resulted in an adjudication of guilt. "Only a conviction . . . may be inquired about to undermine the trustworthiness of a witness"; "[t]he mere existence of an arrest is not admissible." *Michelson v. United States*, 335 U.S. 469, 482 (1948); *Vigliatura*, 878 F.2d at 1351; *Gibson v. Wash Box, LLC*, No. 1:17-cv-1965, 2019 WL 13330953, at *2–3 (N.D. Ga. July 15, 2019) (excluding evidence of a party's prior arrests because a party "may not impeach . . . under Rule 609 using evidence of an arrest because that is not evidence of a conviction").

That rule disposes of numerous records here, mainly those pertaining to Danny Lynch, including his 2022 Violation of Family Violence Order, 2019

Probation Violation, 2018 Driving While License Suspended, 2021 Aggravated Stalking, 2019 Violation of Family Violence Order, 2011 Theft, and 2011 Bad Checks. It further disposes of all of Angelynn Potts's traffic court violations, and Michelle Patton's 2013 Theft charge.

Unless Defendants establish that one of these matters resulted in a qualifying conviction, Rule 609 provides no basis to put it before the jury.

**B. Rule 609 strongly disfavors permitting the use of stale convictions.**

Even a conviction faces a heightened standard once "more than 10 years have passed since the witness's conviction or release from confinement for it, whichever is later." Fed. R. Evid. 609(b). Such a conviction is admissible only if its probative value, supported by specific facts and circumstances, substantially outweighs its prejudicial effect and the proponent provides the required written notice. *Id.* This ten-year limit "creates a strong presumption against the use . . . of stale convictions." *Moore*, 76 F.4th at 1367 (quoting *United States v. Pope*, 132 F.3d 684, 687 (11th Cir. 1998)).

Danny Lynch's 2013 meth possession conviction falls outside the ten-year window. Michelle Patton's 2013 Theft and 2004 speeding charges are similarly stale. Dena Smolar's 2016 speeding conviction and 2013 Disturbing the Peace conviction are likewise stale. In fact, all of these convictions fall outside Rule

609(b)'s ten-year window. The Court should exclude them unless Defendants first satisfy Rule 609(b)'s heightened standard and provide the required notice.

### C. Lesser convictions are admissible only if they involve dishonesty or false statement.

Rule 609(a)(1) reaches only convictions for crimes punishable by more than one year of imprisonment. Fed. R. Evid. 609(a)(1). A lesser conviction is admissible only if "establishing the elements of the crime required proving—or the witness's admitting—a dishonest act or false statement." Fed. R. Evid. 609(a)(2).

That is a narrow category. The Eleventh Circuit has expressly held that "crimes such as theft, robbery, or shoplifting do not involve 'dishonesty or false statement' within the meaning of Rule 609(a)(2)." *Sellers*, 906 F.2d at 603. Likewise, burglary is not a crime involving dishonesty or false statement. *United States v. Pritchard*, 973 F.2d 905, 909 n.6 (11th Cir. 1992). Courts applying the same rule have reached the same conclusion as to battery, assault, disorderly conduct, traffic violations, and ordinary obstruction offenses. *Green v. Croft*, 347 F. Supp. 3d 1156, 1161–62 (S.D. Fla. 2018) (battery); *United States v. Meserve*, 271 F.3d 314, 328 (1st Cir. 2001) (assault and disorderly conduct); *United States v. Harvey*, 588 F.2d 1201, 1203 (8th Cir. 1978) (assault); *United States v. Jones*, 965 F.2d 1507, 1513–14 (8th Cir. 1992) (traffic violations); *Williams v. Ryals*, No. 3:21-cv-00113, 2022 WL 17820350, at *5 (D. Nev. Dec. 20, 2022) (obstructing

and resisting an officer); *cf. United States v. Jefferson*, 623 F.3d 227, 234 (5th Cir. 2010) (obstruction qualifies under Rule 609(a)(2) only where its elements or the charging documents establish an act of deceit).

None of the lesser convictions reflected in the records of any of the witnesses otherwise identified here qualify under Rule 609(a)(2). Traffic offenses do not require proof of a dishonest act or false statement and therefore cannot be used to impeach a witness under that provision.

Accordingly, the Court should exclude the arrests, charges, stale convictions, and lesser convictions identified above from impeachment under Rule 609. Should any remaining record reflect a qualifying felony conviction under Rule 609(a)(1), its admissibility and permissible scope remain subject to Rule 403.

## III. Any qualifying felony conviction remains subject to Rule 403 and should be strictly limited.

Even a qualifying felony conviction is not automatically admissible in a civil case. Rule 609(a)(1)(A) expressly subjects such convictions to Rule 403. Fed. R. Evid. 609(a)(1)(A); *Jackson v. Catanzariti*, 159 F.4th 874, 884 (11th Cir. 2025). Thus, a qualifying conviction must still be excluded "if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury," and its probative value "necessarily varies with [its] nature and number." *United States v. Burston*, 159 F.3d 1328, 1335 (11th Cir. 1998).

Here, that issue principally concerns Lynch. His record reflects several felony charges for which the available records do not clearly establish the disposition, including violation of a family violence order and aggravated stalking. Unless Defendants establish that those charges resulted in qualifying convictions, they are inadmissible under Rule 609.

Even if Defendants make that showing, the convictions have limited impeachment value. Violation of a family violence order and aggravated stalking do not bear on Lynch's character for truthfulness.

The danger of prejudice and confusion, by contrast, is substantial. These offenses are unrelated to the events at issue in this case, and inquiry into their underlying facts would invite the jury to judge Lynch based on unrelated criminal conduct while creating collateral disputes over events having nothing to do with Defendants' conduct or the trafficking of Plaintiff. Their limited impeachment value is therefore substantially outweighed by the danger of unfair prejudice, confusion of the issues, and undue delay. Fed. R. Evid. 403.

At minimum, any impeachment permitted should be strictly limited. Courts routinely impose such limitations where the nature and details of a conviction add little legitimate impeachment value. In *Croft*, the court permitted proof that a witness had felony convictions but excluded that they were for battery and

resisting with violence because those offenses were "not crimes inherently involving dishonesty, fraud, or making false statements." 347 F. Supp. 3d at 1160–61. Their impeachment value was therefore "fairly low," while the risk of jury confusion or undue prejudice was "extremely high." *Id.* Likewise, in *McCorvey v. Alabama River Cellulose, LLC*, the court permitted proof that a witness "has a felony conviction" and its date but excluded the nature of the crime. No. 1:13-cv-118, 2014 WL 5528219, at *3 (S.D. Ala. Nov. 3, 2014).

Here, however, identifying only the existence of an unspecified felony conviction risks inviting speculation about the nature of the offense. If the Court permits impeachment, the better balance is to permit only the date and offense of conviction while excluding inquiry into the underlying facts or circumstances. That limitation avoids leaving the jury to speculate about an unidentified felony while preventing collateral inquiries into unrelated criminal conduct that add little, if anything, to the jury's assessment of Lynch's credibility.

## IV. The Court should require a proffer outside the jury's presence before permitting criminal-history evidence.

Should the Court not categorically exclude the evidence addressed above, no party should be permitted to mention an arrest, charge, or conviction, or to question a witness about it without first raising the matter outside the presence of the jury.

The admissibility of these records depends on threshold questions, including whether a charge resulted in a qualifying conviction, whether Rule 609 applies, and, where applicable, whether the evidence survives Rule 403. Several of the records at issue contain unclear or incomplete disposition information. Once an inadmissible arrest, charge, or offense is disclosed to the jury, the resulting prejudice cannot readily be undone. *Palmer v. Robbins*, No. CV419-167, 2022 WL 1063607, at *3; *O'Rear v. Fruehauf Corp.*, 554 F.2d 1304, 1309 (5th Cir. 1977).

The Court should therefore direct the parties to raise any proposed criminal-history evidence outside the jury's presence before mentioning it, questioning a witness about it, or otherwise presenting it to the jury, so that the Court can determine admissibility and, if appropriate, the permissible scope of any impeachment.

## CONCLUSION

For these reasons, Plaintiff respectfully requests that the Court exclude evidence of or reference to the unrelated criminal history, convictions, arrests, charges, and police reports. To the extent the Court permits impeachment with any qualifying felony conviction, Plaintiff requests that such impeachment be limited to the date and offense of conviction, without inquiry into the underlying facts or circumstances. Plaintiff further requests that the Court direct the parties to raise

any proposed criminal-history evidence outside the presence of the jury before mentioning, questioning a witness about, or otherwise presenting such evidence at trial.

This 21st day of October, 2026.

Respectfully submitted,

**LAW & MORAN**

*/s/ Denise D. Hoying*
Peter A. Law
Georgia Bar No. 439655
E. Michael Moran
Georgia Bar No. 521602
Denise D. Hoying
Georgia Bar No. 236494
*Attorneys for Plaintiff*

563 Spring Street, NW
Atlanta, Georgia 30308
Phone: (404) 814-3700
Facsimile: (404) 842-7710
Pete@lawmoran.com
Mike@lawmoran.com
Denise@lawmoran.com

**ANDERSEN, TATE & CARR, P.C.**

*/s/ Patrick J. McDonough*
Patrick J. McDonough
Georgia Bar No. 489855
Jonathan S. Tonge
Georgia Bar No. 303999
*Attorneys for Plaintiff*

One Sugarloaf Centre
1960 Satellite Boulevard, Suite 4000
Duluth, Georgia 30097
Phone: (770) 822-0900
Facsimile: (770) 822-9680
pmcdonough@atclawfirm.com
jtonge@atclawfirm.com

## CERTIFICATE OF COMPLIANCE

This is to certify that the foregoing ***Plaintiff's Motion in Limine Regarding Criminal History*** has been prepared with one of the following font and point selections approved by the Court in L.R. 5.1. Specifically, the above-mentioned pleading was prepared using Times New Roman font of 14 point size.

Respectfully submitted,

**LAW & MORAN**

*/s/ Denise D. Hoying*
Denise D. Hoying
Georgia Bar No. 236494
*Attorney for Plaintiff*

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

| | | |
|---|---|---|
| A.H., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION FILE |
| | ) | NO. 4:24-CV-00224-WMR |
| CARSON LOOP ESM, LLC d/b/a BUDGETEL, and SRINIVAS BOLLEPALLI, | ) ) ) | |
| | ) | |
| Defendants. | ) | |

**CERTIFICATE OF SERVICE**

This is to certify that I have this day served a true and correct copy of the foregoing ***Plaintiff's Motion in Limine Regarding Criminal History*** with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to:

Phillip Friduss
Jacob O'Neal
Hall Booth Smith, P.C.
191 Peachtree Street, N.E.
Suite 2900
Atlanta, GA 30303

This 21st day of October, 2026.

**LAW & MORAN**

*/s/ Denise D. Hoying*
Denise D. Hoying
Georgia Bar No. 236494
*Attorney for Plaintiff*

563 Spring Street, NW
Atlanta, GA 30308
(404) 814-3700