**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ROME DIVISION**

| | |
|---|---|
| A.H.,<br><br>Plaintiff,<br><br>v.<br><br>CARSON LOOP ESM, LLC d/b/a BUDGETEL, and SRINIVAS BOLLEPALLI,<br><br>Defendants. | CIVIL ACTION FILE<br>NO. 4:24-cv-00224-WMR |

**DEFENDANTS' MOTIONS IN LIMINE AND MEMORANDA OF LAW IN SUPPORT**

COME NOW DEFENDANTS in the above-styled matter and submit these their Motions in Limine and Memoranda of Law in Support, respectfully showing the Court the following:

**Motion in Limine No. 1: Alleged Trafficking Incidents Involving Individuals other than Plaintiff**

Defendants move for an order excluding, from the trial of this case, testamentary and documentary evidence concerning the alleged trafficking of A.H.

at the subject Budgetel and the related criminal investigation and conviction of her alleged trafficker, Shreesh Tiwari. Similarly, Defendants move to exclude testamentary and documentary evidence concerning the alleged trafficking of individuals other than A.H. to include S.T., M.H., C.R., D.L., T.W., S.F., and B.K., and the related criminal investigation and prosecution of their alleged traffickers.

Plaintiff has included S.T., M.H., C.R., D.L., T.W., S.F., and B.K as alleged "other victims of sex and labor trafficking at the subject Budgetel" in response to Defendants' Interrogatory No. 16 to her, and in turn on her proposed witness list encompassed by "Any witness identified in the parties' discovery responses." (See Consolidated Pretrial Order. Doc. 95, p. 81). Testamentary and documentary evidence concerning these individuals and any incidents involving these individuals should be excluded because they are unrelated crimes and incidents not relevant to the present case and even if this evidence was considered to be marginally relevant, any probative value of this evidence is substantially outweighed by a danger of unfair prejudice against the Defendant, confusing the issues, and misleading the jury.

Evidence of other individuals' alleged trafficking or unrelated incidents occurring at the motel are not relevant to Plaintiff's incident, and therefore, does not have a tendency to make a fact more or less probable than it would be without the evidence, nor is it a fact of consequence in determining this case as required by Fed. R. Evid. 401. Because this evidence is not relevant, it is inadmissible pursuant to

Fed. R. Evid. 402. Plaintiff's burden in this case is to prove that the Defendant participated in an undertaking that violated the TVPRA and that the Defendant knew or should have known of that violation of the TVPRA *as to the plaintiff*. See Doe #1 v. Red Roof Inns, Inc., 21 F.4th 714, 726 (11th Cir. 2021). The Defendant's knowledge of Plaintiff's specific trafficking is the requirement - not general trafficking or trafficking of others. See Red Roof Inns, Inc., 21 F.4th at 726. In fact, this Court has emphasized this knowledge element specific to the Plaintiff is an *essential element* to be proven. See C.B. v. Naseeb Investments, Inc. d/b/a The Hilltop Inn a/k/a Econolodge, 748 F.Supp.3d 1338, 1359-1361 (N.D. Ga. Sep. 12, 2024). In C.B., this Court refused to hold that evidence of prior trafficking incidents or other commercial sex acts at the property were sufficient to prove even constructive knowledge for the fourth element of a TVPRA claim even with evidence that a prior trafficking incident had occurred with a different trafficker and victim where he "duct taped her, put sheets over her head, walked her through Defendant's common area (where there were cameras) and stuffed her in the back of his car." Id. at *40, 45. This Court instead required evidence of the defendant's "actual or constructive knowledge *as to the trafficking of the individual plaintiff*, plus some degree of acceptance or welcome of that trafficking." Id. at *46 (emphasis in original). Accordingly, evidence of alleged trafficking or other incidents involving individuals other than Plaintiff are wholly irrelevant to Plaintiff's claims in this case

as they cannot be used to prove her TVPRA claim – especially when those incidents occurred at a different time than the subject incident. There is no evidence that any incident involving S.T., M.H., C.R., D.L., T.W., S.F., and B.K. occurred during A.H.'s employment at the Budgetel, and thus, as discussed, has no relevance to Plaintiff's claims and should be excluded from the trial of this case.

Not only is this evidence irrelevant to Plaintiff's TVPRA claim, but it is also not relevant to her public nuisance claim because it does not help prove that every person who came in contact with the alleged nuisance was harmed. While Plaintiff may believe that these witnesses (S.T., M.H., C.R., D.L., T.W., S.F., and B.K) show they are harmed by the alleged nuisance, there is no evidence in this case that they were harmed by the same alleged nuisance, i.e., Tiwari, nor by the acts or omissions of the Defendants.

If this evidence was considered relevant, any probative value therein is substantially outweighed by a danger of unfair prejudice and confusing the issues for the jury and should be excluded pursuant to Fed. R. Evid. 403 because evidence of other alleged trafficking incidents involving people other than Plaintiff and during a different time period has a danger of confusing the issues for the jury. This evidence warrants exclusion because of its danger of unfair prejudice to the Defendant because it allows Plaintiff the opportunity to present allegations of other alleged

trafficking incidents or victims, which have no bearing on the essential elements of Plaintiff's claims in this case.

**Motion in Limine No. 2: Other Incidents or Crimes Occurring at Budgetel, Statistics, And News Articles**

Defendants move for an order excluding testamentary and documentary evidence of crimes or incidents at the Budgetel other than those involving Plaintiff. The documents that Plaintiff has identified as potential trial exhibits that fit into this category consist primarily of Police Reports, Crime Statistics, Criminal Investigation documents, online reviews of the hotel, and newspaper or online blog articles. (See Consolidated Pretrial Order, pp. 87-88; 90 (listing news articles).

Not one of the proffered articles, police reports, or other materials proffered by A.H. references the alleged trafficking of A.H. See Plaintiff Exhibits. (Id.). The incidents described in these reports include a variety of crimes, suspicious activities, or cleanliness complaints. Such materials should be excluded from the trial of this case. Information concerning other crimes or incidents at the Budgetel is not relevant to Plaintiff's claims. The fact that other crimes have been reported at the motel, especially incidents that have nothing whatsoever to do with Plaintiff, or which are not at all similar to the allegations that form the basis of Plaintiff's claims in this case, do not have any tendency to make a fact more or less probably as required for evidence to be considered relevant. See Fed. R. Evid. 401. Therefore, the evidence is not admissible. See Fed. R. Evid. 402. Moreover, this evidence of other crimes or

incidents involving the Defendants' premises constitutes inadmissible character evidence pursuant to Fed. R. Evid. 404(b).

Statistical data is also irrelevant and inadmissible. Fed. R. Evid. 401, 402. Statistical data without an analytic foundation is "virtually meaningless." Brown v. American Honda Motor Co., 939 F.2d 946, 952 (11th Cir. 1991). A.H. has identified no statistical expert nor provided any analytical foundation for the frequency, scope, or any other statistics of the conduct alleged in her Complaint, let alone regarding the subject premises in particular. All such statistical data should be excluded.

Furthermore, even if marginally relevant in this case, the proffered evidence should be excluded under Fed. R. Evid. 403 because its probative value is substantially outweighed by a danger of unfair prejudice, confusing the issues, and misleading the jury. See Fed. R. Evid. 403. This evidence of other incidents or crimes at the property is unfairly prejudicial and carries great risk of confusing the issues and misleading the jury. The jury could be unfairly swayed to fault Defendants simply because other crimes occurred at the motelover the years, despite being unrelated to the subject incident involving Plaintiff. It is further important to distinguish this case from a premises liability claim in which evidence of other crimes on the property could be relevant because substantially similar prior criminal activity is central to that inquiry. But, as discussed above, even substantially similar prior incidents are not relevant for a TVPRA claim. See Naseeb Investments, 748

F.Supp.3d at 1359-1361. Therefore, such evidence has no place in the trial of this matter and it should be excluded.

**Motions in Limine No. 4: Unverified Guest Reviews of the Budgetel**

Defendants move this Court for an order excluding testamentary and documentary evidence of guest reviews of the motel that were posted to various Web sites. Plaintiff has identified a number of online reviews as potential exhibits for trial. See, e.g., Doc. 95, p. 86, identifying Google reviews. Some of these reviews are undated, vague, and were either posted after the subject incident or refer to circumstances after the subject incident making the substance therein irrelevant to Plaintiff's claims in this case as discussed in detail above. See Naseeb Investments, 748 F.Supp.3d at 1359-1361.

These reviews should be excluded from trial because they are inadmissible hearsay pursuant to Fed. R. Evid. 801; not relevant under Fed. R. Evid. 401-402; constitute inadmissible character evidence under Fed. R. Evid. 404(b); and should be excluded for its danger of unfair prejudice substantially outweighing the probative value pursuant to Fed. R. Evid. 403. Evidence of complaints of hotel guests is unfairly prejudicial and carries a great risk of confusing the issues and misleading the jury. In fact, some of the reviews are essentially anonymous because the reviewer is only identified by first name and last name initial, and were not listed by Plaintiff as witnesses who may testify at trial, which is further problematic, for

"[u]nder the cloak of anonymity, people will make outrageous, offensive, and even nonsensical statements." Mathew Enter., Inc. v. Chrysler Grp. LLC, Case No. 13-cv-04236-BLF, 2016 WL11432038, at *2 (N.D. Cal. Sept. 21, 2016) (granting motion *in limine* to exclude Yelp! pages and ratings as evidence of how car dealership treated customers). Significantly, none of the reviews have anything to do with Plaintiff, or with sex trafficking. See, e.g., A.B. v. Wyndham, 532 F. Supp. 3d 1018, 1027-28 (D. Or. 2021) (rejecting use of reviews suggesting that prostitution was happening at hotels to state a TVPRA claim; reviews did not reference sex trafficking, did not date from the time period of the plaintiff's claims and did not relate to plaintiff or her trafficker).

Furthermore, Plaintiff cannot reasonably offer this evidence of unverified online reviews as statements that are not offered to prove the truth of the matter asserted (i.e., hearsay), but instead to prove notice, because there is no evidence that the Defendants viewed the specific reviews Plaintiff proffers. They should be excluded for this reason as well.

**Motion In Limine No. 3: All Records, Witnesses, And Testimony Regarding Plaintiff's Experiences At New Beginnings, As Well As Plaintiff's Own And Any Other Testimony Concerning Any Of Her Medical, Mental, Or Psychological Conditions**

A.H. seeks past, present , and future damages related to mental harm, pain , and suffering. A.H. is expected to testify that after she left the subject Budgetel, she went to a residential counseling center known as "New Beginnings." A.H. has

referenced telling care providers there, including counselor Dena Smolar, about experiencing "trauma;" and records referencing A.H. having "anxiety." (AH Dep. At 231:3-13, 238:12-17). But the sole reason for A.H.'s admission there was for server opioid and marijuana use. (Id. At 229:2-4). Moreover, the program is designed solely for substance abuse, not for alleged trafficking survivors (Id. At 231:23-25); the center did no evaluation of A.H. based on what she told them about her interactions with Shreesh Tiwari (Id. At 237:17-233:2); A.H. was not diagnosed with anxiety nor prescribed medication, as the center does not provide these services (Id. At 239:2-12); and no one at New Beginnings provided any indication or statement of A.H. having any specific mental health issues (A.H. Dep. 249:12-18). Plaintiff has not produced any evidence showing the referring individual, "Ms. Kim," nor Smolar, nor any other staff member at New Beginnings being a licensed doctor, psychologist, psychiatrist, mental health specialist, or other relevant care professional.

There is no scientific basis for A.H.'s care, assessment, or status, mental or physical, at New Beginnings; and all records and testimony concerning same are Moreover, none of the staff at New Beginnings witnessed any alleged interactions between A.H. and Tiwari or the Defendants, and therefore their testimony and records would be speculative, hearsay based on A.H.'s statements to them, lacking foundation, prejudicial in a manner outweighing their probative value, Fed. R. Evid. 801; 401-402; 702; 701. Further, any such testimony would necessarily be based on

scientific or other specialized knowledge and thus would not qualify as permissible opinion testimony by a lay witness pursuant to Federal Rule of Evidence 701. See, e.g., Dodson v. Belk, Inc., 362 F. Supp. 3d 1283, 1294 (N.D. Ga. 2018) (ruling that neither Plaintiff nor other lay witnesses should be permitted to offer medical opinion testimony regarding Plaintiff's injuries); Burdyn v. Borough, 3:12-CV-2236, 2017 WL 394326, at *1 (M.D. Pa. Jan. 26, 2017) (prohibiting lay witnesses from offering any lay or expert medical opinion with respect to diagnosis, treatment or cause of plaintiff's purported post-traumatic stress disorder). For the same reasons—that A.H. herself is a lay witness without sufficient scientific backing to any testimony or opinions about her medical status or mental health—her testimony concerning same should be excluded as well.

**Motion in Limine No. 4: Unauthenticated Photographs And All Testimony Concerning Same**

A.H. is expected to introduce and/or reference photographic evidence, including nude photographs, at trial and argue that these were taken by Tiwari or some other person in the course of her being trafficked. Moreover, A.H. has testified that Tiwari took a screen capture of footage of her from a surveillance camera; however, A.H. failed to preserve it. (A.H. Dep. At 65:5-15). As for the photographs which were part of the government's investigation and criminal file on Tiwari, A.H. testified that she does not know if any such were actually taken, never identified

herself in the photos to the agents, and does not know how the agents concluded they were of her. (A.H. Dep. At 66:6-19; 93:8-94:5).

Further, A.H. is expected to introduce and/or reference photographs of sticks, bats, firearms, and other paraphernalia on the subject premises as evidence of Tiwari threatening her and others. However, A.H. testified that Tiwari only carried a bat and a gun for protection as need in kicking people out of the Budgetel, and that Tiwari never hit her with a bat or any other object. (A.H. Dep. 68:22-69:22). All such photographs remain unauthenticated, and there is no evidence tying them to Tiwari beyond the government's speculation that they were related to the alleged trafficking because they recovered them from devices seized during the raid of the Budgetel.

All such photos, and reference thereto, are therefore irrelevant, speculative, lacking foundation or authentication, and prejudicial in a manner outweighing their probative value, Fed. R. Evid. 801; 401-402; 702; 701. All such photos and references thereto should be excluded.

**Motion In Limine No. 5: The Government's Reports And Investigation File Should Be Excluded As Inaccurate, Unreliable, And Prejudicial**

A.H. is expected to introduce and/or reference the government's investigative and criminal files concerning the raid on the Budgetel and subsequent criminal prosecution of Tiwari. However, A.H. testified that the repots contained therein are inaccurate and indeed weighted from the beginning for a presumption that improper behavior by Tiwari actually occurred. For example: she did not tell the agents on the

day of the raid about having sexual contact with Tiwari, but this was put in the report from that day; and she testified that the government agents "kept insisting" that they got calls from a third party witness that something had happened to A.H., despite her repeating to the agents that she was fine. (A.H. Dep. 85:17-86:9).

The government's reports and all references thereto are fundamentally unreliable, and therefore speculative and prejudicial in a manner outweighing their probative value, as well as constituting or being founded on hearsay. Fed. R. Evid. 801; 401-402; 702; 701. All such reports and testimonial references thereto should be excluded.

**Motion In Limine No. 6: All References To The Budgetel Being Shut Down For Health Code Violations**

The subject Budgetel was shut down in 2019 due to health code violations. (A.H. Dep. 77:1-13; Bollepalli Dep. 22:18-23). This bears no relation to A.H.'s claims in this case, and therefore all evidence of or reference to this shutdown is irrelevant and prejudicial in a manner outweighing its probative value. Fed. R. Evid. 801; 401-402; 702; 701. All such evidence and references should be excluded.

**Motion in Limine No. 7: Evidence or Argument Suggesting a Specific Amount of Damages to be Awarded**

Defendants seek an order precluding, at trial, any evidence or argument suggesting, either directly or by unit-of-time or other analogy, an amount of damages to be awarded, either in total or for a particular category or categories of damages.

During discovery, Plaintiff was presented with an interrogatory specifically asking Plaintiff to "Describe and itemize all damages from which you seek to recover from Defendants, including but not limited to, all special damages such as medical expenses, hospital expenses, child care expenses, transportation expenses, the cost of drugs or medications, as well as any other category of damage you are claiming, and, as to each category, provide a description of each loss, amount incurred or lost, date the obligation was incurred, date, method and amount of payment or loss, manner in which each amount was calculated and by whom, any write-offs or non-bills, and identify all documents related to your response." Plaintiff declined to provide any dollar amounts or specific itemizations. See Plaintiff's Responses to Defendants' First Interrogatories, No. 20. Accordingly, to allow Plaintiff to introduce specific dollar amounts and/or calculations of damages for the first time at trial would prejudice Defendants. See, e.g., Capital Inventory, Inc. v. Green, Civil Action No. 1:20-CV-3224-SEG, 2023 WL 2731897, at *1 (N.D. Ga. Jan. 9, 2023) (precluding defendant from requesting a specific dollar amount for category of damages at trial when such information was requested, but not provided, in

discovery); Fed. R. Civ. P. 37(c)(1) (stating that if a party fails to provide information as required by Rule 26(e), the party is not allowed to use that information at trial unless the failure was substantially justified or is harmless). Moreover, a plaintiff's trial strategy of suggesting a damages number to a jury, known as "anchoring," is prejudicial because it "anchors" the jury to a suggested (likely inflated) number in an attempt to move the jurors to a damages number that is higher than where they would have landed on their own. See Griffin v. Pet Sense, LLC, Case No. 4:22-cv-00014 KGB, 2024 WL 1604605, at *7 (E.D. Ark. Apr. 12, 2024) (discussing "anchoring" generally).

**Motion in Limine No. 8: "Reptile" Statements or Arguments**

In the world of trial strategy, the "Reptile" strategy refers to a plaintiff's counsel's attempts to appeal to the survival instincts of jurors by portraying a defendant's conduct as a threat to the community at large.[1] Sex trafficking, which has received significant media attention recently, but is still not well understood, is subject matter that is naturally susceptible to use of a "Reptile" strategy. However, such a strategy, by definition, is designed to appeal to the fears and other emotions of jurors, and thus, violates Fed. R. Evid. 403. See Fed. R. Evid. 403 advisory committee's note to 1972 proposed rules (discussing impropriety of trial

---

[1] The term "Reptile" in this context is derived from a 2009 book, Reptile: Manual of the Plaintiff's Revolution, by David Ball and Don Keenan.

circumstances that "induc[e] decision on a purely emotional basis"). Accordingly, Defendants seek an order prohibiting statements or arguments (including during voir dire) which characterize sex trafficking, and/or Defendant Tucker Inn's alleged acts or omissions, as a threat or danger to the community or public at large.

**Motion in Limine No. 9: Allegations of What the Hotel Should have Seen**

Defendants move this Court for an order excluding, from the trial of this case, evidence, testimony, arguments, or comments regarding "what the hotel *should have seen*" related to Plaintiff's alleged trafficking. This is a false standard that is simply not an element of a TVPRA claim. Plaintiff made a similar argument during her Response in Opposition to Defendant's Motion for Summary Judgment, and Defendant now seeks an order excluding such evidence, testimony, argument or commentary because it is misleading and would confuse the issues for the jury as a false standard under the law. See Fed. R. Evid. 403. Significantly, there has been no evidence submitted of an industry standard or other reliable source to support such a standard of what the hotel should see related to sex trafficking or other incidents occurring on the property.

**Motion in Limine No. 10: Third Party Statements in Police Reports**

Defendants move this Court for an order excluding third-party statements in police incident reports. Notwithstanding the arguments made in prior motions, above, while portions of a police report that contain facts personally observed by the

police officer are typically admissible, other information offered by others is hearsay within hearsay and does not fall under the Rule 803(8) hearsay exception. United Techs. Corp. v. Mazer, 556 F.3d 1260, 1278 (11th Cir. 2009) (citing Joseph v. Kimple, 343 F. Supp. 2d 1196, 1204 (S.D. Ga. 2004)) (finding that while police reports are admissible under the public records exception to the hearsay rule, "statements contained in police reports made by bystanders, witnesses, and other pertinent individuals are not allowed in as admissible evidence under the Federal Rules of Evidence § 805.") Accordingly, to the extent police incident reports are permitted as evidence, portions of the information in the reports, including narratives, include statements by third parties made to the police officers which contain descriptions of events that the reporting officers did not personally observe. Accordingly, such descriptions are not admissible where the reporting officer lacked personal knowledge of the event.

Additionally, third-party statements in police incident reports are unfairly prejudicial because Defendants do not have the ability to question the information or confront the witness through cross-examination. United States v. Monaco, 702 F.2d 860, 870 (11th Cir. 1983) (excluding direct testimony where the inability to cross examine a witness "created substantial danger of prejudice by depriving [the defendant] of the ability to test the truth of the witness' direct testimony") (internal citation omitted). Instead, the jury would be allowed to rely on such information and

statements on their face, which is not only unfairly prejudicial, but can also lead to confusion for the jury by inferring Defendant's knowledge or participation in trafficking based on narratives reported by someone without personal knowledge. Accordingly, because such third-party statements in police reports are hearsay that is not subject to a hearsay objection, have the ability to be misleading or confusing to the jury, and are unfairly prejudicial to Defendants, Defendants request that such statements be excluded.

**Motion in Limine No. 11: Argument, Testimony, and Evidence Regarding Defendants' Financial Condition**

Defendants seek an order from this Court to exclude argument, testimony, and evidence regarding their financial condition. The Defendants' financial condition is not relevant to the elements of Plaintiff's claims in this case, and it is, therefore, inadmissible. See Fed. R. Evid. 401-402.The same is true of the Defendants' insurance coverage and the extent thereof. Even if the Defendant's financial condition was marginally relevant, it should be excluded pursuant to Fed. R. Evid. 403 because any probative value is substantially outweighed by a danger of unfair prejudice against the Defendant and the danger of misleading the jury into considering financial matters which have no bearing on the issues in this case. In fact, evidence of a corporate defendant's financial condition is often excluded because of its prejudicial nature. See, e.g., GT Software, Inc. v. webMethods, Inc., No. 1:07-CV-0172-BBM, 2008 WL 11334115, at *3 (N.D. Ga. May 13, 2008)

(excluding evidence of financial condition because prejudicial impact substantially outweighs its probative value); Chesser v. Fifth Third Bank, N.A., Civil Action No. 5:19-081-DCR, 2020 WL 3979586, at *7 (E.D. Ky. July 14, 2020) (evidence of defendant's financial condition excluded as unfairly prejudicial "because it could be used as an emotional appeal to the jury to find against a defendant who can afford to pay large damages to an individual plaintiff."); St. Cyr v. Flying J Inc., No. 3:06-cv-13-J-33TEM, 2007 WL 2696791, at *2 (M.D. Fla. Sept. 12, 2007) (granting motion in limine as to defendant's financial condition in view of "pre-existing prejudice against corporations.") If a jury were to improperly draw conclusions from the evidence as to the Defendants' financial ability to pay a judgment, that may unfairly influence the jury in its deliberations as to both liability and damages.

**Motion In Limine No. 12: References To Verdicts In Other Cases**

The Defendants ask the Court to enter an Order prohibiting all reference to or documentation of verdicts in matters other than this one. Such reference to past verdicts in separate cases involving different parties, facts, and circumstances do not disprove any material fact in the current case, and are therefore irrelevant. Fed. R. Civ. P. 401, 402. Moreover, the danger that a jury will blindly adopt the outcome of a prior verdict—or assume liability/guilt by association—substantially outweighs any minimal probative value. Fed R. Evid. 403. And, information about other, prior verdicts are hearsay, as they are out-of-court statements by a different

finder of fact offered to prove the truth of the matter asserted—that is, that Plaintiff here is entitled to that amount, and the underlying conduct occurred; and they lack foundation. Fed. R. Evid. 802All such evidence and references should be excluded.

**Motion In Limine No. 13: References To Prior Settlement Discussions**

Any reference to prior settlement discussions between the parties is irrelevant, since they do not serve to prove or disprove any material fact in the current case; and moreover, would be highly prejudicial and improperly offered to show the character of the Defendants. Fed. R. Civ. P. 408, 401, 402, 403. All such references and evidence should be excluded.

## CONCLUSION

Wherefore, for the reasons shown herein, the Defendants respectfully request that the Court GRANT its Motions in Limine and enter an Order excluding the testamentary and documentary evidence, arguments, and comments as requested herein.

Respectfully submitted this 21st day of October, 2026.

**HALL BOOTH SMITH, P.C.**

*/s/ Jacob Stalvey O'Neal*
PHILLIP E. FRIDUSS
Georgia Bar No. 277220
JACOB STALVEY O'NEAL
Georgia Bar No. 877316

*Counsel for Defendants*

191 Peachtree Street, N.E.
Suite 2900
Atlanta, GA 30303-1775
Tel: 404-954-5000
Fax: 404-954-5020
Email: pfriduss@hallboothsmith.com
Email: joneal@hallboothsmith.com

## CERTIFICATE OF TYPE SIZE AND STYLE

The undersigned hereby certifies that the foregoing was prepared in Times New Roman 14-point font and complies with the page limitations of this Court's Local Rules.

Respectfully submitted this 21st day of October, 2026.

**HALL BOOTH SMITH, P.C.**

*/s/ Jacob Stalvey O'Neal*
PHILLIP E. FRIDUSS
Georgia Bar No. 277220
JACOB STALVEY O'NEAL
Georgia Bar No. 877316

*Counsel for Defendants*

191 Peachtree Street, N.E.
Suite 2900
Atlanta, GA 30303-1775
Tel: 404-954-5000
Fax: 404-954-5020
Email: pfriduss@hallboothsmith.com
Email: joneal@hallboothsmith.com

**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ROME DIVISION**

| | |
|---|---|
| A.H.,<br><br>Plaintiff,<br><br>v.<br><br>CARSON LOOP ESM, LLC D/B/A BUDGETEL, and SRINIVAS BOLLEPALLI,<br><br>Defendants. | CIVIL ACTION FILE<br>NO. 4:24-cv-00224-WMR |

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served the following counsel of record in this case with a true and correct copy of the foregoing **Defendants' Motions in Limine** upon all parties to this matter by depositing a true copy of same in the U.S. Mail, proper postage prepaid, addressed to counsel of record as follows and/or filing said document with the CM/ECF system which will automatically send electronic notification to the following:

Peter A. Law, Esq.
E. Michael Moran, Esq.
Denise D. Hoying, Esq.
Law & Moran
563 Spring Street, N.W.
Atlanta, GA 30308
*pete@lawmoran.com*
*mike@lawmoran.com*
*denise@lawmoran.com*

Patrick J. McDonough, Esq.
Jonathan S. Tonge, Esq.
Andersen, Tate & Carr, P.C.
One Sugarloaf Centre
1960 Satellite Boulevard
Suite 400
Duluth, GA 30097
*pmcdonough@atclawfirm.com*
*jtonge@atclawfirm.com*

Michael C. Kendall, II
Kendall Legal, LLC
3152 Golf Ridge Drive
Suite 201
Douglasville, GA 30135
*michael@kendall-legal.com*

Respectfully submitted this 21st day of October, 2026.

**HALL BOOTH SMITH, P.C.**

*/s/ Jacob Stalvey O'Neal*
PHILLIP E. FRIDUSS
Georgia Bar No. 277220
JACOB STALVEY O'NEAL
Georgia Bar No. 877316

*Counsel for Defendants*

191 Peachtree Street, N.E.
Suite 2900
Atlanta, GA 30303-1775
Tel: 404-954-5000
Fax: 404-954-5020
Email: pfriduss@hallboothsmith.com
Email: joneal@hallboothsmith.com