**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ROME DIVISION**

A.H.,

Plaintiff,

v.

CARSON LOOP ESM, LLC d/b/a BUDGETEL, and SRINIVAS BOLLEPALLI,

Defendants.

CIVIL ACTION FILE
NO. 4:24-cv-00224-WMR

**DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE ON JOINT AND SEVERAL LIABILITY AND PUNITIVE DAMAGES**

COME NOW DEFENDANTS in the above-styled matter and submit hits its response in opposition to Plaintiff's Motion in Limine (Doc. 99), in support of which they rely upon all facts and pleadings of record, respectfully showing the following:

## I. Joint and Several Liability

AH herself acknowledges that "the TVPRA… says nothing about joint-and-several liability or punitive damages." (Doc. 99, p. 3). Nevertheless, she asks the Court to rule that TVPRA liability is joint and several. (Id., p. 4). And despite admitting that the TVPRA is silent on the subject, while acknowledging that there is a separate question of joint and several liability for her State law claims, she then argues that to confront the issue on both her federal and State law claims would constitute the jury being "bombarded with evidence about the potential liability of other persons or entities." (Id., p. 4). But if joint-and-several liability is not available, then the volume of evidence or commonality of issues across federal and State law on such liability is irrelevant, and such evidence must be heard.

AH argues that joint-and-several liability is available under the TVPRA for three reasons:

(1) Statutory construction, to the effect that Congress allowed for apportionment in the TVPRA's restitution statute, but did not mention it when adding beneficiary claims in § 1595; and citing to a recent order elsewhere barring apportionment argument at trial. (Doc. 99, pp. 5-7);

(2) The common law of torts allows for joint-and-several liability (Doc. 99, pp. 7-9); *and*

(3) Joint-and-several liability exists under other federal causes of action, such as 42 U.S.C. § 1983, the Fair Housing Act, and federal trade commission and consumer fraud legislation; and recent orders in this Court have held that liability under the TVPRA is joint-and-several. (Id., pp. 9-11).

The Defendants respectfully show that this Court should not read joint-and-several liability into the TVPRA, including into its beneficiary claims provision, where Congress offered no such intent. the statute provides that a victim may bring a cause of action against "the perpetrator... and may recover damages and reasonable attorneys fees" or the victim may bring a claim against "whoever knowingly benefits....and may recover damages and reasonable attorneys fees." 18 U.S.C. § 1595(a). The perpetrator and one who knowingly benefits are not jointly liable. The perpetrator who commits a violation of the TVPRA is separate and distinct from the one who is alleged to have knowingly benefitted. The perpetrator directly – and physically – caused the harm to the Plaintiff, while culpability of the one who knowingly benefitted is predicated on its common undertaking with the perpetrator. Accordingly, a jury should be permitted to apportion fault as to the Defendant, whom Plaintiff claims knowingly benefitted, and the perpetrator or other tortfeasors contribution to Plaintiff's harm.

While the beneficiary claim under the TVPRA at 18 U.S.C. § 1595 is silent on joint and several liability, the restitution provision under the criminal component expressly provides for liability to be apportioned amongst the tortfeasors. See 18 U.S.C. § 1593(a); 18 U.S.C. § 3664(h) ("If the court finds that more than 1 defendant has contributed to the loss of a victim, the court may make each defendant liable for payment of the full amount of restitution or **may apportion liability among the defendants** to reflect the level of contribution to the victim's loss and economic circumstances of each defendant.") (emphasis added)). This ability to apportion liability amongst tortfeasors is illustrative. The legislators expressly offered the courts the ability to hold each defendant liable for the full amount or to apportion under the restitution provision, yet the statute is deliberately silent as to joint and several liability in a beneficiary claim. Likewise, the statute is silent on the issue of apportionment under 18 U.S.C. § 1595(a). While Plaintiff emphasizes the fact that § 1595 has been amended four times since 2003 and Congress never added anything about apportionment, it also never included anything about joint and several liability.

AH relies foundationally on Judge Calvert's decision in W.K. v. Red Roof Inns, Inc. is not binding on this court. W.K. v. Red Roof Inns, Inc., 1:20-cv-05263-VMC, 2024 WL 2892322 (N.D. Ga. June 10, 2024). Judge Calvert's ruling in W.K. centers on the theory that joint and several liability is the traditional rule for federal torts. See id. at *1. But the Restatement of Torts "has been a common reference point

for courts considering cases arising under federal common law." Bensky v. Indyke, 743 F. Supp. 3d 586, 601 (S.D.N.Y. 2024). The Second Restatement of Torts provides, in relevant part that "[d]amages for harm are to be apportioned among two or more causes where (a) there are distinct harms, or (b) there is a reasonable basis for determining the contribution of each cause to a single harm." Restatement (Second) of Torts § 433A (Am. Law Inst. 1965). Thus, when considering Congress's silence as to either joint and several liability or apportionment, this Court can look to the Restatement (Second) of Torts which permits apportionment. The situation in this matter could be considered either distinct harms due to separate distinct incidents of a third party, Tiwari, allegedly compelling AH into discrete sexual acts or instances of labor; or a single harm from her alleged sex or labor trafficking, generally. Indeed, the entirety of the harms of which AH complains accrued (assuming she proves at trial that the incidents occurred) at the hands of Tiwari, *not* by the acts of the Defendants. AH's allegations against these Defendants, instead, are not that they in fact trafficked her or caused her harm, but instead that they knowingly benefitted therefrom. (See Plaintiff's Complaint). It is right and just that the Defendants be permitted to argue to the jury that, rather than being jointly and severally liable for AH's injuries in their entirety, they share varying degrees of (non-) responsibility, including with nonparties like Tiwari.

It is further significant that joint and several liability was not the rule when Congress passed the TVPRA; rather, the consideration was state law. Indeed, the Supreme Court of the United States has held that "[c]ontroversies governed by federal law do not inevitably require resort to uniform federal rules. [internal citation omitted] It may be determined as a matter of choice of law that, although federal law should govern a given question, state law should be borrowed and applied as the federal rule for deciding the substantive legal issue at hand." California ex rel. State Lands Comm'n v. United States, 457 U.S. 273, 283, 102 S. Ct. 2432, 2438, 73 L. Ed. 2d 1, judgment entered sub nom. California ex rel State Lands Comm'n v. United States, 459 U.S. 1, 103 S. Ct. 250 (1982) (citing Board of Commissioners of Jackson County v. United States, 308 U.S. 343, 60 S.Ct. 285 (1939); Royal Indemnity Co. v. United States, 313 U.S. 289, 61 S.Ct. 995 (1941); Wilson v. Omaha Indian Tribe, 442 U.S. 653, 672, 99 S.Ct., 2529 (1979); see also Fed. Deposit. Ins. Corp. v. Ashley, 749 F.Supp. 1065, 1067 (D. Kan. 1990 (incorporating state law of comparative negligence as federal rule of decision). In this case, state law is in favor of apportionment. O.C.G.A. § 51-12-33 is Georgia's apportionment statute which provides a framework by which damages in tort actions may be apportioned amongst parties and nonparties pursuant to a determination of the factfinder's assignment of liability.

In sum, the TVPRA, federal common law, and borrowed state law support the apportionment of fault among parties and nonparties to this action, to include Tiwari,

which would limit any damages awarded against the Defendants to their relative degrees of fault. Notably, Plaintiff has not provided any case law or other authority that clearly states apportionment is *prohibited* for TVPRA claims. For all of these reasons, Plaintiff's Motion in Limine for Joint-and-Several Liability under the TVPRA (Doc. 99) should be denied.

## II. Punitive Damages and Vicarious Liability

AH's argument for punitive damages under the TVPRA is simply that other jurisdictions, and rulings by other judges in the Northern District of Georgia, have held that punitive damages are available—but now, arguing this *despite* the fact that the TVPRA is silent on the availability of punitive damages; indeed, as AH recognizes, "[p]unitive damages are not mentioned." (Doc. 199, p. 12). The same is true of vicarious liability—the TVPRA makes no provision for same, a fact which AH again admits. (Doc. 99, p. 16) ("The TVPRA says nothing about vicarious liability or agency law.").

AH cannot simultaneously argue that the reason that the TVPRA prohibits apportionment in this case is that apportionment is not expressly mentioned in the beneficiary provision; and that the TVPRA *permits* an award of punitive damages or vicarious liability, when the availability of these—like apportionment—are also not mentioned in the statute.

"It is a basic rule of construction that a statute ... should be construed to make all its parts harmonize and to give a sensible and intelligent effect to each part, as it is not presumed that the legislature intended that any part would be without meaning." Lester v. State, 368 Ga. App. 51, 53, 889 S.E.2d 159, 161 (2023). Further, "it is a basic rule of construction that a statute or constitutional provision should be construed to make all its parts harmonize and to give a sensible and intelligent effect to each part, as it is not presumed that the legislature intended that any part would be without meaning. Coles v. Bank of New York Mellon, No. 1:11-CV-2755-AT, 2012 WL 2394521, at *3 (N.D. Ga. Mar. 30, 2012) (citation and quotations omitted).

It would yield an absurd result to conclude that the TVPRA's silence on apportionment precludes apportionment; but its silence on punitive damages and vicarious liability *permits* an award of punitive damages, and for vicarious liability to be viable. The text of the TVPRA does not provide for punitive damages, and therefore Plaintiff's motion in limine asking the Court to hold that punitive damages are available in this case should be denied.

**CONCLUSION**

For the reasons shown herein, the Defendants respectfully request that the Court DENY Plaintiff's Motion in Limine (Doc. 99) in its entirety.

Respectfully submitted this 28th day of October, 2026.

**HALL BOOTH SMITH, P.C.**

*/s/ Jacob Stalvey O'Neal*
PHILLIP E. FRIDUSS
Georgia Bar No. 277220
JACOB STALVEY O'NEAL
Georgia Bar No. 877316

*Counsel for Defendants*

191 Peachtree Street, N.E.
Suite 2900
Atlanta, GA 30303-1775
Tel: 404-954-5000
Fax: 404-954-5020
Email: pfriduss@hallboothsmith.com
Email: joneal@hallboothsmith.com

**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ROME DIVISION**

| | |
|---|---|
| A.H.,<br><br>Plaintiff,<br><br>v.<br><br>CARSON LOOP ESM, LLC D/B/A BUDGETEL, and SRINIVAS BOLLEPALLI,<br><br>Defendants. | CIVIL ACTION FILE<br>NO. 4:24-cv-00224-WMR |

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served the following counsel of record in this case with a true and correct copy of the foregoing **Defendants' Response in Opposition to Plaintiff's Motion in Limine (Doc. 99)** upon all parties to this matter by depositing a true copy of same in the U.S. Mail, proper postage prepaid, addressed to counsel of record as follows and/or filing said document with the CM/ECF system which will automatically send electronic notification to the following:

Peter A. Law, Esq.
E. Michael Moran, Esq.
Denise D. Hoying, Esq.
Law & Moran
563 Spring Street, N.W.
Atlanta, GA 30308
*pete@lawmoran.com*
*mike@lawmoran.com*
*denise@lawmoran.com*

Patrick J. McDonough, Esq.
Jonathan S. Tonge, Esq.
Andersen, Tate & Carr, P.C.
One Sugarloaf Centre
1960 Satellite Boulevard
Suite 400
Duluth, GA 30097
*pmcdonough@atclawfirm.com*
*jtonge@atclawfirm.com*

Michael C. Kendall, II
Kendall Legal, LLC
3152 Golf Ridge Drive
Suite 201
Douglasville, GA 30135
*michael@kendall-legal.com*

Respectfully submitted this 26th day of October, 2026.

**HALL BOOTH SMITH, P.C.**

*/s/ Jacob Stalvey O'Neal*
PHILLIP E. FRIDUSS
Georgia Bar No. 277220
JACOB STALVEY O'NEAL
Georgia Bar No. 877316

*Counsel for Defendants*

191 Peachtree Street, N.E.
Suite 2900
Atlanta, GA 30303-1775
Tel: 404-954-5000
Fax: 404-954-5020
Email: pfriduss@hallboothsmith.com
Email: joneal@hallboothsmith.com