**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ROME DIVISION**

| | |
|---|---|
| A.H.,<br><br>Plaintiff,<br><br>v.<br><br>CARSON LOOP ESM, LLC d/b/a BUDGETEL, and SRINIVAS BOLLEPALLI,<br><br>Defendants. | CIVIL ACTION FILE<br>NO. 4:24-cv-00224-WMR |

**DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE ON CRIMINAL HISTORY, CONVICTIONS, AND POLICE REPORTS**

COME NOW DEFENDANTS in the above-styled matter and submit this their response in opposition to Plaintiff's Motion in Limine (Doc. 100), in support of which they rely upon all facts and pleadings of record, respectfully showing the following:

AH asks for a blanket prohibition of various criminal histories, of herself and others. The Defendants do not dispute that, to the extent presentation of such

evidence goes to an irrelevant issue or, if otherwise irrelevant, for purposes other than impeachment, such should be excluded. But to the extent that any criminal histories involve truth-telling—such as Plaintiff's 2018 matter of forgery in the fourth degree, which by its nature involves falsehood and deception—they are admissible to impeach credibility, regardless of whether the alleged crime is a felony or misdemeanor. See Fed. R. Evid. 609.

Likewise, evidence of AH's 2018 possession of drug-related objects is admissible, as she has put the issue of drug use (and why she used them) at issue in this case. AH testified that she used drugs while employed at the Budgetel, during the time she alleges she was trafficked. (See AH Dep. At 15:1-22). She alleged got them from a maintenance man at the hotel; and more to the point, she is expected to argue that drug use at the hotel should have been a contributing factor to the notice of criminal activity—and by extension, trafficking—on the premises, but the Defendants. She also testified that one of the means by which Tiwari threatened her—thereby applying coercion to her as relevant to her trafficking claim—involved Tiwari threatening her because of her drug use, as well as stealing her belongings which included drug paraphernalia. (Id. At 20:15-24). The Defendants should be permitted to show that AH had a history of procuring drugs—which was not begun by anyone employed by the Defendants—and to be able to argue that Tiwari's actions on this point constituted legitimate criticism of her drug use, rather than

simply accepting AH's theory that his knowledge of her use could only have been a means of control. This makes AH's history of drug use relevant to an ultimate issue AH must prove in her case—whether or not she was in fact trafficked as a result of the actions of Tiwari. This is not an impermissible use of evidence under Fed. R. Evid. 609; and it is relevant to the elements of AH's case, because her history of drug use has a tendency to make a fact more or less probable than it would be without the evidence (that Tiwari did in fact criticize her drug use), and it is of consequence in determining whether Tiwari's actions amounted to trafficking. Fed. R. Evid. 401.

## CONCLUSION

For the reasons shown herein, the Defendants respectfully request that the Court DENY Plaintiff's Motion in Limine (Doc. 101) to the extent opposed herein.

Respectfully submitted this 28th day of October, 2026.

**HALL BOOTH SMITH, P.C.**

*/s/ Jacob Stalvey O'Neal*
PHILLIP E. FRIDUSS
Georgia Bar No. 277220
JACOB STALVEY O'NEAL
Georgia Bar No. 877316

*Counsel for Defendants*

191 Peachtree Street, N.E.
Suite 2900
Atlanta, GA 30303-1775
Tel: 404-954-5000
Fax: 404-954-5020
Email: pfriduss@hallboothsmith.com
Email: joneal@hallboothsmith.com

**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ROME DIVISION**

| | |
|---|---|
| A.H.,<br><br>Plaintiff,<br><br>v.<br><br>CARSON LOOP ESM, LLC D/B/A BUDGETEL, and SRINIVAS BOLLEPALLI,<br><br>Defendants. | CIVIL ACTION FILE<br>NO. 4:24-cv-00224-WMR |

**CERTIFICATE OF SERVICE**

I hereby certify that I have this day served the following counsel of record in this case with a true and correct copy of the foregoing **Defendants' Response in Opposition to Plaintiff's Motion in Limine (Doc. 100)** upon all parties to this matter by depositing a true copy of same in the U.S. Mail, proper postage prepaid, addressed to counsel of record as follows and/or filing said document with the CM/ECF system which will automatically send electronic notification to the following:

Peter A. Law, Esq.
E. Michael Moran, Esq.
Denise D. Hoying, Esq.
Law & Moran
563 Spring Street, N.W.
Atlanta, GA 30308
*pete@lawmoran.com*
*mike@lawmoran.com*
*denise@lawmoran.com*

Patrick J. McDonough, Esq.
Jonathan S. Tonge, Esq.
Andersen, Tate & Carr, P.C.
One Sugarloaf Centre
1960 Satellite Boulevard
Suite 400
Duluth, GA 30097
*pmcdonough@atclawfirm.com*
*jtonge@atclawfirm.com*

Michael C. Kendall, II
Kendall Legal, LLC
3152 Golf Ridge Drive
Suite 201
Douglasville, GA 30135
*michael@kendall-legal.com*

Respectfully submitted this 26th day of October, 2026.

**HALL BOOTH SMITH, P.C.**

*/s/ Jacob Stalvey O'Neal*
PHILLIP E. FRIDUSS
Georgia Bar No. 277220
JACOB STALVEY O'NEAL
Georgia Bar No. 877316

*Counsel for Defendants*

191 Peachtree Street, N.E.
Suite 2900
Atlanta, GA 30303-1775
Tel: 404-954-5000
Fax: 404-954-5020
Email: pfriduss@hallboothsmith.com
Email: joneal@hallboothsmith.com