**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ROME DIVISION**

| | |
|---|---|
| A.H.,<br><br>Plaintiff,<br><br>v.<br><br>CARSON LOOP ESM, LLC d/b/a BUDGETEL, and SRINIVAS BOLLEPALLI,<br><br>Defendants. | CIVIL ACTION FILE<br>NO. 4:24-cv-00224-WMR |

**DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE ON THE GEORGIA APPORTIONMENT STATUTE**

COME NOW DEFENDANTS in the above-styled matter and submit this their response in opposition to Plaintiff's Motion in Limine concerning Georgia's apportionment statute (Doc. 101), in support of which they rely upon all facts and pleadings of record, respectfully showing the following:

AH has expressly made Georgia law claims in this case, distinct from her federal TVPRA claims, for (1) negligent failure to warn/ keep premises safe; (2)

creating and maintaining a nuisance; and (3) failure to comply with posting Georgia's human trafficking hotline notice. (See generally Complaint). Despite making such State law claims, she asserts that Georgia's apportionment statute is entirely inapplicable—not only as to her federal claims, but her Georgia claims as well. Specifically, AH argues:

1) The Supremacy Clause bars apportionment, because allowing apportionment on State law claims conflicts with (as presumed by AH) joint and several liability available under the TVPRA (Doc. 101, pp. 3-5);
2) Georgia's apportionment statute does not apply because AH did not sue "more than one person" under the statute then in force, when her cause of action accrued, since Georgia law excludes LLC's (such as Carson Loop) from the definition of "person" (Id., pp. 5-7) and, in the absence of precedent clearly deciding whether an LLC is a "person," Georgia rules for statutory construction and the history of usage of "persons" elsewhere suggest it is not. (Id., pp. 7-18); *and*
3) Application of Georgia's apportionment statute to AH's Georgia claims would be unconstitutional, because her vested rights accrued in 2020 and 2021, to which the new version of the statute cannot retroactively apply; and as analogized to the non-retroactive application of Georgia's offer-of-settlement statute, collateral benefits evidence, and precedent concerning

prior repeal of certain of Georgia's family and domestic relations statutes. (Id., pp. 18-25).

## I. The Supremacy Clause Does Not Preclude Apportionment As To The Georgia Law Claims

Regardless of whether or not the TVPRA permits apportionment (which Defendants assert that it does), AH's Georgia law claims are entirely separate, with different elements to be proven and different levels of required subjective culpability on the part of the Defendants. And Georgia law of apportionment applies to the Georgia claims. The fact that those claims allegedly arise from the same corpus of circumstances in the same location does not mean that they constitute the same discrete injury as a matter of law, such that the Georgia causes of action are subsumed into the federal ones; they are fundamentally independent. Contrast, e.g., Bridges v. Poe, 155 F.4th 1302 (11th Cir. 2025) (reciting that a defendant must directly benefit from underlying trafficking, and knowingly do so, to be held liable under the TVPRA's beneficiary statute), with Sumitomo Corp. of America v. Deal, 256 Ga.App. 703, 569 S.E.2d 608 (2002) (holding that, to be liable for nuisance, the tortfeasor must be either the cause or a concurrent cause of the creation, continuance, or maintenance of the nuisance, without any reference to a requirement that a defendant "knowingly benefit from" the nuisance in question).

The jury here *could* find, for example, that the Defendants did not knowingly benefit from AH's alleged trafficking, and thereby find for the Defendants on all available federal claims. This would then leave the State law claims, for which the requisite elements are different from the "knowingly benefit" analysis of the TVPRA. In other words: the same jury is addressing both State and federal claims, and therefore the same jury must consider apportionment on the State law claims *independently* from the federal claims, since that one jury could well find for the AH only on the State law claims. And the remedy for any potential conflation or confusion (if apportionment is not available under the TVPRA) is simply a jury instruction on the applicable law—that is, that they must consider apportionment only on the Georgia law claims. AH's motion should be denied.

## II. The Apportionment Statute Provides A Remedial Right Whose Application Here Is Not Unconstitutional

While the apportionment statute expressly provides the procedure for apportioning an award of damages and assessing percentages of liability, it does not alter the underlying tort and does not take away any vested right. Accordingly, this statute "which changes or affects the remedy merely, and does not destroy or impair vested rights, is not unconstitutional, though it be retrospective." Pritchard v. Savannah St. & R. R. R. Co., 87 Ga. 294, 13 S.E. 493, 495 (1891) (although the

rights of parties may be incidentally affected by changing the remedy, the statute is not unconstitutional); see also Harris v. Murray, 233 Ga. App. 661, 662, 504 S.E.2d 736 (1998); Devore v. Liberty Mut. Ins. Co., 257 Ga. App. 7, 8, 570 S.E.2d 87 (2002).

O.C.G.A. § 51-12-33 does not provide for a separate right of action. Instead, it affects only how damages are apportioned and does not affect the Plaintiff's underlying claim(s). Thus, the apportionment statute is distinct from the right of contribution, which is a substantive right, because contribution permits a claim against another party and has "the nature of an independent suit." See Register v. Stone's Independent Oil Distributors, Inc., 227 Ga. 123, 126, 179 S.E.2d 68 (1971); See also Dist. Owners Ass'n, Inc. v. AMEC Env't & Infrastructure, Inc., 322 Ga. App. 713, 717, 747 S.E.2d 10, 14 (2013) ("But if the General Assembly had intended to create such a cause of action when it enacted the statute [for apportionment] it would have said so."). According to O.C.G.A. § 1-3-5, "[l]aws looking only to the remedy or mode of trial may apply to contracts, rights, and offenses entered into, accrued, or committed prior to their passage." O.C.G.A. § 1-3-5 (emphasis added). It is well-settled that remedial statutes may be applied retroactively because they are exempt from Georgia's Constitutional provision of Article I, Section 1, Paragraph 10 prohibiting retroactive laws. Ferrero v.

Associated Materials Inc., 923 F.2d 1441, 1447 (11th Cir. 1991); see also State Hwy. Dep't v. Bass, 197 Ga. 356, 29 S.E.2d 161 (1944).

The apportionment statute is considered remedial because it confirms a Plaintiff's right have a jury consider the fault of all persons liable for her harm and adds to the means of securing or enforcing the same because it permits an award of damages according to that assessment of liability. See Glover v. Colbert, 210 Ga. App. 666, 668, 437 S.E.2d 363 (1993) ("laws which affect the remedy only are remedial statutes, which are laws curing defects in the remedy, or confirming rights already existing, or adding to the means of securing and enforcing the same." (internal citations omitted)). Likewise, it confirms the Defendants' right to apportion any award of damages against them in accordance with the determination of their liability.

AH argues that applying Georgia's apportionment statute would "deprive [her] of her right to recover completely from a single defendant(.)" (Doc. 101, pp. 21-22). But that is not the case. Her right to file a TVPRA action is not affected, nor is her right to a cause of action for public nuisance. She is still permitted to seek damages against the Defendant – and other responsible parties – who are liable for her harm, and even with apportionment of damages a jury could still find the Defendant was "completely" at fault. Notably, this argument further confirms that the only effect is to the remedy, rather than a substantive right.

Additionally, AH does not explain her assertion that "[n]o party can have both apportionment *and* joint and several liability of a single injury" or that "it is physically impossible to apply both federal joint and several liability and any state apportionment statute." (Doc. 101, p. 3). In fact, this Court recently permitted exactly that W.K. v. Red Roof Inns, Inc. – joint and several liability for a TVPRA claim and Georgia's apportionment of damages for a negligence claim holding that "varying liability standards are unavoidable" in a multi-claim case where the Plaintiff asserts different theories of recovery. W.K., No. 1:20-CV-05263-VMC, 2024 WL 2892322, at *4 (N.D. Ga. June 10, 2024).

Remedial statutes do not violate the constitutional prohibition against retroactive laws in the same way as procedural and evidentiary rules. The United States Constitution provides that "the Laws of the United States ... shall be the supreme Law of the Land ... any Thing in the ... Laws of any State to the Contrary notwithstanding." U.S. CONST. art. VI., cl. 2. Accordingly, federal law may preempt state law expressly or by implication through by field preemption or conflict preemption. Fresenius Med. Care Holdings, Inc. v. Tucker, 704 F.3d 935, 939–40 (11th Cir. 2013) (citing Arizona v. United States, 567 U.S. 387 132 S. Ct. 2492, 2500–01, 183 L.Ed.2d 351 (2012). As to the issue in this case on apportionment of damages, there is no field preemption because apportionment is not regulated exclusively by the federal

government. "Conflict preemption, however, arises in instances where (1) 'compliance with both federal and state regulations is a physical impossibility,' or (2) 'the challenged state law stands as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress.'" Tucker, 704 F.3d at 939; Arizona, 132 S. Ct. at 2501. Conflict preemption is inapplicable in this case as well. Plaintiff has not offered any persuasive explanation of how the apportionment statute is a physical impossibility to comply with both federal and state regulations. Similarly, there is no evidence of the apportionment statute standing as an obstacle to the accomplishment of the purposes and objectives of Congress. Plaintiff's cause of action for public nuisance is a state law claim, and thus, there is no federal statute governing a public nuisance claim or identifying its purpose. See id.; Ga. Latino Alliance for Human Rights v. Governor of Ga., 691 F.3d 1250, 1263 (11th Cir. 2012) ("this judgment [of whether the state law creates an unconstitutional obstacle to federal law] is informed by examining the federal statute as a whole and identifying its purpose and intended effects."). Any party alleging conflict preemption for the unconstitutionality of a statue must meet a "high threshold" and Plaintiff has not met this burden. Tucker, 704 F.3d at 940.

AH's argument is that her "vested rights" were vested at the latest in 2021, when she left the subject Budgetel, and therefore the new provisions of Georgia's apportionment statute enacted later that year, if applied retroactively, is

unconstitutional. But a "vested right" that is insulated from subsequent legislative changes must be a *private* one; and when, as here, a plaintiff brings a cause of action for a public nuisance-- which is a right held by the public – those rights "can be modified by the elected representatives of the People prospectively or retroactively, as they see fit." Deal v. Coleman, 294 Ga. 170, 181, 751 S.E.2d 337, 346–47 (2013) ("In light of the settled distinction in American law between public and private rights, considering that this distinction is consistent with Georgia law, and given the settled implications of the distinction with respect to the retroactive application of statutes, we conclude that "vested rights" must be private rights, and public rights— those rights that belong to the People in common—can be modified by the elected representatives of the People prospectively or retroactively, as they see fit."). Therefore, the amendment to the apportionment statute in effect at the time of AH filing her causes of action (in 2024) is not unconstitutional.

In any event, although retroactive application of the apportionment statute is not unconstitutional, its application would not in fact be retroactive vis-à-vis this suit, because suit was filed after the amendment to the statute took effect. When a statutory amendment is remedial, "it should be given a retroactive effect." Barnes v. City of Atlanta Police Dept., 219 Ga. App. 139, 141, 464 S.E.2d 609 (1995). The State Constitution's prohibition against retroactive laws applies to the law which affects

or impairs substantive rights that have vested. Importantly, because a remedial statute does not affect such substantive rights, there is no danger in applying it retroactively. However, here, the apportionment of damages need not be applied retroactively because the construction of the apportionment statute specifically provides an effective date of May 13, 2022, some two years before AH filed her suit. As such, Plaintiff's rights were not affected by this amendment of the statute. The amended statute provides an effective date of May 13, 2022 and the House Bill 961 providing this amendment specifically indicated its prospective application: "This Act shall apply to all cases filed after the effective date of this Act." GA LEGIS 876 (2022), 2022 Georgia Laws Act 876 (H.B. 961). O.C.G.A. § 1-3-4(a) specifically permits the legislature to specify the effective date of an act. (Acts typically go into effect on the first day of January or July "[u]nless a different effective date is specified in an Act...").

Further, what matters in determining which version of the statute applies is when the trial takes place. In AU Medical Center, Inc. v. Dale, the Georgia Court of Appeals considered in a matter of first impression "whether the term 'brought' as used in the former version of OCGA 51-12-33(b), refers to the number of named defendants when a case is initiated *or* to the number of named defendants remaining in the case at the time of trial." AU Med. Ctr., Inc. v. Dale, 373 Ga. App. 521, 530,

908 S.E.2d 790, 797 (2024), cert. denied (May 6, 2025). In considering the issue, the Court emphasized that the statutory text is given its ordinary and plain meaning to be read in the most natural way and because the phrase "brought" is a present tense form verb, "the plain language of the statute confirms that it applies only to actions that involve more than one named defendant at trial." Id. at 531. Although AU Medical Center, Inc. was decided under the prior version of the apportionment statute, the court's analysis of the statutory language is instructive as to when the right to apportionment is intended to be applied, which is at the time of trial. Therefore, AH's argument that the right to apportion did not exist at the time her cause of action accrued is incorrect; Georgia law applies the apportionment statute at the time of trial.

### III. If An LLC Is Not A "Person" For Purposes Of Apportionment, Then This Is A Single-Defendant Case For Apportionment Purposes; And Apportionment Was Available In Single-Defendant Cases Until August 2021, After AH's Alleged Injuries Were Complete

Assuming *arguendo* that AH is correct and her cause of action for accrued at the latest in the Spring of 2021, apportionment would still be appropriate. Although the Georgia Supreme Court decided in 2021 that the previous version of O.C.G.A. §51-12-33 was improperly applied to single-defendant cases, Georgia courts had been doing just that for more than 15 years. See generally, Alston & Bird, LLP v. Hatcher Mgmt.

Holdings, LLC, 312 Ga. 350, 862 S.E.2d 295 (2021). In fact, the Georgia Supreme Court even upheld a case in which apportionment was applied to a single-defendant case in 2015 because the application of the statute was not disputed. Id. at 351, citing Zaldivar v. Prickett, 297 Ga. 589, 593 (1) n.3 (2015). Thus, it was prevailing law at the time that AH's cause of action accrued. When the Alston and Bird decision was reached, verdicts of cases decided under the previously-understood version of the statute were not vacated or modified to revisit the apportionment issue. Instead, the decision was applied to cases decided after it – specifically, cases after August 10, 2021. The Alston & Bird court included important instructive language as well – "[t]he best indicator of the General Assembly's intent is the statutory text it actually adopted...If the General Assembly intended subsection (b) to apply to cases brought against a single defendant, it could have and should have said so...the General Assembly does not enact a general intention; it enacts statutes. Statutes have words, and words have meanings." Id. at 359 (internal citations omitted). The next legislative session, the General Assembly took that language to heart and modified the language apportionment statute to address the Court's concerns and solidify its intent that apportionment does apply in single-defendant cases. Further, the General Assembly specifically indicated that the effective date of the amended statute was for all cases filed after May 13, 2022.

Apportionment was available, applied, and enforced from the effective date of the statute of February 16, 2005 until the Alston & Bird decision on August 10, 2021, which encompasses the time period during which AH claims she was harmed by the alleged public nuisance. Apportionment was also available, applied, and enforced from the effective date of the amended statute of May 13, 2022 to the present, during which time AH filed her complaint. There was only a narrow window of time – August 10, 2021 to May 12, 2022 – where apportionment was not applicable to single-defendant cases and, notably, AH does not assert that any of her claims arose during this period, nor did she take any legal action during this time period. Because apportionment was applied to single-defendant cases both at the time Plaintiff alleges her causes of action arose and at the time she filed her lawsuit, her rights were not affected in any way and apportionment in this case is proper.

## IV. Apportionment Applies Even Where A Defendant Is An LLC

LLC's are, in fact, "persons" under Georgia's law of business entities. See, e.g., O.C.G.A. § 14-11-101 (19) ("Person" means an individual, business entity, business trust, estate, trust, association, joint venture, government, governmental subdivision or agency, or any other legal or commercial entity. And as persons with the capacity to sue and be sued, damages can be apportioned against them under the apportionment statute. Georgia law has long recognized that the mere fact that a limited liability entity is a party, does not

mean it is not subject to apportionment. See, e.g., Martin v. Six Flags Over Georgia II, L.P., 301 Ga. 323, 801 S.E.2d 24 (2017) (discussing apportionment among nonparties where defendants were an LP and an LLC). Accordingly, LLC's obviously are "persons" for purposes of apportionment, and apportionment applies in this case.

## CONCLUSION

For the reasons shown herein, the Defendants respectfully request that the Court DENY Plaintiff's Motion in Limine (Doc. 101) in its entirety.

Respectfully submitted this 28th day of October, 2026.

**HALL BOOTH SMITH, P.C.**

*/s/ Jacob Stalvey O'Neal*
PHILLIP E. FRIDUSS
Georgia Bar No. 277220
JACOB STALVEY O'NEAL
Georgia Bar No. 877316

*Counsel for Defendants*

191 Peachtree Street, N.E.
Suite 2900
Atlanta, GA 30303-1775
Tel: 404-954-5000
Fax: 404-954-5020
Email: pfriduss@hallboothsmith.com
Email: joneal@hallboothsmith.com

**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ROME DIVISION**

| | |
|---|---|
| A.H.,<br><br>Plaintiff,<br><br>v.<br><br>CARSON LOOP ESM, LLC D/B/A BUDGETEL, and SRINIVAS BOLLEPALLI,<br><br>Defendants. | CIVIL ACTION FILE<br>NO. 4:24-cv-00224-WMR |

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served the following counsel of record in this case with a true and correct copy of the foregoing **Defendants' Response in Opposition to Plaintiff's Motion in Limine (Doc. 101)** upon all parties to this matter by depositing a true copy of same in the U.S. Mail, proper postage prepaid, addressed to counsel of record as follows and/or filing said document with the CM/ECF system which will automatically send electronic notification to the following:

Peter A. Law, Esq.
E. Michael Moran, Esq.
Denise D. Hoying, Esq.
Law & Moran
563 Spring Street, N.W.
Atlanta, GA 30308
*pete@lawmoran.com*
*mike@lawmoran.com*
*denise@lawmoran.com*

Patrick J. McDonough, Esq.
Jonathan S. Tonge, Esq.
Andersen, Tate & Carr, P.C.
One Sugarloaf Centre
1960 Satellite Boulevard
Suite 400
Duluth, GA 30097
*pmcdonough@atclawfirm.com*
*jtonge@atclawfirm.com*

Michael C. Kendall, II
Kendall Legal, LLC
3152 Golf Ridge Drive
Suite 201
Douglasville, GA 30135
*michael@kendall-legal.com*

Respectfully submitted this 26th day of October, 2026.

**HALL BOOTH SMITH, P.C.**

*/s/ Jacob Stalvey O'Neal*

PHILLIP E. FRIDUSS
Georgia Bar No. 277220
JACOB STALVEY O'NEAL
Georgia Bar No. 877316

*Counsel for Defendants*

191 Peachtree Street, N.E.
Suite 2900
Atlanta, GA 30303-1775
Tel: 404-954-5000
Fax: 404-954-5020
Email: pfriduss@hallboothsmith.com
Email: joneal@hallboothsmith.com