IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

| | | |
|---|---|---|
| A.H., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION FILE |
| | ) | NO. 4:24-CV-00224-WMR |
| CARSON LOOP ESM, LLC d/b/a BUDGETEL, and SRINIVAS BOLLEPALLI, | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF'S NOTICE OF CONSTITUTIONAL CHALLENGE UNDER FEDERAL RULE OF CIVIL PROCEDURE 5.1**

On October 21, 2026, Plaintiff A.H. moved in limine to determine the applicability of the Georgia apportionment statute, O.C.G.A. § 51-12-33, to her Georgia claims for negligence, public nuisance, public nuisance per se, and false imprisonment. A.H.'s claims accrued in 2020 and 2021 when she was repeatedly trafficked for sex and labor and sexually assaulted by the manager of the Budgetel that was owned by Defendants Carson Loop ESM, LLC and Srinivas Bollepalli. While her causes of action accrued then, A.H. did not sue the Defendants until September 2024.

When A.H.'s causes of action accrued, § 51-12-33(b) did not authorize a reduction in damages based on nonparty fault in an action against only one person. *See Alston & Bird, LLP v. Hatcher Mgmt. Holdings, LLC*, 862 S.E.2d 295, 299–

302 (Ga. 2021). *See also*, *Georgia Power Co. v. Sinyard*, No. A26A0973, 2026 WL 3318697, at *6 (Ga. Ct. App. Nov. 3, 2026).

During the first legislative session after *Alston & Bird*, the Georgia General Assembly amended the triggering clause in subsection (b) of the apportionment statute. As amended, subsection (b) applies "[w]here an action is brought against one or more persons for injury to person or property." 2022 Ga. Laws 802, 802, § 1. The Act stated that it "shall apply to all cases filed after the effective date," which was May 13, 2022. *Id.* at 802, § 2; 803, § 4.

In her motion in limine, A.H. challenges the constitutionality of applying the apportionment statute's May 13, 2022 amendment to her causes of action that accrued before that date. The Georgia Constitution prohibits the General Assembly from enacting retroactive laws that impair vested substantive rights. *See* Ga. Const. art. I, § I, ¶ X ("No bill of attainder, ex post facto law, retroactive law, or laws impairing the obligation of contract or making irrevocable grant of special privileges or immunities shall be passed."). Applying the amended apportionment statute to A.H.'s claims would do just that.

Federal Rule of Civil Procedure 5.1 requires parties challenging the constitutionality of a Georgia statute under the Georgia Constitution to file a notice of constitutional challenge and to serve the Georgia Attorney General with that notice and the paper raising the constitutional challenge. A.H. has done so via

overnight mail, return receipt requested, and via email. (See, Plaintiff's Notice of Service, filed October 21, 2026).

Federal law also requires the Court to certify to the Georgia Attorney General that A.H. has drawn the constitutionality of the Georgia apportionment statute into question with her motion in limine. A proposed Order doing that is attached as Exhibit 1 for the Court's consideration.

This 4th day of November, 2026.

Respectfully submitted,

**LAW & MORAN**

*/s/ Denise D. Hoying*
Peter A. Law
Georgia Bar No. 439655
E. Michael Moran
Georgia Bar No. 521602
Denise D. Hoying
Georgia Bar No. 236494
*Attorneys for Plaintiff*

563 Spring Street, NW
Atlanta, Georgia 30308
Phone: (404) 814-3700
Pete@lawmoran.com
Mike@lawmoran.com
Denise@lawmoran.com

**ANDERSEN, TATE & CARR, P.C.**

*/s/ Patrick J. McDonough*
Patrick J. McDonough
Georgia Bar No. 489855
Jonathan S. Tonge
Georgia Bar No. 303999
*Attorneys for Plaintiff*

One Sugarloaf Centre
1960 Satellite Boulevard, Suite 4000
Duluth, Georgia 30097
Phone: (770) 822-0900
pmcdonough@atclawfirm.com
jtonge@atclawfirm.com

**CERTIFICATE OF COMPLIANCE**

This is to certify that the foregoing ***Plaintiff's Notice of Constitutional Challenge Under Federal Rule of Civil Procedure 5.1*** has been prepared with one of the following font and point selections approved by the Court in L.R. 5.1. Specifically, the above-mentioned pleading was prepared using Times New Roman font of 14 point size.

Respectfully submitted,

**LAW & MORAN**

*/s/ Denise D. Hoying*
Denise D. Hoying
Georgia Bar No. 236494
Attorney for Plaintiff

## CERTIFICATE OF SERVICE

This is to certify that I served Plaintiff's Notice of Constitutional Challenge Under Federal Rule of Civil Procedure 5.1 and Plaintiff's Motion in Limine on the Inapplicability of the Georgia Apportionment Statute on the Georgia Attorney General via statutory overnight mail and email as follows:

Chris Carr
Georgia Attorney General
40 Capitol Square SW
Atlanta, GA 30334
ccarr@law.ga.gov

**LAW & MORAN**

*<u>/s/ Denise D. Hoying</u>*
Peter A. Law
Georgia Bar No. 439655
E. Michael Moran
Georgia Bar No. 521602
Denise D. Hoying
Georgia Bar No. 236494
*Attorneys for Plaintiff*

563 Spring Street, NW
Atlanta, Georgia 30308
Phone: (404) 814-3700
Pete@lawmoran.com
Mike@lawmoran.com
Denise@lawmoran.com