IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

| | | |
|---|---|---|
| A.H., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION FILE |
| | ) | NO. 4:24-CV-00224-WMR |
| CARSON LOOP ESM, LLC d/b/a | ) | |
| BUDGETEL, and SRINIVAS | ) | |
| BOLLEPALLI, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

This matter is before the Court on Plaintiff's motion in limine on the inapplicability of the Georgia apportionment statute [Doc. 101].

In this motion, Plaintiff argues (among other things) that the Georgia apportionment statute, O.C.G.A. § 51-12-33, cannot constitutionally apply to her Georgia-law claims. Plaintiff asserts that her claims for public nuisance, public nuisance per se, negligence, and false imprisonment accrued in 2020 and 2021, when she alleges that she was repeatedly trafficked for sex and labor and sexually assaulted by the manager of the Budgetel that was owned by Defendants Carson Loop ESM, LLC and Srinivas Bollepalli. Plaintiff filed this action in September 2024. [Doc. 1].

The crux of Plaintiff's constitutional argument is that the Georgia Constitution forbids retroactive laws that impair substantive vested rights. In 2020 and 2021, when a plaintiff sued only one person "for injury to person or property," O.C.G.A. § 51-12-33(b), the Georgia apportionment statute did not authorize the person sued to reduce the amount of damages owed to the plaintiff based on the jury's allocation of fault to any nonparty. *See Alston & Bird, LLP v. Hatcher Mgmt. Holdings, LLC*, 862 S.E.2d 295, 299–302 (Ga. 2021). *See also*, *Georgia Power Co. v. Sinyard*, No. A26A0973, 2026 WL 3318697, at *6 (Ga. Ct. App. Nov. 3, 2026).

During the first legislative session after *Alston & Bird*, the Georgia General Assembly amended subsection (b) so that it applies "[w]here an action is brought against one or more persons for injury to person or property." 2022 Ga. Laws 802, 802, § 1. The Act stated that it "shall apply to all cases filed after the effective date," which was May 13, 2022. *Id.* at 802, § 2; 803, § 4.

Plaintiff argues that applying the amended apportionment statute to her claims violates the Georgia Constitution's prohibition against retroactive laws. *See* Ga. Const. art. I, § I, ¶ X ("No bill of attainder, ex post facto law, retroactive law, or laws impairing the obligation of contract or making irrevocable grant of special privileges or immunities shall be passed.").

Plaintiff has filed notice that she served the Georgia Attorney General with notice of the constitutional challenge and the motion raising it. *See* Fed. R. Civ. P. 5.1(a); O.C.G.A. § 9-4-7(c). Because Plaintiff challenges the constitutionality of a Georgia statute, the Court hereby certifies to the Georgia Attorney General, under Federal Rule of Civil Procedure 5.1(b) and 28 U.S.C. § 2403(b), that the constitutionality of applying the May 13, 2022 amendment to O.C.G.A. § 51-12-33 to Plaintiff's causes of action—which accrued before the amendment's effective date but were asserted in an action filed afterward—has been drawn into question.

The Georgia Attorney General is requested to submit his position concerning this issue no later than January 4, 2026.

The Clerk is **DIRECTED** to serve the Georgia Attorney General with this Order.

**IT IS SO ORDERED**, this __ day of November, 2026.

________________________________
WILLIAM M. RAY, II
UNITED STATES DISTRICT JUDGE